FORM TO BE USED BY A PRISONER IN FILING A COMPLAINT
UNDER THE CIVIL RIGHTS ACT, 42 U.S.C. §1983

UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

SHANE K. HOPKINS
(Enter above the full name of the plaintiff in this action)

05-870

V.

Civil Action No. _____

CORRECTIONAL OFFICER J. PUSEY,
CORRECTIONAL OFFICER J. SMITH,
DEPUTY WARDEN DAVID E. PIERCE JR.
(Enter above the full name of the defendant(s) in this action
C.P.L M. MERSON,
A.C.L.U of Delaware Judith Mullen; Drewry Nash Fennell
Attorney General of Delaware M. Jane Brady

Jury Trial Demand
Class-Certification

FILED
DEC 15 2005
US DISTRICT COURT
DISTRICT OF DELAWARE

I.  Previous lawsuits

   A.  Have you begun other lawsuits in state or federal courts dealing with the same facts involved in this action or otherwise relating to your imprisonment?
       YES [ ]    NO [X]

   B.  If your answer to A is yes, describe the lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same outline).

       1.  Parties to this previous lawsuit

       Plaintiffs  N/A

       Defendants  N/A

2. Court (if federal court, name the district; if state court, name the county) N/A

3. Docket number

4. Name of judge to whom case was assigned N/A

5. Disposition (for example: Was the case dismissed? Was it appealed? Is it still pending?) N/A

6. Approximate date of filing lawsuit N/A

7. Approximate date of disposition

II.  A.  Is there a prisoner grievance procedure in this institution? Yes [✓] No [ ]

B. Did you present the facts relating to your complaint in the state prisoner grievance procedure? Yes [✓] No [ ]

C. If your answer is YES,

   1. What steps did you take? FILED GRIEVANCE ONCE I WAS RELEASED FROM ISOLATION CONFINEMENT.

   2. What was the result? RETURNED AS EXPIRED FILING PERIOD (SEE EXHIBIT "A")

D. If your answer is NO, explain why not N/A

E. If there is no prison grievance procedure in the institution, did you complain to prison authorities? Yes [ ] No [ ]

F. If your answer is YES,

   1. What steps did you take? N/A

   2. What was the result? N/A
-2-

III. Parties

(In item A below, place your name in the first blank and place your present address in the second blank. Do the same for additional plaintiffs, if any.)

A. Name of Plaintiff SHANE K. HOPKINS #253918

Address 1181 PADDOCK RD. D.C.C. S.H.U. SMYRNA DELAWARE 19977-9679

(In item B below, place the full name of the defendant in the first blank, his official position in the second blank, and his place of employment in the third blank. Use item C for the names, positions, and place of employment of any additional defendants.)

B. Defendant C/O J. PUSEY is employed as CORRECTIONAL OFFICER at D.C.C. - M.H.U - SMYRNA DELAWARE.

C. Additional Defendants C/O J. SMITH; CPL. L.M. MERSON, GRIEVANCE PERSONNEL; DEPUTY WARDEN D.E. PIERCE JR.; *A.C.L.U OF DELAWARE DIRECTOR(S) JUDITH MULLEN AND DREWRY NASH FENNELL ESQ.; **ATTORNEY GENERAL M. JANE BRADY.

IV. Statement of Claim

(State here as briefly as possible the facts of your case. Describe how each defendant is involved. Include also the names of other persons involved, dates, and places. Do not give any legal arguments or cite any cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Use as much space as you need. Attach extra sheet if necessary.)

JURISDICTION

1.) This Court has jurisdiction over Plaintiffs Federal Claims pursuant to 28 U.S.C. §§ 1331 and 1343(A)(3) And as to State Law Claims Pursuant to 28 U.S.C. §1367

CONT P(4) →

* A.C.L.U. of DELAWARE Add is: 100 W. 10th ST. Wilm. DE. Suite #309  19801

** M. JANE BRADY Add is: 820 N. FRENCH ST. 11TH FLOOR

-3-

Cont P.(4)

# Complaint

## Venue

2.) The District Court of Delaware is an appropriate venue under 28 U.S.C. § 1391(b)(2) because the substantial part of the events or omissions giving rise to the claims occured in this district.

## Parties

3.) Plaintiff; Shane K. Hopkins through-out the incidents hereinunder is an inmate at the Delaware Correctional Center Institution as an sentenced defendant serving a valid sentence order pursuant to 11 Del.C. § 3903 at the aforesaid institution.

