Cont P. (11)    Complaint

his life and general well-being and impared his ability to manage his affairs or be released from S.H.U. to M.H.U. Housing* where both defendants are and where employed at the time of the incident of assault on November 26, 2004 as stated herein.

## Physical Intentional Infliction of Emotional Distress

19.) Correctional Officers J. Pusey and J. Smith reallege in paragraphs 4-5.

20.) This is a action brought by Shane K. Hopkins against C/O's Pusey and Smith for Intentional Infliction of Physical Emotional Distress.

21.) Both C/O's Pusey and Smith occupied a unique position with reguard to 11 Del Code § 468(5) and acted in an extreme and outrageous manner towards Plaintiff and C/O's Pusey and Smith conduct designed and intended to inflict severe emotional distress on Plaintiff and the Defendants where the direct and proximate cause of severe physical distress suffered by Plaintiff.

---

FN.* Plaintiff refused to move on 10-17-05 and was in a psychological moment of fear and further injury.

(11)

Cont P. (12)        Complaint

## Count I: Violation of Constitutional Rights

### Compensatory Damages

22) Defendants C/o J. Pusey and C/o J. Smith as Plaintiff incorporates herein by reference the allegations contained in paragraphs 4-5 the intentional beatings of Plaintiff by Defendants Pusey and Smith violated the right of Plaintiff as guaranteed by the Fourth, Fifth and Eighth Amendments to the United States Constitution, for which Defendant Officers are Individually Liable.

## Count II: Violation of Constitutional Rights

### Exemplary Damages

23) Defendants C/o J. Pusey and C/o J. Smith as Plaintiff incorporates herein by reference the allegations contained in paragraphs 4-5 the intentional beatings of Plaintiff by Defendants C/o Pusey and C/o Smith when Plaintiff was handcuffed, unarmed and did not pose a threat of death or grievous bodily injury to Defendants, when Defendants had no lawful authority to use non-deadly force against Plaintiff was done with actual malice toward Plaintiff and with willful and wanton indifference and deliberate disregard for the Constitutional Rights of Plaintiff.

(12)

Cont P. (13)    **Complaint**

### Count III: Violation of Statutory Civil Rights

**Compensatory Damages**

24.) Defendants c/o J. Pusey and c/o J. Smith as Plaintiff incorporates herein by reference the allegations contained in paragraphs 4-5 The intentional beatings of Plaintiff by Defendants c/o Pusey and c/o Smith when Plaintiff was unarmed and did not pose a threat of death or grievous bodily injury to Defendants or others, when Defendants had no authority to use non-deadly force against Plaintiff was done with actual malice toward Plaintiff and with wanton and willful indifference and deliberate disregard for the Statutory Civil Rights of Plaintiff.

### Count IV: Conspiracy To Violate Civil Rights

**Compensatory Damages**

25.) Defendants c/o J. Pusey and c/o J. Smith as Plaintiff incorporates herein by reference the allegations contained in paragraphs 4-5 and 10 Defendants Pusey and Smith conspired to violate Plaintiffs Statutory Civil Rights as in violation of 42 U.S.C. § 1983 and § 1997 for which Defendants Pusey and Smith are individually liable.

(13)

CONT P. (14)    COMPLAINT

## COUNT V: ASSAULT AND BATTERY

### COMPENSATORY DAMAGES

26.) Defendants c/o J. Pusey and c/o J. Smith as Plaintiff incorporates herein by reference the allegations contained in paragraphs 4-5 the beatings, verbal abuse and use of non-deadly force by Defendants c/o Pusey and c/o Smith when Defendants were not in imminent danger from Plaintiff was without justification or provocation was excessive and constitutes assault and battery for which Defendants Pusey and Smith are individually liable.

## COUNT VI: ASSAULT AND BATTERY

### EXEMPLARY DAMAGES

27.) Defendants c/o J. Pusey and c/o J. Smith as Plaintiff incorporates herein by reference the allegations contained in paragraphs 4-5 the beatings and verbal abuse of Plaintiff in a manner that was extreme, outrageous and unjustified and caused Plaintiff to suffer physical and non-deadly force against Plaintiff, was done with willful and wanton indifference to and deliberate disregard for human life and the rights of Plaintiff.

