IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SHANE K. HOPKINS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. No. 05-870-SLR |
| ) | |
| CORRECTIONAL OFFICER J. PUSEY, ) | |
| CORRECTIONAL OFFICER J. SMITH, ) | |
| DEPUTY WARDEN DAVID E. PIERCE, ) | |
| JR., CPL M. MERSON, JUDITH ) | |
| MELLEN, DREWRY NASH FENNELL, ) | |
| AND ATTORNEY GENERAL OF THE ) | |
| STATE OF DELAWARE ) | |
| ) | |
| Defendants. ) | |

**OPENING BRIEF IN SUPPORT OF MOTION TO DISMISS
OF DEFENDANTS DREWRY NASH FENNELL AND JUDITH MELLEN**

                                                      YOUNG CONAWAY STARGATT &
                                                        TAYLOR, LLP
John W. Shaw (No. 3362)
The Brandywine Building, 17th Floor
1000 West Street
Wilmington, Delaware 19899-0391
(302) 571-6600
jshaw@ycst.com

Attorneys for Defendants
Drewry Nash Fennell and Judith Mellen

Dated June 5, 2006

# TABLE OF CONTENTS

Page(s)

TABLE OF AUTHORITIES .................................................................................................. ii

NATURE AND STAGE OF THE PROCEEDING.................................................................1

SUMMARY OF ARGUMENT ................................................................................................3

STATEMENT OF FACTS .......................................................................................................4

ARGUMENT.............................................................................................................................7

    I.    PLAINTIFF ALLEGES NO FACTS AND MAKES ONLY THE BALD ASSERTION THAT MS. FENNELL OR MS. MELLEN OWED ANY DUTY TO PLAINTIFF ............................................7

    II.    ASSUMING PLAINTIFF HAS ADEQUATELY ALLEGED A DUTY, PLAINTIFF'S COMPLAINT NONETHELESS FAILS TO STATE A CLAIM BECAUSE THE CONDUCT ALLEGED CANNOT AS A MATTER OF LAW RISE TO THE LEVEL OF NEGLIGENCE..................................................10

CONCLUSION.......................................................................................................................12

# TABLE OF AUTHORITIES

Page(s)

**Cases**

Capoyianis v. Riverside Hosp.,
   C.A. No. 83C-NO-115, 1985 Del. Super. LEXIS 1267 (Del. Super. Ct. Sept. 25, 1985) ........ 10

Fritz v. Yeager,
   790 A.2d 469 (Del. 2002) ............................................................................................... 8

Gen. Motors Corp. v. New A.C. Chevrolet, Inc.,
   263 F.3d 296 (3d Cir. 2001) ........................................................................................... 7

In re Rockefeller Ctr. Props. Sec. Litig.,
   184 F.3d 280 (3d Cir. 1999) ........................................................................................ 5, 7

Student Fin. Corp v. Royal Indemn. Co. (In re Student Fin. Corp.),
   C.A. No. 03-507-JJF, 2004 U.S. Dist. LEXIS 4952 (D. Del. 2004) ............................... 7

Oatway v. Am. Int'l Group, Inc.,
   C.A. No. 01-033-GMS, 2002 U.S. Dist. LEXIS 1771 (D. Del. 2002) ........................... 5

Pension Benefit Guar. Corp. v. White Consol. Indus.,
   998 F.2d 1192 (3d Cir. 1993) ...................................................................................... 5, 7

**Statutes**

42 U.S.C. § 1997 ................................................................................................................. 4, 8

**Other Authorities**

2-12 James Wm. Moore, et al., Moore's Federal Practice § 12.34[1][b]
   (Matthew Bender Co. 2005) (rel. 134-6/02 Pub. 410) ................................................... 7

Restatement (Second) of Torts § 323, ............................................................................ 10, 11

Restatement (Third) of the Law Governing Lawyers § 14 ................................................... 9

The Delaware Lawyers' Rules of Professional Conduct,
   Preamble: A lawyer's responsibilities ........................................................................... 11

## NATURE AND STAGE OF THE PROCEEDING

Plaintiff Shane K. Hopkins brought this *pro se* action against two corrections officers (Messrs. Pusey and Smith), two corrections officials (Messrs. Merson and Pierce), the Honorable M. Jane Brady, in her capacity as the Attorney General of the State of Delaware, and two private individuals, Drewry Nash Fennell and Judith Mellen.

