IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SHANE K. HOPKINS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 05-870-SLR |
| | ) |
| JOHN PUSEY, JOSEPH SMITH, | ) |
| DAVID PIERCE, LISE MERSON, | ) |
| JUDITH MULLEN, DREWRY FENNELL, | ) |
| M. JANE BRADY | ) |
| | ) |
| Defendants. | ) |

**DEFENDANTS PIERCE, MERSON AND THE DELAWARE ATTORNEY GENERAL'S REVISED MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THEIR MOTION TO DISMISS**

**STATEMENT OF FACTS**

Shane Hopkins ("Plaintiff") is an inmate incarcerated at the Delaware Correctional Center ("DCC") in Smyrna, Delaware. On December 15, 2005 Plaintiff filed this lawsuit in the United States District Court for the District of Delaware. (D.I. 2). It appears that Plaintiff is alleging an Eighth Amendment violation and various state tort claims. The claims stem from Plaintiff's claim that he was assaulted by defendants John Pusey and Joseph Smith, correctional officers at DCC. (Complaint at p. 4-5). Plaintiff alleges that defendants Pierce, Merson and the Delaware Attorney General acted in a supervisory role and that their liability can be found in the theory of *respondeat superior*. (Complaint at p. 16).

**MEMORANDUM OF LAW**

Defendant submits that accepting the allegations in the complaint as true and drawing all reasonable factual inferences in favor of the Plaintiff, the complaint fails to state a claim against Defendants Pierce, Merson and the Delaware Attorney General. Accordingly, Defendants are

entitled to dismissal with prejudice.

I. **DEFENDANTS ARE ENTITLED TO DISMISSAL BECAUSE THE PLAINTIFF'S COMPLAINT FAILS TO STATE A CLIAM UPON WHICH RELIEF CAN BE GRANTED.**

Pursuant to Federal Rule of Civil Procedure 12(b)(6), the court may, upon a party's motion, dismiss an action for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). When reviewing a Rule 12(b)(6) motion, the court must accept as true all factual allegations contained in the complaint as well as all reasonable inferences that may be drawn from those allegations, and view them in the light most favorable to the nonmoving party. *See Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts, Inc.*, 140 F.3d 478, 483 (3d Cir. 1998). "A complaint should be dismissed only if, after accepting as true all of the facts alleged in the complaint, and drawing all reasonable inferences in the plaintiff's favor, no relief could be granted under any set of facts consistent with the allegations of the complaint." *Id.*

There are three bases supporting Defendants' argument that no relief can be granted to Plaintiff, and that the Defendants are entitled to judgment as a matter of law. First, the Eleventh Amendment immunizes Defendants from suit in their official capacity and deprives the District Court of subject matter jurisdiction over Plaintiff's claim. Secondly, the complaint fails to allege any personal involvement by Defendants in the issues raised in Plaintiff's complaint. Thirdly, the Plaintiff bases the liability of Defendants on the theory of *respondeat superior* in contradiction to longstanding jurisprudence regarding supervisory liability under 42 *U.S.C.* § 1983.

II. **PLAINTIFF'S COMPLAINT IMPROPERLY PREDICATES DEFENDANTS' ALLEGED 42 U.S. C. § 1983 LIABILITY ON THE THEORY OF *RESPONDEAT SUPERIOR*.**

It appears that Plaintiff, in his complaint, attempts to hold Defendants Pierce, Merson and

the Delaware Attorney General liable based upon their supervisory positions (Complaint, at p. 16). In a complaint filed pursuant to 42 *U.S.C.* § 1983, a supervisory official cannot be held liable under the theory of *respondeat superior*. *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). ("A defendant in a civil rights action must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of *respondeat superior*.") The Third Circuit has clearly set forth the standard for establishing liability for supervisory officials. *See Sample v. Diecks*, 885 F.2d 1099 (3d Cir. 1989). The Court in *Sample* employed the Supreme Court's framework for establishing liability of municipal entities, establishing a similar test for establishing liability of supervisory personnel. *Id.* at 1116-1118; *See also City of Canton v. Harris*, 489 U.S. 378, 388 (1989), *Wilson v. Seiter*, 501 U.S. 294 (1991). *Sample* states that "a 'person' is not the 'moving force [behind] the constitutional violation' of a subordinate, unless that 'person' . . . has exhibited deliberate indifference to the plight of the person deprived." *Sample,* 885 F.2d at 1118 (citations omitted). To successfully plead and establish "deliberate indifference," Plaintiff must prove both an objective and a subjective component. The subjective component requires a showing that Defendants acted with a culpable state of mind; the objective component requires establishing a serious deprivation which clearly rises to the level of a constitutional right. *Wilson v. Seiter*, 501 U.S. at 298. Moreover, Defendants cannot be held liable on the basis of a failure to adequately supervise or control the conduct of subordinates. *Anela v. City of Wildwood*, 790 F.2d 1063, 1068 (3d Cir. 1986), *cert. denied* 479 U.S. 949 (1987), *citing Fisher v. Washington Metropolitan Transit Authority*, 690 F.2d 1133, 1142-1143 (4th Cir. 1982). Rather, Plaintiff must: 1) identify with particularity what the *supervisory official* failed to do which amounts to deliberate indifference; and 2) demonstrate a close causal connection between the identified deficiency and the ultimate injury. *Pennsylvania v. Porter*,

