IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SHANE K. HOPKINS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 05-870-SLR |
| | ) | |
| JOHN PUSEY, JOSEPH SMITH, | ) | |
| DAVID PIERCE, LISE MERSON, | ) | |
| JUDITH MULLEN, DREWRY FENNELL, | ) | |
| M. JANE BRADY | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' ANSWER IN OPPOSITION TO PLAINTIFF'S MOTION
FOR APPOINTMENT OF COUNSEL**

COME NOW, defendants Pusey, Smith, Pierce, Merson and the Delaware Attorney General, though the undersigned counsel and oppose Plaintiff's motion for appointment of counsel. In support of their position, Defendants state the following:

1. On December 15, 2005, Plaintiff commenced this action by filing a Complaint pursuant to 42 *U.S.C.* §1983 with leave to proceed *in forma pauperis* against the above captioned Defendants. Between April 11, 2006 and May 5, 2006, the defendants in this case were served with the lawsuit. (D.I. 16-18 and 22-24). On May 26, 2006, a motion to dismiss, along with a memorandum of points and authorities was filed by the Delaware Attorney General, and defendants Pierce and Merson. (D.I. 26 and 27).

2. In support of his motion for appointment of counsel, Plaintiff enumerates the following: a) he argues that this lawsuit is a class action and should be certified as such; b) he is indigent; c) he has limited access to the law library; d) the issues in this case are complex; e) trial will involve conflicting testimony; f) he is still be held in administrative segregation.

3. *Pro se* litigants proceeding *in forma pauperis* have no constitutional or statutory right to appointed counsel. (*See Smith-Bey v. Petsock*, 741 F. 2d 22, 25 (3d Cir. 1984)). It is solely within the Court's discretion to appoint counsel for the plaintiff; however, such an appointment is "usually only granted upon a showing of special circumstances indicating a likelihood of substantial prejudice to him resulting... from his probable inability without such assistance to present the facts and legal issues to the court in a complex, arguably meritorious case." *Id* at 26, *accord, Pierce v. Vaughn*, C.A.No. 92-3040, 1992 WL 210122 (E.D.P.A. Aug. 21, 1992); *Robinson v. Barone,* C.A. No. 92-1854, 1992 WL 236869 (E.D.P.A. Sept. 15, 1992). (*See* attached)  The factors appropriately considered in deciding whether an appointment of counsel is warranted include the arguable merit of the plaintiff's claim, plaintiff's ability to present his case, the difficulty of the particular issues, the degree to which factual investigation will be required and the plaintiff's ability to pursue such investigation, the likelihood that witnesses' credibility will be key issue, and the need for expert testimony. *Tabron v. Grace*, 6 F.3d 147, 155-56 (3d Cir. 1993), *cert. denied,* 114 S. Ct. 1306 (1994).

4. This suit is based on Plaintiff's allegations that his civil liberties were violated when he was allegedly assaulted by a correction officer. He further alleges that the ACLU of Delaware did not report incidents of violations to the United States Department of Justice.

5. Evaluating Plaintiff's request based on the factors enumerated in *Tabron*, Plaintiff does not met the criteria for appointment of counsel. *Tabron*, 6 F.3d at 155-56. Plaintiff states that he is indigent and thus requires appointment of counsel. However, indigence is not sufficient reason itself for appointment of counsel. Plaintiff is able to adequately present his case to the Court. The legal and factual issues surrounding the alleged assault are not so complex that an attorney is required. Plaintiff has stated the facts of his case in a relatively clear manner. The

factual and legal issues in this case are not complex.  At this time Plaintiff has demonstrated that he is fully capable of litigating this lawsuit, as evidenced by the motions he has filed, and his ability to follow the Court's directions regarding payment of the filing fee and service on the defendants. At this stage of the litigation it is not likely that there will be a need for experts. Further, the evidence that Plaintiff believes exists can be obtained through the discovery process.

Plaintiff claims that "[a] trial in this case will likely involve conflicting testimony..." (D.I. 34 at ¶ 5).  Cases which proceed beyond the motion to dismiss stage may ultimately turn on credibility determinations.  Credibility is an issue in most cases.  However, this factor alone does not determine if counsel should be appointed.

