# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SHANE K. HOPKINS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) C.A. No. 05-870-SLR |
| JOHN PUSEY, JOSEPH SMITH, DAVID PIERCE, LISE MERSON, JUDITH MULLEN, DREWRY FENNELL, M. JANE BRADY | ) ) ) ) ) |
| Defendants. | ) |

## AFFIDAVIT OF BRIAN ENGREM

I, Brian Engrem, having been duly sworn according to the law, do hereby depose and state the following:

1. I am employed by the State of Delaware, Department of Correction at the Delaware Correctional Center ("DCC") near Smyrna, Delaware as a Paralegal. I have been employed by the Department of Correction for 5 years. My duties include providing legal materials to inmates as requested in the SHU (Security Housing Unit). This information is accessed through Westlaw or from existing files of the SHU Law Library. Also, I provide photocopies and notary service to inmates. I assist with managing and maintaining a file for each inmate regarding their legal requests while housed in the SHU. I have held this position since April 1, 2001.

2. In response to a request from the State of Delaware Department of Justice, I have obtained documentation relating to the frequency of inmate Shane Hopkins's law library usage, the number of uses of the prison's notary, and the frequency and volume of copied pages of legal material provided to Mr. Hopkins by the Delaware Correctional Center.

3. On March 6, 2006, I went to see inmate Hopkins regarding his request for Marshal forms. It is the policy of the law libraries of the Delaware Correctional Center to see the court order for marshal forms prior to giving them to an inmate. I asked for the court order.

4. I wanted to take the court order back to the office and copy it in order to check with the clerk of court on the number of forms inmate Hopkins required. I told Mr. Hopkins that I would return the court order to him, but I need a copy of the order so that I have a record of the order and the number of forms given to the inmate.

5. Inmate Hopkins refused to give the order to me, and I explained that he would then have to send the order to me via the in-house mail, in order to get the forms. Inmate Hopkins then yelled to me that he would file a grievance.

6. I have reviewed inmate Hopkins's law library use logs. He used the services of the SHU and MHU libraries a total of twenty eight times since December 15, 2005. The law libraries have made 341 pages of photocopies for him since that date. He has used the notary services twice.

7. Inmates do not pay for copies made by the law library. The 341 pages of copies do not include copies of case law and statutes made for inmate Hopkins. When compiling a total of the photocopies made for any inmate, the case law, statutes, regulations etc., are not included in the total.

8. On the law library log attached to Defendants' answer to this motion, the heading "date in" mean that the request was received from the inmate on that date. The heading "date out" means that the requested materials were sent to the inmate on that date.

9. Inmate Hopkins continues to have access to the above-listed legal resources.

10. I have made these statements based upon my personal knowledge, specialized

training, and experience as an employee of the Department of Correction.

_____
Brian Engrem

SWORN TO AND SUBSCRIBED BEFORE ME THIS 23rd DAY OF June, 2006.

_____
NOTARY