In The United States District Court
For The District Of Delaware

Shane K. Hopkins,
    Plaintiff,

v.

John Pusey, et Al.,
    Defendants

C.A. No. 05-870-SLR


FILED
AUG 15 2006
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

BD scanned

Plaintiff's Motion For Extension Of Time To File Responses To Defendants' Motions To Dismiss And For Summary Judgment

    Now Comes the plaintiff Shane K. Hopkins who respectfully request for an Extension of time in which to comply with the Court's Orders issued on June 19, 2006 For Discovery and Briefing schedule; July 25, 2006 Briefing Schedule For defendants Fennell and Mullen's Motion For Summary Judgment (D.I. 29); and July 25, 2006 Briefing Schedule For defendants Pierce, Merson and M. Jane Brady's Motion To Dismiss (I.D. 31).

    In support of this request for extension of time, the plaintiff state the following:

    1. This Court has not yet ruled on plaintiff's motion for appointment of counsel which was filed dated June 11, 2006. On June 26, 2006, defendants Pusey, Smith, Pierce, Merson and M. Jane Brady filed an Answer

1

in opposition to plaintiff's motion for appointment of counsel. The court must settle the dispute over whether or not the appointment of counsel would be appropriate under the circumstances set forth in plaintiff's motion for counsel.

2. Also, plaintiff have not had an opportunity to conduct discovery in pursuant to the Court's June 19, 2006, Order which set the deadline for completion of discovery on or before October 16, 2006. In order to respond adequately to defendants' Motions To Dismiss and Summary Judgment, plaintiff need to first obtain discoverable relevant documents, information, investigative reports, statements, etc., in the possession of defendants Judith Mullen and Drewry Nash Fennell of the American Civil Liberties Union (ACLU) regarding allegations, complaints and actual proof of systematic unnecessary use of excessive force against prisoners by Delaware Correctional Center (DCC) guards (including defendants Pusey and Smith whom assaulted plaintiff). This information will show that the ACLU defendants discussed the excessive force problems with the DCC supervisory defendants named herein and with defendant M. Jane Brady (or her agents) whom all thereafter conspired together, willfully, to conceal and cover-up these criminal acts and to frustrate plaintiff's legal access under the false pretenses that there is an ongoing investigation by the United States Department of Justice Civil Rights Division and that plaintiff should continue to

relitigate these unlawful incidents through the inadequate Administrative Grievance Process.

3. Thus, appointment of counsel will be needed to assist plaintiff with obtaining this discovery materials from the ACLU defendants which consist of investigative reports, statements, interviews, etc., with other victims of excessive force and all officials named herein as defendants, including unidentified state or federal officials whom played integral parts in such ongoing investigations. (NOTE: Although throughout the ACLU defendants', Fennell and Mullen, Motion To Dismiss/Summary Judgment they advance a defense that the ACLU owed no legal obligation or lawful duty to represent plaintiff, however they never denied the contentions relating to the actual prior investigations being conducted into unnecessary use of excessive force against prisoners by guards at DCC; and Exhibit "B" attached to plaintiff's Motion For Counsel and Exhibit "B" attached to defendants Fennell and Mullen's Opening Brief In Support of Motion To Dismiss/Summary Judgment "Letters From Intake Representative of the ACLU, Diane Winters", verify that such investigations did in fact occur).

4. Furthermore, since these ACLU's investigations into the use of excessive force may effect and directly relate to a class of prisoners throughout the Delaware Department of Corrections, as well as DCC, this court should issue Subpoena Duces Tecum commanding the ACLU defendants to personally produce certified copies of any and all

3

materials pertaining to the entire investigations mentioned herein; and the same shall be certified and forwarded to the Court and plaintiff. This information is pertinent to the Court's final determination on plaintiff's request for appointment of counsel.

5. If this Court don't find good cause to appoint counsel, then a new Discovery and Briefing Schedule Order shall be issued in substitution of the Court's original Order of June 19, 2006.

Wherefore, plaintiff pray that an Extension of Time in which to file responses to defendants' Motions To Dismiss and Summary Judgment shall be granted by this Court premised upon the terms set forth herein above.

Date: August 7, 2006        *Shane Hopkins*
                            Shane K. Hopkins, prose
                            Delaware Correctional Center
                            1181 Paddock Road
                            Smyrna, Delaware 19977

## Certificate of Service

I, __Shane K. Hopkins__, hereby certify that I have served a true and correct cop(ies) of the attached: __Plaintiff's Motion For Extension Of Time__ upon the following parties/person (s):

TO: __John W. Shaw, Esq.__
__The Brandywine Building, 17th.Fl__
__1000 West Street__
__Wilmington, Delaware__
__19899-0391__
(Att. For deft.'s Fennell & Mullen)

TO: __Lisa Barchi, Esq.__
__Deputy Attorney General__
__Department of Justice__
__820 North French Street__
__Wilmington, Dela. 19801__
(Att. For deft.s Pusey, Smith, Pierce, Merson and Brady)

TO: _____

TO: _____

BY PLACING SAME IN A SEALED ENVELOPE and depositing same in the United States Mail at the Delaware Correctional Center, 1181 Paddock Road, Smyrna, DE 19977.

On this __12th__ day of __August__, 2006



WILMINGTON DE 197

14 AUG 2006 PM 3 T

Office Of The Clerk
United States District Court
844 N. King St, Lockbox #18
Wilmington Delaware

19801-3570

I/M Shane Hopkins
SBI#3916   UNIT #21
DELAWARE CORRECTIONAL CENTER
1181 PADDOCK ROAD
SMYRNA, DELAWARE 19977

U.S.M.S.
X-RAY

Mailed
8-13-06