IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SHANE K. HOPKINS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 05-870-SLR |
| | ) |
| C/O J. PUSEY, C/O J. SMITH, | ) |
| DEPUTY WARDEN DAVID E. PIERCE | ) |
| JR., LISE MERSON, JUDITH | ) |
| MULLEN, DREWRY NASH FENNELL, | ) |
| and M. JANE BRADY, | ) |
| | ) |
| Defendants. | ) |

**O R D E R**

At Wilmington this 8th day of September, having reviewed plaintiff's motion for appointment of counsel;

IT IS ORDERED that said motion (D.I. 34) is denied for the reasons that follow:

1. Plaintiff seeks appointed counsel on the basis that he is incarcerated, unskilled in the law, has limited access to the law library, and appointed counsel would serve the best interests of justice. (D.I. 34) He also advises that he is unable to afford counsel. He contends that the issues at bar are complex and will require significant research and investigation. Also, he contends the case will likely involve conflicting testimony and counsel would enable him to better present evidence and cross examine witnesses.

2. Plaintiff, a pro se litigant proceeding in forma

pauperis, has no constitutional or statutory right to representation by counsel. See Ray v. Robinson, 640 F.2d 474, 477 (3d Cir. 1981); Parham v. Johnson, 126 F.3d 454, 456-57 (3d Cir. 1997). The "decision to appoint counsel may be made at any point in the litigation, and may be made by a district court sua sponte." Montgomery v. Pinchak, 294 F.3d 492, 499 (3d Cir. 2002). It is within the court's discretion to seek representation by counsel for plaintiff, but this effort is made only "upon a showing of special circumstances indicating the likelihood of substantial prejudice to [plaintiff] resulting. . .from [plaintiff's] probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case." Smith-Bey v. Petsock, 741 F.2d 22, 26 (3d Cir. 1984); accord Tabron v. Grace, 6 F.3d 147, 155 (3d Cir. 1993)(representation by counsel may be appropriate under certain circumstances, after a finding that a plaintiff's claim has arguable merit in fact and law). After passing this threshold inquiry, the court should consider a number of factors when assessing a request for counsel, including: (1) plaintiff's ability to present his or her own case; (2) the difficulty of the particular legal issues; (3) the degree to which factual investigation will be necessary and the ability of plaintiff to pursue investigation; (4) plaintiff's capacity to retain counsel on his own behalf; (5) the extent to which a case is likely to

turn on credibility determinations; and 6) whether the case will require testimony from expert witnesses. <u>Tabron</u>, 6 F.3d at 155-57; <u>accord Parham</u>, 126 F.3d at 457; <u>Montgomery v. Pinchak</u>, 294 F.3d at 499.

3.   Plaintiff has demonstrated that he is able to articulate the alleged facts clearly. To date, the motions he has filed evidence his ability to understand and implement the Federal Rules of Civil Procedure. Also, contrary to plaintiff's assertions, this is not a complex case. Moreover, plaintiff's case will most likely not require expert testimony. For these reasons, at this early stage of this case, plaintiff's motions for appointment of counsel are denied without prejudice to renew.

_____
United States District Judge