IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SHANE K. HOPKINS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 05-870-SLR |
| | ) | |
| CORRECTIONAL OFFICER J. PUSEY, | ) | |
| CORRECTIONAL OFFICER J. SMITH, | ) | |
| DEPUTY WARDEN DAVID E. PIERCE, | ) | |
| JR., CPL M. MERSON, JUDITH | ) | |
| MELLEN, DREWRY NASH FENNELL, | ) | |
| AND ATTORNEY GENERAL OF THE | ) | |
| STATE OF DELAWARE | ) | |
| | ) | |
| Defendants. | ) | |

## ANSWER OF DEFENDANT DREWRY NASH FENNELL TO COMPLAINT

Defendant Drewry Nash Fennell, by and through undersigned counsel, answers the Complaint of plaintiff Shane K. Hopkins as follows:

1. Denied.

2. Defendant Fennell is without information or knowledge sufficient to form a belief as to the truth of the allegations set forth in paragraph 2 of the Complaint.

3. Defendant Fennell admits on information and belief that Shane K. Hopkins was an inmate at the Delaware Correctional Center. Defendant Fennell is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 3 of the Complaint.

4. Defendant Fennell is without information or knowledge sufficient to form a belief as to the truth of the allegations set forth in paragraph 4 of the Complaint.

5. Defendant Fennell is without information or knowledge sufficient to form a belief as to the truth of the allegations set forth in paragraph 5 of the Complaint.

6. Defendant Fennell is without information or knowledge sufficient to form a belief as to the truth of the allegations set forth in paragraph 6 of the Complaint.

7. Defendant Fennell is without information or knowledge sufficient to form a belief as to the truth of the allegations set forth in paragraph 7 of the Complaint.

8. Denied.

9. Defendant Fennell admits that M. Jane Brady was Attorney General of the State of Delaware in 2001-2004. Defendant Fennell is without information or knowledge sufficient to form a belief as to the truth of the allegations set forth in paragraph 9 of the Complaint.

10. Defendant Fennell is without information or knowledge sufficient to form a belief as to the truth of the allegations set forth in paragraph 10 of the Complaint.

11. Defendant Fennell is without information or knowledge sufficient to form a belief as to the truth of the allegations set forth in paragraph 11 of the Complaint.

12. Denied.

13. Defendant Fennell is without information or knowledge sufficient to form a belief as to the truth of the allegations set forth in paragraph 13 of the Complaint.

14. Defendant Fennell restates her answers to paragraphs 4-5 as though fully set forth herein.

15. Defendant Fennell admits that plaintiff Shane K. Hopkins filed a civil action against J. Pusey and J. Smith. Defendant Fennell is without information or knowledge

sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 15 of the Complaint.

16. Defendant Fennell is without information or knowledge sufficient to form a belief as to the truth of the allegations set forth in paragraph 16 of the Complaint.

17. Defendant Fennell is without information or knowledge sufficient to form a belief as to the truth of the allegations set forth in paragraph 17 of the Complaint.

18. Defendant Fennell is without information or knowledge sufficient to form a belief as to the truth of the allegations set forth in paragraph 18 of the Complaint.

19. Defendant Fennell restates her answers to paragraphs 4-5 as though fully set forth herein.

20. Defendant Fennell admits that plaintiff Shane K. Hopkins filed an action against J. Pusey and J. Smith. Defendant Fennell is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 20 of the Complaint.

21. Defendant Fennell is without information or knowledge sufficient to form a belief as to the truth of the allegations set forth in paragraph 21 of the Complaint.

22. Defendant Fennell restates her answers to paragraphs 4-5 as though fully set forth herein. Defendant Fennell is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 22 of the Complaint.

23. Defendant Fennell restates her answers to paragraphs 4-5 as though fully set forth herein. Defendant Fennell is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 23 of the Complaint.

DB02:5538104.2    900006.6035

24. Defendant Fennell restates her answers to paragraphs 4-5 as though fully set forth herein. Defendant Fennell is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 24 of the Complaint.

25. Defendant Fennell restates her answers to paragraphs 4-5 as though fully set forth herein. Defendant Fennell is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 25 of the Complaint.

26. Defendant Fennell restates her answers to paragraphs 4-5 as though fully set forth herein. Defendant Fennell is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 26 of the Complaint..

27. Defendant Fennell restates her answers to paragraphs 4-5 as though fully set forth herein. Defendant Fennell is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 27 of the Complaint.

28. Defendant Fennell restates her answers to paragraphs 4-5 as though fully set forth herein. Defendant Fennell is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 28 of the Complaint.

29. Defendant Fennell restates her answers to paragraphs 4-5 as though fully set forth herein. Defendant Fennell is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 29 of the Complaint.

30. Defendant Fennell restates her answers to paragraphs 6-7 and 9 as though fully set forth herein. Defendant Fennell is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 30 of the Complaint.

DB02:5538104.2                                                                                                              900006.6035

31. Defendant Fennell restates her answers to paragraphs 6-7 and 9 as though fully set forth herein. Defendant Fennell is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 31 of the Complaint.

32. Defendant Fennell restates her answer to paragraph 8 as though fully set forth herein. The remaining allegations set forth in paragraph 32 of the Complaint are denied.

### AFFIRMATIVE DEFENSES

1. This action fails to state a claim upon which relief may be granted.

2. This action is barred by the applicable statute of limitations.

3. All or part of plaintiff's claims against Defendant Fennell are barred by plaintiff's own negligence and other conduct.

4. Any actions of Defendant Fennell were not the proximate cause of any of plaintiff's alleged injuries.

## PRAYER FOR RELIEF

WHEREFORE, Defendant Fennell prays for the following relief:

1. That plaintiff's Complaint be dismissed with prejudice; and

2. Such other and further relief as the Court may deem just and appropriate.

YOUNG CONAWAY STARGATT &
TAYLOR, LLP

_____
John W. Shaw (No. 3362)
The Brandywine Building, 17th Floor
1000 West Street
Wilmington, Delaware 19899-0391
(302) 571-6600
jshaw@ycst.com
Attorneys for Defendant Drewry Nash Fennell

Dated: October 9, 2006

## CERTIFICATE OF SERVICE

I, John W. Shaw, Esquire, hereby certify that on October 9, 2006, I caused copies of the foregoing document to be served upon the following in the manner indicated:

**BY FIRST CLASS U.S. MAIL**

Shane K. Hopkins
SBI #00253918, 17-A-L-4
Delaware Correctional Center
1181 Paddock Road
Smyrna, DE 19977

**BY HAND DELIVERY**

Lisa Ann Barchi, Esquire
Department of Justice
Carvel State Office Building
820 North French Street
Wilmington, DE 19801

I, further certify that on October 9, 2006, a true and correct copy of the foregoing document was electronically filed with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

Lisa Ann Barchi, Esquire
Department of Justice
Carvel State Office Building
820 North French Street
Wilmington, DE 19801

YOUNG CONAWAY STARGATT & TAYLOR, LLP

_____
John W. Shaw (No. 3362)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801
(302) 571-6600
jshaw@ycst.com