## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SHANE K. HOPKINS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   C.A. No. 05-870-SLR |
| | ) |
| JOHN PUSEY, JOSEPH SMITH, | ) |
| DAVID PIERCE, LISE MERSON, | ) |
| JUDITH MULLEN, DREWRY FENNELL, | ) |
| M. JANE BRADY | ) |
| | ) |
| Defendants. | ) |

**STATE DEFENDANTS' ANSWERS TO PLAINTIFF'S FIRST
REQUEST FOR THE PRODUCTION OF DOCUMENTS**

COME NOW State defendants, John Pusey and Joseph Smith by and through their counsel, Deputy Attorney General Lisa Barchi, and hereby respond to the Plaintiff's First Request for Production as to Defendants Pusey and Smith as follows:

**GENERAL OBJECTIONS**

1. Defendants object to the Requests for Production to the extent that they seek information or documents protected from disclosure by the attorney-client privilege, the work product doctrine, or any other applicable privilege.

2. Defendants object to the Requests for Production to the extent that they purport to require supplementation of these responses beyond that required by Federal Rule of Civil Procedure 26(e).

3. Defendants object to the Requests for Production to the extent that they purport to place duties upon the Defendants not set forth in, or contemplated by, the Federal Rules of Civil Procedure.

4. Defendants object to the Requests for Production to the extent that they purport to seek information or documents not in the possession, custody or control of the Defendants.

5. Defendants object to the Requests for Production to the extent that they seek the production of documents equally available to the Plaintiff or Plaintiff's counsel. Such documents will be identified by the Defendants, but will not be produced.

6. Defendants object to the Requests for Production to the extent that they purport to require production of information or documents which are impracticable or unduly burdensome to reproduce.

7. Defendants object to the Requests for Production to the extent that they seek the production of documents generated by or received from counsel for Defendants in connection with this litigation on or after the date of the acceptance of representation and on the grounds that such requests are unduly burdensome to the extent such documents are protected by attorney-client and work product privileges.

Subject to, and without waiver of these General Objections and those set forth in Defendants' Responses, Defendants respond, after a reasonable search and investigation, and subject to supplementation, as follows:

## RESPONSES TO REQUESTS FOR PRODUCTION

ACLU Defendants

(a) All investigative reports done by the ACLU as a result of Plaintiff's October 10, 2002 submission concerning an assault upon him by correctional officers and condition of confinement.

**RESPONSE:**


(b) All investigative reports done by the ACLU as a result of Plaintiff's July 9, 2005 submission concerning an assault upon him by prison officer. (See related submission attached to Plaintiff's complaint as Exhibit "D").

**RESPONSE:**


(c) All investigative reports conducted by F.B.I. agent Brenda Wise regarding the upon Plaintiff and continued ongoing instance of assaults upon other Delaware Correctional Center (DCC) inmates.

**RESPONSE:**


(d) All submissions contained in ACLU's File # 02-22 regarding complaints of use of excessive force upon inmates by prison officers in the Department of Corrections (DOC).

**RESPONSE:**

M. Jane Brady

      (e)    Copies of any reports of assaults forwarded to her office for prosecution (these reports relate to the patter of assaults upon DOC prisoners by guards).

**RESPONSE:**

      (f)    Any investigative reports done as a result of certified mail forwarded to defendant Brady's office on July 7, 2005. (See attachment to Plaintiff's Complaint Exhibit "E").

**RESPONSE:**

      (g) Copies of reports submitted for prosecution by ACLU.

**RESPONSE:**


Deputy Warden

      (h)    All investigative reports conducted by the Warden's office under the directions of defendant Deputy Warden Pierce in relationship to Grievance Complaint (case# 9907) for unnecessary use of excessive force by two officers. (See Grievance Complaint Exhibit "A" to Plaintiff's original Complaint).

**RESPONSE:**

**(skipped "i")

      (j)    Copy of policy and procedures for assigning inmates to double-bunk cells. It will be sufficient to just admit whether or not it is the policy and practice of DCC to house two inmates in a cell together whom obviously have a serious conflict with each other. This admission shall include a separate statement whether or not it is the policy to separate two inmates once it is known by staff of a ongoing conflict between those inmates.

**RESPONSE:**

Grievance Officer Lise Merson

      (k) Copies of investigations conducted for Grievance Complaint #9907.

**RESPONSE:**

      (l)    Copies of Rules for filing grievance while in isolation (i.e., procedures which allow inmates to obtain pen, paper, grievance forms, etc., to construct and submit a properly filed grievance within 7-days).

**RESPONSE:**

Defendants Pusey and Smith

      (m)    All incident reports submitted by DCC officers concerning the November 26, 2002 incident and use of force upon Plaintiff by Defendants Pusey and Smith.

