# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SHANE K. HOPKINS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   C.A. No. 05-870-SLR |
| | ) |
| JOHN PUSEY, JOSEPH SMITH, | ) |
| DAVID PIERCE, LISE MERSON, | ) |
| JUDITH MULLEN, DREWRY FENNELL, | ) |
| M. JANE BRADY | ) |
| | ) |
| Defendants. | ) |

### STATE DEFENDANT PUSEY'S RESPONSE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES DIRECTED TO DEFENDANTS

COMES NOW the State defendant, John Pusey by and through their undersigned counsel and responds to the Plaintiff's first set of Interrogatories Directed to Defendants.

### GENERAL OBJECTIONS

1. Defendants object to the Plaintiff's First Set of Interrogatories Directed to Defendants to the extent that they seek information or documents protected from disclosure by the attorney-client privilege, the work product doctrine, or any other applicable privilege.

2. Defendants object to the Plaintiff's First Set of Interrogatories Directed to Defendants to the extent they purport to require supplementation of these responses beyond that required by Federal Rule of Civil Procedure 26(e).

3. Defendants object to Plaintiff's First Set of Interrogatories directed to Defendants to the extent that they purport to place duties upon the Defendants not set forth in, or contemplated by, the Federal Rules of Civil Procedure.

4. Defendants object to Plaintiff's First Set of Interrogatories Directed to Defendants to the extent

        that they purport to seek information or documents not in the possession, custody or control of the Defendants.

5.     Defendants object to Plaintiff's First Set of Interrogatories Directed to Defendants to the extent that they seek the production of information equally available to the Plaintiff or Plaintiff's counsel. Such documents will be identified by the Defendants, but will not be produced.

6.     Defendants object to Plaintiff's First Set of Interrogatories Directed to Defendants to the extent they purport to require production of information which are impracticable or unduly burdensome to reproduce.

7.     Defendants object to Plaintiff's First Set of Interrogatories Directed to Defendants to the extent that they seek the production of information generated by or received from counsel for Defendants in connection with this litigation on or after the date of the acceptance of representation and on the grounds that such requests are unduly burdensome to the extent such documents are protected by attorney-client and work product privileges.

## RESPONSE TO INTERROGATORIES

### INTERROGATORY #1

The incident that occurred on November 26, 2004 at the Delaware Correctional Center wherein you are being sued for using unnecessary excessive force against plaintiff Hopkins – "Did you act alone in subduing Mr. Hopkins? If not, please state the names of the other officers who took part in this incident or witnessed it take place; accompanied by any/and all Reports Filed [sic] by any officer regarding the incident in question.

**ANSWER:**

    **Defendant Pusey:**   Correctional Officer Joseph Smith and Sgt. Clifton Outen

### INTERROGATORY #2
Why was it necessary to use Force [sic] upon inmate Hopkins?

**ANSWER: OBJECTION.**   Vague and overbroad.  Without waiving said objections, Defendants respond as follows:

   **Defendant Pusey:**   When I took inmate Hopkins's allowed items to his new cell, he pushed me in the chest and tried to shove past me to get back downstairs to the former cell.

## INTERROGATORY #3

When you responded to the location where this incident occurred with inmate Hopkins, at that time did you first try to find out the cause of the problem and notify your supervisor of the ongoing problem?

**ANSWER: OBJECTION.**  Overbroad, ambiguous**,** irrelevant and vague as to "this incident" and not intended to lead to the discovery of admissible evidence. Without waiving said objections, Defendants respond as follows:

   **Defendant Pusey:**  I was the person who inmate Hopkins pushed and who he tried to get past.  I needed to stop and subdue him when he did this, and there was no time call a supervisor.

## INTERROGATORY #4

If your answer is yes to the last question, please explain briefly the problem with inmate Hopkins and name the supervisory official you contacted about the problem and any directions that were given to you to resolve this matter with inmate Hopkins?? [sic]

**ANSWER: OBJECTION.**   Vague and overbroad as to "the problem with inmate Hopkins." Without waiving said objections, Defendants respond as follows:

   **Defendant Pusey:**   Inmate Hopkins wanted the items that were not allowed in his cell., and hew was stopped from going back to his old cell.  I believe another officer called for backup.  Sgt. Outen came.  When Sgt Outen arrived I was trying to subdue inmate Hopkins and places cuffs on him.  Either Officer Smith or I asked Sgt. Outen to spray him with cap-foam.

## INTERROGATORY #5

If inmate Hopkins was having problems with his cellmate please explain what sort of steps were tooken [sic] to alleviate the problem?

**ANSWER: OBJECTION.** Vague, confusing, irrelevant, and not intended to lead to the discovery of admissible evidence. Without waiving said objections, Defendants respond as follows:

**Defendant Pusey:** We removed inmate Hopkins and his cellmate from his cell because the toilet overflowed. I have no knowledge of any problem he may have had with his cellmate.

## INTERROGATORY #6

Did inmate Hopkins assault or attack you or any other officer which justified the level of force used upon him?