4.) Defendant C/O J. Pusey was at all times herein employed as a Correctional Officer at the Delaware Correctional Institution and on November 26, 2004 did use excessive force upon Plaintiff Shane K. Hopkins in violation of 11 Del.C. § 468(5) and in furtherance thereof assaulted Plaintiff in violation of 11 Del.C. § 1254 by striking Plaintiff numerous times with a closed fist and ramming Plaintiffs head into a cement wall while restrained in handcuffs and did conspire to furtherance of the aforesaid with another Correctional Officer C/O J. Smith

(4)

Cont P. (5)        **Complaint**

Violation of 11 Del. C. § 512-513 And did Make direct Threats upon Plaintiff, If Plaintiff Complained to Prison Officials. All while Acting under State Laws Code of Conduct, And State Code Color of Conduct.*

5.) Defendant C/O J. Smith was at all times herein Employed as a Correctional Officer at the Delaware Correctional Institution And on November 26, 2004 did use Excessive Force upon Plaintiff Shane K. Hopkins in Violation of 11 Del C 468(5) And in Furtherance Thereof Assaulted Plaintiff in Violation of 11 Del C § 1254 by Striking Plaintiff Numerous Times With A Closed Fist And Ramming Plaintiffs head into A Cement Wall While Restrained in Handcuffs And did Conspire To Furtherance of Aforesaid with Defendant C/O J. Pusey in Violation of 11 Del. C. § 512-513 And did Make Combined directed Threats Towards Plaintiff If Plaintiff Complained to Prison Officials All While Acting under State Laws Code of Conduct And State Code, Color of Conduct.*

6.) Defendant CPL. L.M. Merson was at all Times herein Employed as a Grievance Appointment Director At The Delaware Correctional Institution And on December 20, 2004 did deny The Submissions of a Grievance

---

* 10 Del. C. § 4001 Thru 4010

(5)

Cont P. (6)    Complaint

And did Not Provide Appeal Forms To Appeal A Grievance decision in Violation of 42 U.S.C. § 1997 And did Conspire in Furtherance in An Excessive Use of Force Claim And Knowingly Made False Statements in The Course of Actions To Prevent The disclosure of A State Law Violation As Incorporated in The both Factual And Investigatory Process of The Grievance Submission And Access of Grievance Process of A Class of Persons while in Isolation Status And did in A Manner Consistant Towards Preventing disclosure of Assaults upon A Class of Inmates In The S.H.U (Secure Housing Unit) From 2001 To date in Violation of (C.R.I.P.A) 42 U.S.C. § 1997 As A Continued Pattern of Rejection(s) of Grievance(s) Submitted By Numerous Inmates in The Same Manner As Evidenced In Plaintiffs Grievance (See Exhibit "A").

7.) Defendant Deputy Warden David E. Pierce Jr. did At All Times herein Employed As A Respondeat Superior Over Plaintiff And Defendants And did on December 30, 2004 Institute An Investigation into The Allegations As Contained in Exhibit "A" And did Thereafter Attempt In Furtherance To Prevent disclosure of Advanced Claims And Requests For Criminal Charges, by The direct, Acts From 12-30-04 To Date While Employed At Delaware Correctional Institution And Acting under State Laws And Code of Conduct As Respondeat Superior.. (See Exhibit "C")

(6)

Cont P. (7)     Complaint

8.) Defendant(s) A.C.L.U of Delaware Judith Mullen Esq. And Drewry Nash Fennell at all times herein did Maintain in File No: 02-22 Numerous Allegations of a Pattern of Continued Assaults upon Plaintiff and Numerous Other Inmates at Delaware Correctional Center Institution And did knowingly Aware of Prevent, Hinder The Disclosure of on-going Criminal Conduct in Violation of 42 U.S.C§ 1997 C.R.I.P.A. Violations to the Department of Justice In Violation of Delaware Rules of Professional Conduct 8.4.(d) And Usage of File No: 02-22 Submissions for National Funding And Investigatory Process, That Allowed For on-going, Violations of Numerous Inmates, Assaults And Excessive Use of Force Incidents From 2002 to Date "Not" to be disclosed or Investigated by The State of Delaware Attorney Generals Office or The Civil Rights Division of The United States Attorney General Investigatory Process under 42 U.S.C. § 1997 C.R.I.P.A. Civil Rights Institutional Persons Act. (See Exhibit "D")

9.) Defendant Delaware Attorney General M. Jane Brady While at all times herein deny Plaintiff Access Towards State Laws Claims Against defendants And did Fail to Respond to or Institute Investigatory Process of State Law Claims Against defendant While housed at The Delaware Correctional Institution And Knowingly Aware of The Aforesaid Incident Fail to Pre-