(14)

Cont P. (15)   <u>Complaint</u>

## Count VII: Intentional Infliction of Emotional Distress

### Compensatory Damages

28.) Defendants c/o J. Pusey and J. Smith as Plaintiff incorporates herein by reference the allegations contained in paragraphs 4-5 Defendants c/o Pusey and c/o Smith intentionally beat and verbally abused Plaintiff in a manner that was extreme, outrageous and unjustified and caused Plaintiff to suffer physical and emotional distress for which Defendants Pusey and Smith are individually liable.

## Count VIII: Intentional Infliction of Emotional Distress

### Exemplary Damages

29.) Defendants c/o J. Pusey and c/o J. Smith as Plaintiff incorporates herein by reference the allegations contained in paragraphs 4-5 Defendants c/o Pusey and c/o Smith intentionally beat and verbally abused Plaintiff in a manner that was extreme, outrageous and unjustified and caused Plaintiff to suffer with actual malice and wanton indifference to and deliberate disreguard for human life and the rights of Plaintiff for which Defendants Pusey and Smith are individually liable.

(15)

Cont P. (16)          Complaint

### Count IX: Respondeat Superior Liability

Compensatory Damages

30.) Plaintiff incorporates herein the allegations contained in paragraphs 6-7 and 9 Defendants C.P.L L.M. Merson, Deputy Warden D.E. Pierce Jr. and Attorney General M. Jane Brady who at all times pertinet hereto where acting within the scopes of thier employments of intentional torts of defendants C/O J. Pusey and C/O J. Smith committed within the scopes of thier employment.

### Count X: Respondeat Superior Liability

Exemplary Damages

31.) Plaintiff incorporates herein the allegations contained in paragraphs 6-7 and 9 Defendants C.P.L L.M. Merson, Deputy Warden D.E. Pierce J.R. and Attorney General M. Jane Brady through its agents as defendants C/O J. Pusey and C/O J. Smith, Expressly authorized defendants Pusey and Smith to use excessive force in that defendants had a propensity for committing intentional torts, using excessive force in the line of duty and acquiesced in the defendants conduct.

(16)

Cont P. (17)

## Complaint

### Count XI: Negligence

### Compensatory and Exemplary Damages

32.) Plaintiff incorporates herein the allagations contained in Paragraph 8 Defendants A.C.L.U. of Delaware Judith Mullen and Drewry Nash Fennell Esq. while acting as Agents in File No: 02-22 Submissions from 2002 to date in thier capacity as Attorney(s) for A.C.L.U of Delaware owed a Duty to Plaintiff to perform thier duties to report on-going incidents of C.R.I.P.A. violations to the U.S. Department of Justice Civil Rights Divisions which failure constitutes negligence for which Defendants are individually liable, as proximate result of Defendants negligent use of force to Plaintiff and other inmates in class-action based capacity the injuries have caused will continue to cause Plaintiff pain and suffering both mental and physical.

### Demand for Jury Trial

Pursuant to Rule 38 of the Federal Rules of Civil Procedure Plaintiff demands a trial by Jury.

Wherefore, Plaintiff prays this Court for:

A.) Permanently enjoin the Defendants, thier officers, agents, assistants, successors, employees and

(17)

Persons Acting in Concert or Cooperation with them from further violating the Rights, Privileges and Immunities guaranteed to the Plaintiff under the Constitution of the United States of America.

B.) Grant Compensatory Damages to Plaintiff in the Sum of $400,000.00 dollars.

C.) Grant Punitive Damages in the Sum of 2.4 Million dollars.

d.) Grant Plaintiff his Costs of this Action Including Reasonable Attorney Fees.

Dated: 12-5-05

Shane Hopkins

Shane K. Hopkins
Pro Se Plaintiff
1161 Paddock Rd.
Smyrna Delaware
19977-9679

I declare under Penalty of Perjury that the foregoing is true and correct.

Shane Hopkins
Shane K. Hopkins Pro Se