The claims against defendants Pusey, Smith, Merson, Pierce, and Brady appear to stem from an assault allegedly committed by defendants Pusey and Smith. D.I. 2. Based on this assault, the complaint identifies 10 counts against these defendants. Id. (Counts I – X).

Defendants Fennell and Mellen are named in just one count, Count XI, which is titled "Negligence Compensatory and Exemplary Damages." Including Count XI, the complaint contains just three paragraphs with allegations relating to Ms. Fennell and Ms. Mellen; the complaint also attaches several letters to and from plaintiff and Ms. Fennell. Ms. Fennell and Ms. Mellen are the current and past Executive Directors of the Delaware American Civil Liberties Union, respectively. While not entirely clear, the complaint appears to allege that Ms. Fennell and Ms. Mellen had a duty to protect plaintiff from the assault because the Delaware ACLU had collected information from plaintiff as part of a private investigation of conditions in the Delaware prison system. Ms. Fennell is an attorney; Ms. Mellen is not.

Plaintiff submitted a completed United States Marshal Form 285 requesting waiver of service for Ms. Fennell and Ms. Mellen, D.I. 13, and the United States Marshal forwarded the waiver of service request to Ms. Fennell and Ms. Mellen. After receiving the Form 285, Ms. Fennell and Ms. Mellen waived service of process. D.I. 23, 24.

Ms. Fennell and Ms. Mellen have moved to dismiss the complaint because it fails to state a claim against them. This is Ms. Fennell's and Ms. Mellen's opening brief in support of their motion to dismiss.

## SUMMARY OF ARGUMENT

Plaintiff's complaint should be dismissed insofar as it purports to state a claim against Ms. Fennell and Ms. Mellen because:

1. The complaint fails to allege any facts sufficient to support a claim that either Ms. Fennell or Ms. Mellen had any legally cognizable duty to plaintiff; and

2. Even assuming the existence of a duty to plaintiff, the conduct (and omissions) alleged in the complaint are insufficient as a matter of law to support a claim for negligence, even when those allegations are assumed to be true.

## STATEMENT OF FACTS

Because this is a motion to dismiss the complaint, the Statement of Facts is based on plaintiff's allegations and the attachments to the complaint. To the extent this Statement of Facts includes information not found in the complaint, the information is for background and context only and should not be considered in deciding this motion.

\*    \*    \*

The complaint has just three paragraphs addressed to Ms. Fennell and Ms. Mellen:

> 8.   Defendant(s) A.C.L.U. of Delaware Judith Mullen Esq. and Drewry Nash Fennell at all times herein did maintain in File No: 02-22 numerous allegations of a pattern of continued assaults upon Plaintiff and numerous other inmates at Delaware Correctional Center Institution and did knowingly aware of prevent, hinder the disclosure of on-going criminal conduct in violation of 42 U.S.C. § 1997 C.R.I.P.A. violations to the Department of Justice in violation of Delaware Rules of Professional Conduct 8.4(d) and usage of File No: 02-22 submissions for national funding and investigatory process, that allowed for on-going, violations of numerous inmates, assaults and excessive use of force incidents from 2002 to date "not" to be disclosed or investigated by the State of Delaware Attorney Generals Office or the Civil Rights Division of the United States Attorney General Investigatory process under 42 U.S.C. § 1997 C.R.I.P.A. Civil Rights Institutional Persons Act. (see Exhibit "D")

\*    \*    \*

> 12.   From 2002 to date both directors of the A.C.L.U. of Delaware did prevent the disclosure of on-going Civil Rights Violations to be presented to the U.S. Department of Justice Civil Rights Division as an on-going C.R.I.P.A. Violation of both State and Federal Laws.

\*    \*    \*

COUNT XI:   Negligence Compensatory and Exemplary Damages

> 32.   Plaintiff incorporates herein the allagations [sic] contained in paragraph 8 Defendants A.C.L.U. of Delaware Judith Mullen and Drewry Nash Fennell Esq. while acting as agents in File No: 02-22 submissions from 2002 to date in thier [sic] capacity as attorney(s) for A.C.L.U. of Delaware owed a duty to Plaintiff to perform thier [sic] duties to report on-going incidents of C.R.I.P.A. violations to the

4

> U.S. Department of Justice Civil Rights Divisions which failure constitutes negligence for which Defendants are individually liable, as proximate result of Defendants negligent use of force to Plaintiff and other inmates in class-action based capacity the injuries have caused will continue to cause Plaintiff pain and suffering both mental and physical.