659 F.2d at 336. Plaintiff has failed to establish either element in his claim; therefore, dismissal of the claims against Defendants is appropriate.

### III.     PLAINTIFF'S COMPLAINT FAILS TO ALLEGE ANY PERSONAL INVOLVEMENT OF DEFENDANTS IN THE ISSUES RAISED IN PLAINTIFF'S COMPLAINT.

Plaintiff's complaint fails to indicate any personal involvement by the Defendants. In actions brought pursuant to 42 *U.S.C.* § 1983, an individual cannot be held liable in the absence of personal involvement or knowing acquiescence of the alleged deprivation. *Pennsylvania v. Porter*, 659 F.2d 306, 336 (3d Cir. 1981) *cert. denied,* 458 U.S. 1121 (1982). "[T]he officials' misconduct cannot be merely a failure to act. Such officials must have played an affirmative role in the deprivation of the plaintiffs' rights, i.e., there must be a causal link between the actions of the responsible officials named and the challenged misconduct." *Id.* Without identifying how he participated in, personally directed, or acquiesced in the events which he claims deprived him of constitutional rights, Defendants cannot be held liable and dismissal is appropriate. *Gay v. Petsock*, 917 F.2d 768, 771 (3d Cir. 1990); *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). To show "deliberate indifference," a plaintiff must demonstrate a sufficiently culpable state of mind on the part of the defendant. *See, e.g., Farmer v. Brennan,* 511 U.S. 825, 828 (1994).

Plaintiff's complaint fails to allege any affirmative act or failure to act by Defendants Pierce, Merson or the Delaware Attorney General. There is no allegation that Defendants Pierce, Merson or the Delaware Attorney General had any personal knowledge of or involvement in the alleged assault. Accordingly, the Plaintiff's complaint against Defendants Pierce, Merson and the Delaware Attorney General should be dismissed because the Plaintiff fails to allege any personal involvement by Defendants Pierce, Merson and the Delaware Attorney General in any

of the allegations stated in the Complaint.

## **CONCLUSION**

For the foregoing reasons, Defendants Pierce, Merson and the Delaware Attorney General respectfully request that this Honorable Court enter an order dismissing Plaintiff's case with prejudice.

**STATE OF DELAWARE
DEPARTMENT OF JUSTICE**

/s/ Lisa Barchi
Lisa Barchi  #3927
Deputy Attorney General
Carvel State Office Building
820 N. French Street, 6th floor
Wilmington, DE 19801
(302) 577-8400
lisa.barch@state.de.us

Attorney for Defendants Pierce, Merson
and the Delaware Attorney General

DATE: June 7, 2006

**CERTIFICATE OF SERVICE**

I hereby certify that on June 6, 2006, I electronically filed *Defendants' Pierce and Merson's Revised Memorandum of Poinst and Authorities in Support of their Motion to Dismiss* with the Clerk of Court using CM/ECF.  I hereby certify that on June 6, 2006, I have mailed by United States Postal Service, the document to the following non-registered participants:

    Shane Hopkins
    SBI # 253918
    Delaware Correctional Center
    1181 Paddock Road
    Smyrna, DE 19977

    **STATE OF DELAWARE**
    **DEPARTMENT OF JUSTICE**

    /s/ Lisa Barchi
    Deputy Attorney General
    Department of Justice
    820 N. French Street, 6th Floor
    Wilmington, DE 19801
    (302) 577-8400
    lisa.barchi@state.de.us