6.	Plaintiff claims that he has been denied access to the law library and also claims that the law librarian has denied him the forms he needs to move his case forward. (D.I. 34 at ¶ 4).  However, as evidenced by the fact that all of the defendants have been served with the complaint, Plaintiff was not denied the Marshal forms he requested. D.I. 16-18 and 22-24).  A memo was sent to Plaintiff explaining why he was required to provide a copy of his court order for the Marshal forms.  (*See* memorandum dated March 15, 2006, attached as Exhibit "A"). Plaintiff was housed in the Security Housing Unit ("SHU").  Inmates in the SHU receive law library services when they request the service.  Plaintiff has requested law library services twenty eight times since the date he filed the complaint in this case on December 15, 2005.  (*See* logs of law library use, attached as Exhibit "B").  He had 341 pages of photocopies made, not including copies of cases which he requested. (*See* affidavit of Brian Engram, attached as Exhibit "C"). Plaintiff has access to the law library and the services he requires in order to pursue litigation. Therefore, his claims regarding retaliation in the form of being denied access to the law library have no merit.

7.      Plaintiff's claim that the litigation should be certified as a class action and will then require an attorney for the more complex litigation has no merit. Plaintiff provides no information about who comprises the putative class. Rule 23 of the Federal Rules of Civil Procedure sets forth the prerequisites to class certification. The Plaintiff has failed to allege that any of these prerequisites are present in this action. Rule 23 sets forth certain requirements and each requirement must be demonstrated in order to obtain class certification. As the movant, it is Plaintiff's burden to demonstrate that the prerequisites of Rule 23 have been met. Rule 23 (a) provides:

> One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

"[C]ourts have consistently held that a prisoner acting *pro se* is inadequate to represent the interests of his fellow inmate in a class action." *Brathwaite v Taylor*, No. 00-435-GMS, 2001 WL 1117134, at *2 at FN3 (D. Del. September 13, 2001)(*citing Maldonado v. Terhune*, 28 F.Supp.2d 284, 299 (D.N.J.1998); *Caputo v. Fauver,* 888 F.Supp. 168, 170 (D.N.J.1992)). *See also*, *Pusey v. Green*, C.A. No. 02-351-SLR, 2003 WL 105480, at *4 (D. Del. January 7, 2003)(denying a *pro se* inmate's motion for class certification due to inability to "adequately represent the interests of his fellow inmates" and citing *Maldonado*.). Plaintiff has failed to distinguish this matter from prior rulings of both the District and Circuit court refusing to grant class certification to inmate plaintiffs. Plaintiff, as a *pro se* inmate, is *per se* inadequate to represent the interests of the putative class.

In addition, Plaintiff has failed to provide any supporting affidavit, or any document

indicating who else is in the putative class and that they have chosen him to act as their representative. For all of these reasons, Plaintiff is not qualified to bring a lawsuit or act as a representative of other inmates in the Delaware Department of Correction.

Not being qualified to act as a representative in a class action lawsuit does not mean that Plaintiff is unqualified to litigate on his own behalf.

**WHEREFORE**, Defendants respectfully request that this Honorable Court deny the Plaintiff's Motion for appointment of counsel.

                            STATE OF DELAWARE
                            DEPARTMENT OF JUSTICE

                            /s/ Lisa Barchi
                            Deputy Attorney General
                            Department of Justice
                            820 N. French Street, 6th floor
                            Wilmington, DE 19801
                            (302) 577-8400

Date: June 26, 2006              lisa.barchi@state.de.us

## CERTIFICATE OF SERVICE

I hereby certify that on June 26, 2006, I electronically filed *Defendants' Opposition to Plaintiff Motion for Appointment of Counsel* with the Clerk of Court using CM/ECF, which will send notification of such filing to John Shaw, Esquire. I hereby certify that on June 26, 2006, I have mailed by United States Postal Service, the document to the following non-registered participants:

Shane Hopkins
SBI # 253918
Delaware Correctional Center
1181 Paddock Road
Smyrna, DE 19977

**STATE OF DELAWARE**
**DEPARTMENT OF JUSTICE**

/s/ Lisa Barchi
Deputy Attorney General
Department of Justice
820 N. French Street, 6th Floor
Wilmington, DE 19801
(302) 577-8400
lisa.barchi@state.de.us