**RESPONSE:**

    Incident reports #1017887 and 1017890 are the only incident reports generated in connection with the November 26, 2004 incident involving inmates Hopkins's refusal to obey orders and disorderly conduct. They are included with this production of documents.

      (n) Copies of photographs taken of the Plaintiff's injuries.

**RESPONSE:**

      **OBJECTION:** Calls for speculation as to "Plaintiff's injuries." Without waiving said objection, Defendants Pusey and Smith respond as follows:

There are copies of photographs taken by a Lieutenant Yoder in inmate Hopkins's file. The original photographs cannot be located at this time. Lt. Yoder no longer works for the Department of Correction. A copy of the copied photographs is included with this production of documents. Arrangements can be made for Plaintiff to view the copy of the photographs which is in his institutional file. Plaintiff must put a request to view the copy of the photos in his file, in writing to Michael Little, the Legal Services Administrator at the Delaware Correctional Center.

(o) Copy of the medical reports taken by DCC nurse after the incident.

**RESPONSE:**

A copy of the notes made by the nurse, Betty Bryant are enclosed with this production of documents.

(p) Copy of building 22 Log Book covering the dates and time of this November 26, 2002 incident which will identify potential witnesses hereto.

**RESPONSE:** **OBJECTION.** Vague, overbroad, irrelevant and not intended to lead to the discovery of admissible evidence. Without waiving said objection, Defendants Pusey and Smith respond as follows:

A copy of the log book page is attached to this request for production of documents.

(q) List of the names of inmates housed on the tier with plaintiff at the time of this incident who may be potential material witnesses in any future trial or that may be interviewed to obtain sworn affidavits.

**RESPONSE:** **OBJECTION.** Over broad, unduly burdensome, vague and ambiguous. This request requires the responder to make a legal conclusion about who "may be potential material witnesses" or "who may be interviewed to obtain affidavits". Object to the terms "may be material witness" and "who may be interviewed to obtain affidavit" as vague and ambiguous. Not intended to lead to the discovery of admissible evidence. Without waiving said objection, Defendants Pusey and Smith respond as follows:

A search of the records is under way and a list will be made available to Plaintiff when it has been compiled.

(r)     Provide a list of the names of the correctional officers that worked in Building 22 and 24 the day of this incident.

**RESPONSE:** **OBJECTION.** Vague, overbroad, unduly burdensome and not intended to lead to the discovery of admissible evidence. Without waiving said objection, Defendants Pusey and Smith respond as follows:

The names of the correctional officers are in the pages of the log book that have been provided to Plaintiff as part of his request for Production of Documents.

(s)     Copies of any reports prepared by Internal Affairs concerning this assault incident; and

(t)     Copies of any and all medical reports regarding any injuries sustained by any correctional officer during the November 26, 2002 incident.

**RESPONSE:** **OBJECTION**. Requests medical information protected by H.I.P.P.A., vague, overbroad, calls for legal conclusion as to "assault" and not intended to lead to the discovery of admissible evidence.

   (s) A search of the records shows that there was no investigation by Internal Affairs.

   (t) No officer sustained injury or sought medical attention, therefore there are no records of any injuries.

**\*\*\*Note:**  Currently there is a Motion to Dismiss pending regarding Defendants Brady, Pierce, Merson and the Delaware Attorney General.  Therefore, responding to discovery requests at this time regarding these defendants is premature. One of the purposes of allowing a party the opportunity to file a Motion to Dismiss, is so that the Court may make a decision regarding the sufficiency of the plaintiff's claims before committing resources to the discovery process. Therefore, the State defendants oppose responding to the discovery requests until the Court has the opportunity to decide if claims state a claim for which relief can be granted.

            **STATE OF DELAWARE**
            **DEPARTMENT OF JUSTICE**

            /s/Lisa Barchi
            Deputy Attorney General
            Carvel Building
            820 North French Street, 6th Floor
            Wilmington, DE  19801
            (302) 577-8400
            lisa.barchi@state.de.us

November 3, 2006

## CERTIFICATE OF SERVICE

I hereby certify that on November 3, 2006, I electronically filed *Defendants' Pusey and Smiths Response to Plaintiff's First Request for the Production of Documents* with the Clerk of Court using CM/ECF. I hereby certify that on November 3, 2006 I have mailed by United States Postal Service, the document to the following non-registered participants:

Shane Hopkins
SBI # 253918
Delaware Correctional Center
1181 Paddock Road
Smyrna, DE 19977

        **STATE OF DELAWARE**
        **DEPARTMENT OF JUSTICE**

        /s/ Lisa Barchi
        Deputy Attorney General
        Department of Justice
        820 N. French Street, 6th Floor
        Wilmington, DE 19801
        (302) 577-8400
        lisa.barchi@state.de.us