**ANSWER: OBJECTION.** Vague, overbroad, and calls for a conclusion. Without waiving said objections, Defendants respond as follows:

**Defendant Pusey:** Inmates are not allowed to touch the correctional officers. Inmate Hopkins pushed me in the chest, and refused to allow me to place handcuffs on him. When Sgt. Outen arrived he sprayed inmate Hopkins with cap-foam and then we were able to subdue him and place handcuffs on him.

## INTERROGATORY #7

If your answer is no to the last question then what did inmate Hopkins do or say to cause you to use the force that resulted in multiple injuries to his head face and body areas?

**ANSWER: OBJECTION.** Confusing, vague and calls for speculation about the cause of alleged injuries, and not intended to lead to the discovery of admissible evidence. Without waiving said objections, Defendants respond as follows:

**Defendant Pusey:**   See answer to interrogatory number 6.

## INTERROGATORY #8

Subsequently, did you and other officers who participated in this incident file any disciplinary reports and incident reports relating to this matter at hand? [sic].  Please give number (File No#) [sic] and date to all reports filed in this incident.

**ANSWER:**

**Defendant Pusey:**   A disciplinary report (# 1314567, 11/27/04) was filed by Michael McCreanor, the shift commander.  Incident reports were filed by me (#1017887, 11/26/04) and by Officer Smith (# 1017890, 11/26/04).  The incident reports have been produced in response to Plaintiff's Request for Production of Documents.

## INTERROGATORY #9

At any time in connection with this incident were you directly contacted by the ACLU for investigation regarding the force used against inmate Hopkins?  If so, please state date and time of any interview with ACLU.

**ANSWER: OBJECTION.**   Vague as to " at any time", not intended to lead to the discovery of admissible evidence.  Without waiving said objections, Defendants respond as follows:

**Defendant Pusey:**   I have never been contacted by the ACLU.

## INTERROGATORY #10

Did you or any other officer spray inmate Hopkins in his face with "mace' to subdue him? If so, who gave the order to use such dractic [sic] force?

**ANSWER: OBJECTION.**   Overbroad and vague as to time and place of any alleged incident regarding mace; states opinion of Plaintiff as to "dractic force" [sic], and calls for a conclusion of the undefined term "dractic force." Without waiving said objections, Defendants respond as follows:

**Defendant Pusey:** Sgt. Clifton Outen sprayed inmate Hopkins with cap-foam. The cap-foam was used because inmate Hopkins refused to obey the order to allow his hands to be cuffed, and kept his hands under his body while lying on the floor.

## INTERROGATORY #11

What kind of physical effects does mace cause when sprayed on the face, eyes, nostrils and mouth?

**ANSWER: OBJECTION.** Vague and overbroad as to "physical effect." Not intended to lead to the discovery of admissible evidence. Calls for medical conclusion by the officers who are not trained medical professionals. Without waiving said objections, Defendants respond as follows:

**Defendant Pusey:** Cap-foam causes the eyes to water and mucus to run out of the subject's nose.

## INTERROGATORY #12

Was inmate Hopkins maced prior to or after he was subdued?

**ANSWER: OBJECTION.** Repetitive, vague as to "subdued," not intended to lead to the discovery of admissible evidence. Without waiving said objections, Defendants respond as follows:

**Defendant Pusey:** Inmate Hopkins was sprayed with cap-foam prior to his hands being cuffed. He refused to bring his hands out from under his body so that we could place the cuffs on them.

If possible, please attach any reports or any other documents relating to questions 1 through 12 herein above [sic].

Copies of the disciplinary record for the November 26, 2004 incident is attached to these interrogatory answers. All other documents have been included with the answers to Plaintiff's Request for Production of Documents (D.I. 45).

Case 1:05-cv-00870-SLR    Document 52    Filed 11/03/2006    Page 7 of 10

*AS TO OBJECTIONS:*

                                  **STATE OF DELAWARE**
                                  **DEPARTMENT OF JUSTICE**

                                  /s/Lisa Barchi
                                  Lisa Barchi  I.D. # 3927
                                  Deputy Attorney General
                                  Carvel State Office Building
                                  820 North French Street, 6th Fl.
                                  Wilmington, DE 19801
                                  (302) 577-8400
Date:   November 3, 2006              lisa.barchi@state.de.us

*AS TO ANSWERS:*

**DATE:**     _____                              _____
                                                          **Joseph Smith**


**DATE:**     _____                              _____
                                                          **John Pusey**


SWORN AND SUBSCRIBED before me this _____day of November, 2006

                                                                _____
                                                                 NOTARY

**CERTIFICATE OF SERVICE**

I hereby certify that on November 3, 2006 I electronically filed *Defendant Pusey's Response to Plaintiff's First Set of Interrogatories* with the Clerk of Court using CM/ECF. I hereby certify that on November 3, 2006, I have mailed by United States Postal Service, the document to the following non-registered participants:

Shane Hopkins
SBI # 253918
Delaware Correctional Center
1181 Paddock Road
Smyrna, DE 19977

        STATE OF DELAWARE
        DEPARTMENT OF JUSTICE

        /s/ Lisa Barchi
        Deputy Attorney General
        Department of Justice
        820 N. French Street, 6th Floor
        Wilmington, DE 19801
        (302) 577-8400
        lisa.barchi@state.de.us

Case 1:05-cv-00870-SLR    Document 52    Filed 11/03/2006    Page 10 of 10