(7)

CONT P. (8)    **Complaint**

VENT OR UPHOLD CRIMINAL CONDUCT OF STATE ACTORS WHILE AS THE ATTORNEY GENERAL OF THE STATE OF DELAWARE DURING THE AFORESAID TIME PERIODS OF 2002 TO DATE. (SEE EXHIBIT "E")

### Factual Allegations

10.) ON NOVEMBER 26, 2004 DEFENDANTS C/O'S J. PUSEY AND C/O'S J. SMITH DID ASSAULT PLAINTIFF AS CONTAINED IN PLAINTIFFS ATTACHED AFFIDAVIT AS (EXHIBIT "B") AND DID CAUSE INJURY IN THE PREFORMANCE OF DUTIES IN VIOLATION OF STATE LAW(S) AND DID MAKE DIRECT THREATS UPON PLAINTIFF AND DID CONSPIRE AGAINST PLAINTIFF TO STOP, PREVENT OR ALLOW PLAINTIFF TO REPORT THE INCIDENT IN A MANNER THAT DISPLAYS CONTINUED PATTERN OF ACTS AGAINST PLAINTIFF AND OTHER INMATES IN COMBINED EFFORT THAT WAS ILLEGALLY DONE IN VIOLATION OF STATE AND FEDERAL LAWS. ("PLAINTIFFS STATEMENT OF CLAIM IS EMBEDDED WITHIN THE AFFIDAVIT AFORESAID AND WOULD SUBMIT IT AS ALLEGATIONS OF FACTUAL CONTENT OF CLAIMS HEREIN AS STATEMENT OF FACTS")

11.) ON DECEMBER 17, 2004 PLAINTIFF SUBMITTED A GRIEVANCE BELATED FOR THE NOVEMBER 26, 2004 INCIDENT AND CONTAINED WITHIN THE GRIEVANCE THE REASONS FOR "NOT" BEING ABLE TO TIMELY FILE THE GRIEVANCE WITHIN THE 7 DAY TIME PERIODS DUE TO DENIAL OF ACCESS BY ANY INMATE(S) WHO IS ON ISOLATION(S) STATUS TO A PEN, PAPER,

Cont. P.(9)         **Complaint**

Bible, Legal Papers Grievance Forms by the direct actions of Defendant C.P.L. L.M. Merson who is aware of and is responsible for the Grievance Process at Delaware Correctional Institution from 2002 to date and knowingly aware of denial to other inmates of access to Grievance while under 15 day Isolation Status as evidenced of Plaintiffs Claims de Novo upon Exhibit "A" herein as stated therein under. ("Plaintiff's Claims are founded as incorporated and contained in Exhibit "A" content and context of Class Action Based Claims from 2002 to date.")

12.) From 2002 to date both Directors of the A.C.L.U of Delaware did prevent the disclosure of on-going Civil Rights Violations to be presented to the U.S. Department of Justice Civil Rights Division as an on-going C.R.I.P.A. Violation of both State and Federal Laws

13.) Delaware Attorney General M. Jane Brady did from July 2, 2005 to date not respond to allegations of State Law Violations and or Investigatory Process into the Assault of Plaintiff

**Civil Assault**

14.) Plaintiff realleges paragraphs 4-5.

(9)

Cont P. (10)      Complaint

15.) This is a Civil Action brought by Shane K. Hopkins for Assault, against Correctional Officers J. Pusey and J. Smith.

16.) Defendants Pusey and Smith acted in Consortum towards Verbal Threats and Physical Assault upon Plaintiff and did so while Actions Complained of were done under the Color of State Code and in Performance of Thier Statutory Duties.

17.) The Actions of Assault Reffered to in Paragraphs 4-5 was done and uttered by C/O J. Pusey and C/O J. Smith with the deliberate intent to cause bodily harm and to frighten Plaintiff by the Threat both Pusey and Smith created Reasonable and Real Apprehension of Fear and bodily harm in the Mind of the Plaintiff in that both Pusey and Smith Presented the Ability to inflict Assault upon Plaintiff and did so without Reguard for the 24 other Inmates who Witnessed the Assault upon Plaintiff.

18.) The Assault and Threats upon Plaintiff Aided and Abetted by both C/O J. Pusey and C/O J. Smith, Both Acting as Agents of the Department of Corrections were Willful, Wanton and Malicious. These Acts and Threats Caused Plaintiff Severe Mental Anguish and Emotional Distress by Putting him in a State of Fear and Apprehension, Wich in Turn had Severely detrimental Effects upon

(10)