All of the acts and omissions alleged in these paragraphs appear to have occurred in the State of Delaware.

Exhibit D to the complaint attaches a series of letters from and to plaintiff. The first letter is dated June 15, 2005 and addressed to Ms. Fennell. It states that plaintiff "submitted an incident" in 2002, asked if the submission had been sent to the United States Attorney, and asked for information about what was done with this submission. The letter does not describe the assault alleged in the complaint. The submission referred to in the June 12 letter is a letter dated October 10, 2002 to an Intake Representative at the Delaware ACLU. This letter (Appendix Exhibit A)[1] describes conditions of plaintiff's confinement in the Delaware prison system, and does not ask for legal representation. After receiving this letter in 2002, the Intake Representative responded by thanking plaintiff for "assisting us in our efforts to improve the conditions at [Delaware Correction Center]" and asked

---

[1] Although not needed for decision here, the Court is permitted to review the documents referenced or incorporated into the Complaint. Such review does not convert this motion to dismiss into one for summary judgment. See In re Rockefeller Ctr. Props. Sec. Litig., 184 F.3d 280, 287 (3d Cir. 1999); Oatway v. Am. Int'l Group, Inc., C.A. No. 01-033-GMS, 2002 U.S. Dist. LEXIS 1771, at *2 (D. Del. 2002) (considering agreements referenced in complaint for purposes of motion to dismiss; granting motion). In addition, "a court may consider an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document." Pension Benefit Guar. Corp. v. White Consol. Indus., 998 F.2d 1192, 1196 (3d Cir. 1993) (in evaluating 12(b)(6) motion district court properly considered a contract upon which allegations of complaint relied.) In Pension Benefit Guar. Corp., the Third Circuit explained that the policy behind this rule is to prevent plaintiffs from surviving motions to dismiss by deliberately omitting from a complaint documents upon which their claims are based. Id. ("Otherwise a plaintiff with a legally deficient claim could survive a motion to dismiss simply by failing to attach a dispositive document on which it relied.")

5

plaintiff for permission to release plaintiff's name and submission to a reporter. (Appendix Exhibit B).

The second letter attached under Exhibit D to the complaint is dated July 2, 2005 and is again addressed to Ms. Fennell. This letter asks for Ms. Mellen's address and requests that Ms. Fennell appoint a lawyer to represent plaintiff. This letter shows four attachments. The attachments were plaintiff's June 15 letter to Ms. Fennell and a series of letters to Colm Connolly, U.S. Attorney for Delaware.[2]

The third letter attached under Exhibit D to the complaint is dated July 13, 2005. It is a response to plaintiff's July 2 letter and states that no one at the Delaware ACLU represents or had represented plaintiff.

The fourth letter attached under Exhibit D of the complaint is from plaintiff and is dated August 12, 2005. This letter describes plaintiff's June 13 and July 2 letters and demands a response to those letters. The August 12 letter further threatens to file suit if a response is not sent to plaintiff's satisfaction. This letter also does not state that either Ms. Fennell or Ms. Mellen had any obligation to any action on plaintiff's behalf.

The last letter attached under Exhibit D of the complaint is dated September 20, 2005 and is from Ms. Fennell to plaintiff. This letter again informs plaintiff that no one has agreed to represent plaintiff.

---

[2] The attachments were omitted from Exhibit D. For completeness, the July 2 letter with attachments is attached as Appendix Exhibit C.

## ARGUMENT

### Standard of Review

When a plaintiff can "prove no set of facts that would entitle him or her to relief," the complaint must be dismissed. Student Fin. Corp. v. Royal Indemn. Co. (In re Student Fin. Corp.), C.A. No. 03-507-JJF, 2004 U.S. Dist. LEXIS 4952 (D. Del. 2004) (citation omitted). The Court need not credit "conclusory allegations or legal conclusions." Gen. Motors Corp. v. New A.C. Chevrolet, Inc., 263 F.3d 296, 333 (3d Cir. 2001) (citation omitted). Moreover, the Court may consider documents explicitly relied upon in the complaint, Rockefeller Ctr. Props., 184 F.3d at 287, along with any "undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document." Pension Benefit Guar. Corp., 998 F.2d at 1196.

Finally, it is well-settled that:

> While facts must be accepted as alleged, this does not automatically extend to bald assertions, subjective characterizations, or legal conclusions. The plaintiff need not include evidentiary detail, but must allege a factual predicate concrete enough to warrant further proceedings.

2-12 James Wm. Moore, et al., Moore's Federal Practice § 12.34[1][b] at 12-61 - 12-63 (Matthew Bender Co. 2005) (rel. 134-6/02 Pub. 410) (footnote and citations omitted).

### I. PLAINTIFF ALLEGES NO FACTS AND MAKES ONLY THE BALD ASSERTION THAT MS. FENNELL OR MS. MELLEN OWED ANY DUTY TO PLAINTIFF.

The complaint identifies only a state law negligence claim against Ms. Fennell and Ms. Mellen. Under Delaware law, which applies because all facts are alleged in the complaint to have occurred in Delaware, to state a claim for negligence plaintiff must adequately allege a some duty to act:

7

> In order to be held liable in negligence, a defendant must have been under a legal obligation – a duty – to protect the plaintiff from the risk of harm which caused his injuries. . . .

Fritz v. Yeager, 790 A.2d 469, 471 (Del. 2002) (citations omitted). Whether a duty exists "is entirely a question of law, to be determined by reference to the body of statutes, rules, principles and precedents which make up the law; and it must be determined only by the court." Id. (citations omitted)

The complaint baldly asserts that Ms. Fennell and Ms. Mellen owed a duty "to report on-going incidents of C.R.I.P.A. violations to the U.S. Department of Justice Civil Rights Divisions", but alleges no facts that support this legal conclusion. In reality, the complaint fails to adequately allege any facts that establish such a duty. Moreover, the attachments to the complaint demonstrate that no duty existed.

First, the Civil Rights of Institutionalized Persons Act, codified at 42 U.S.C. § 1997 *et seq.* is a statute that gives discretionary authority of the Attorney General of the United States to bring an action "[w]henever the Attorney General has reasonable cause to believe that any State or political subdivision of a State, official, employee, or agent thereof, or other person acting on behalf of a State or political subdivision of a State is subjecting persons residing in or confined to an institution, as defined in section 1997 of this title, to egregious or flagrant conditions which deprive such persons of any rights, privileges, or immunities secured or protected by the Constitution or laws of the United States causing such persons to suffer grievous harm, and that such deprivation is pursuant to a pattern or practice of resistance to the full enjoyment of such rights, privileges, or immunities." 42 U.S.C. § 1997a(a). Nothing in the statute creates a duty for any person to report activities to the Attorney General or even contemplates private input for use by the U.S. Attorney.

Second, the complaint notes that Ms. Fennell and Ms. Mellen are attorneys, but the complaint does not allege that either Ms. Fennell or Ms. Mellen agreed to represent plaintiff, undertook any duty toward him as a client, or otherwise assumed a duty to act.

Moreover, the papers attached to the complaint under Exhibit D and as described in the Statement of Facts (which the Court may consider on this motion to dismiss, see *supra* Standard of Review), demonstrate that neither Ms. Fennell nor Ms. Mellen undertook any duty toward plaintiff as a client. For example, none of the letters attached under complaint Exhibit D state that plaintiff understood either Ms. Fennell or Ms. Mellen to be acting as plaintiff's attorney.[3] Moreover, the July 15, 2005 and the September 20, 2005 responses to plaintiff expressly state that plaintiff is not a client of any person. Plaintiff's letters do not take issue with these statements.

Under these facts, as a matter of law no attorney-client relationship can exist. See Restatement (Third) of the Law Governing Lawyers § 14 ("A relationship of client and lawyer arises when: (1) a person manifests to a lawyer the person's intent that the lawyer provide legal services for the person; and either (a) the lawyer manifests to the person consent to do so; or (b) the lawyer fails to manifest lack of consent to do so, and the lawyer knows or reasonably should know that the person reasonably relies on the lawyer to provide the services; or (2) a tribunal with power to do so appoints the lawyer to provide the services.").

---

[3]  Paragraph 8 attached the suffix "Esq." to Ms. Mellen's name, even though Ms. Mellen is not an attorney. Nevertheless, because of the standard of review, it is assumed Ms. Mellen is an attorney for purposes of this motion. Should Ms. Mellen's status as an attorney be dispositive for any reason, the Court may take judicial notice of Ms. Mellen's non-attorney status from the register of persons admitted to practice law in Delaware.

II. **ASSUMING PLAINTIFF HAS ADEQUATELY ALLEGED A DUTY, PLAINTIFF'S COMPLAINT NONETHELESS FAILS TO STATE A CLAIM BECAUSE THE CONDUCT ALLEGED CANNOT AS A MATTER OF LAW RISE TO THE LEVEL OF NEGLIGENCE.**

Assuming the Court finds some duty adequately alleged in the complaint, the complaint nonetheless fails as a matter of law. Paragraph 8 of the complaint alleges only that Ms. Fennell and Ms. Mellen maintained a file about "numerous allegations of a pattern of continued assaults upon Plaintiff and numerous other inmates at Delaware Correctional Center Institution", and paragraph 32 alleges that Ms. Fennell and Ms. Mellen failed to report what they know to the Attorney General of the United States.

These allegations sound most closely in the vein of Restatement (Second) of Torts § 323, "Negligent Performance of Undertaking to Render Services." This section of the Restatement has been adopted and utilized by the Delaware courts. Capoyianis v. Riverside Hosp., C.A. No. 83C-NO-115, 1985 Del. Super. LEXIS 1267, at *2-3 (Del. Super. Ct. Sept. 25, 1985). Under Restatement § 323, there can be liability for someone who fails to aid another person where:

> One who undertakes, gratuitously or for consideration, to render services to another which he should recognize as necessary for the protection of the other's person or things, is subject to liability to the other for physical harm resulting from his failure to exercise reasonable care to perform his undertaking, if
>
> (a) his failure to exercise such care increases the risk of such harm, or
>
> (b) the harm is suffered because of the other's reliance upon the undertaking.

This section of the Restatement sets forth the classic tort rule of the situation where, for example, liability will exist for one who undertakes to operate a lighthouse but does so negligently. In that situation, the lighthouse operator's failure to act with due care both increases the risk to third party ships and is the cause of harm due to ship captains relying on proper operation of the lighthouse. See generally Restatement § 323 comments and case examples.

10

Assuming for the moment that either Ms. Fennell and/or Ms. Mellen did "undertake . . . to render services to [plaintiff] which [s]he should recognize as necessary for the protection of the other's person or things," neither of the conditions precedent to liability in § 323 are alleged in the complaint. First, the complaint does not allege that plaintiff relied on any alleged duty to report to avoid harm or that any such reliance caused plaintiff to suffer injury. Second, plaintiff does not allege any facts to indicate the alleged failure to report increased the risk that plaintiff would be harmed.

Finally, the complaint mentions the Rules of Professional Conduct in paragraph 8, but an allegation of breach of these rules is not sufficient to establish a cause of action. See <u>The Delaware Lawyers' Rules of Professional Conduct</u>, Preamble: A lawyer's responsibilities. SCOPE [20] ("Violation of a Rule should not itself give rise to a cause of action nor should it create any presumption in such a case that a legal duty has been breached.").

## CONCLUSION

For the reasons set forth above, defendants Drewry Nash Fennell and Judith Mellen respectfully request the Court to grant their motion to dismiss.

                        YOUNG CONAWAY STARGATT & TAYLOR, LLP

/s/ *John W. Shaw*
John W. Shaw (No. 3362)
The Brandywine Building, 17th Floor
1000 West Street
Wilmington, Delaware 19899-0391
(302) 571-6600
jshaw@ycst.com

Attorneys for Defendants
Drewry Nash Fennell and Judith Mellen

Dated: June 5, 2006

## CERTIFICATE OF SERVICE

I, John W. Shaw, Esquire, hereby certify that on June 5, 2006, I caused copies of the foregoing document to be served upon the following in the manner indicated:

**BY FIRST CLASS U.S. MAIL**

Shane K. Hopkins
SBI #00253918, 17-A-L-4
Delaware Correctional Center
1181 Paddock Road
Smyrna, DE 19977

**BY HAND**

Lisa Ann Barchi, Esquire
Department of Justice
Carvel State Office Building
820 North French Street
Wilmington, DE 19801

I, further certify that on June 5, 2006, a true and correct copy of the foregoing document was electronically filed with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

Lisa Ann Barchi, Esquire
Department of Justice
Carvel State Office Building
820 North French Street
Wilmington, DE 19801

YOUNG CONAWAY STARGATT & TAYLOR, LLP

/S/ *John W. Shaw*
John W. Shaw (No. 3362)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801
(302) 571-6600
jshaw@ycst.com