| Disciplinary# | DCC Delaware Correctional Center | Date: 11/27/2004 |
|---|---|---|
| 1014567 | Smyrna Landing Road SMYRNA DE, 19977 Phone No. 302-653-9261 | |

18CL8

## DISCIPLINARY REPORT

Disciplinary Type: Class1   Housing Unit: Bldg 18   IR#: 1017887

| SBI# | Inmate Name | Inst. Name | Location Of Incident | Date | Time |
|---|---|---|---|---|---|
| 00253918 | Hopkins, Shane K | DCC | Bldg.22 A Tier | 11/26/2004 | 15:00 |

Violations: 1.02/200.201 Assault, 1.06/200.203 Disorderly or Threatening Behavior, 2.06/200.108 Failing to Obey an Order, 2.13/200.111 Possession of Non-Dangerous Contraband

Witnesses: 1. Smith, Joe   2. N/A   3. N/A

### Description of Alleged Violation(s)

On November 26, 2004 I C\O Pusey, John And C\O Smith, Joe Were Transferring Inmate Hopkins, Shane Sbi #00253918 From Al10- To Au12 Because Of A Clogged Toilet. I C\O Pusey Noticed That I\M Hopkins Had In Excess Of Books In His Possession An Started To Shakedown His Cell Al10 While I/M Hopkins Was Transferred To Au12. I C\O Pusey Then Confiscated And Bagged Up A Of I\M Hopkins Belongings And Took Them To Him In 22au12. I C\O Pusey Had Au12 Cell Door Opened To Hand The Property Ove To I\M Hopkins. I Then Told Him That The Allowable Items Were In His Bag, At This Time I\M Hopkins Became Agitated And Starte To Come Out Of His Cell. I Placed My Hand Up To Stop Him And He Pushed My Hand Out Of The Way And Shoved Past Me B Pushing Me In The Chest Area. I Then Grabbed Him To Secure Him And Then He Began To Resist. I Then Notified C\O Smith Wh Was On The Tier To Help Secure Him, We Then Placed I/M Hopkins On The Ground And Called For Backup. I\M Hopkins Continue To Resist And Sgt. Outen, Clifton Sprayed I\M Hopkins To Help Secure Him. I/M Hopkins Was Handcuffed And Secured, The Removed From The Tier And Transported To Mhu 24 Classroom #2 And Was Seen By Medical Nurse Betty And Refused Medica Treatment. I/M Hopkins Excessive Books Were Confiscated And Inventoried As Evidence. I/M Hopkins Was Advised That He Woul Be Receiving A Mab Write-Up For His Actions And Transferred To Bldg #18 Isolation.

Reporting Officer: Pusey, John E Jr(Correctional Officer)

### Immediate Action Taken

Immediate action taken by: Pusey, John E Jr-Correctional Officer

I/M Capfoamed, I/M Secured, I/M Seen By Medical, I/M Advised Of Mab Write-Up, Accomplished 404, 122 And 537

### Offender Disposition Details

Disposition: N/A   Date: N/A   Time: N/A   Cell secured? No

Reason: N/A

Disposition Of Evidence: All Evidence Secured And Forwarded To Shift Commander

### Approval Information

Approved: ☑   Disapproved: ☐   Approved By: Mccreanor, Michael (Shift Commander - Large Inst.)

Comments: N/A

### Shift Supervisor Details

Date Received:   Time:   Received From:

Shift Supervisor Determination:

[ ] Upon reviewing this Disciplinary Report, I conclude that the offense may be properly responded to by an immediate revocation of the following privileges(see reverse side) for _____ hours not to exceed 24 hours)

[X] Upon reviewing this Disciplinary Report, I conclude that the offense would be properly responded to by Disciplinary Hearin

Mccreanor, Michael (Shift Commander - Large Inst.)

DR # 1014507

Date: 11-26-04

DCC Delaware Correctional Center
1181 Paddock Road
Smyrna, DE 19977

## NOTICE OF DISCIPLINARY HEARING – FOR MINOR/MAJOR OFFENSE

To: Inmate: HOPKINS, SHANE K.   SBI#: 00 253918   Housing Unit: 22

1. You will be scheduled to appear before the Hearing Office to answer charges pending against you. (Staff are to explain the charges as listed on the 122).

2. At that time, a hearing will be held to determine whether you violated Institutional Rule(s) as alleged in the attached Disciplinary Report.

    How do you plead?  ☐ Guilty   ☒ Not Guilty

3. A "Minor Offense" is a rule violation in which the extent of the sanction to be imposed shall be restricted to:
    a. Written Reprimand.
    b. Loss of one or more privileges for a period of time **of more than 24 hours but less than 15 days.**

4. A "Major Offense" is a rule violation in which the extent of the sanction to be imposed shall be restricted to:
    a. Loss of one or more privileges for a period **of more than 15 days but less than 60 days.**
    b. Confinement to assigned quarters for a period of time not to exceed 30 days.
    c. Isolation confinement for a period of time not to exceed 15 days.
    d. Loss of good time for a period of time not to exceed 30 days. (Forfeiture of accumulated good time shall be subject to the approval of the Commissioner or his designee.)

5. You have the rights in the disciplinary process as stated on the lower and back of this page. These have been fully explained to you at the time of this notification.

6. Counsel requested?  ☒ Yes  ☐ No   Name of Counsel: CHRIS DESMOND

7. Confront accuser?  ☒ Yes  ☐ No

8. Witness requested?  ☒ Yes  ☐ No   Name of Witness: MARTIN ROBERTS
   WILLARD CHEATWOOD
   CURTIS BROWN

I certify that on 11-26-04 at 1705,
   (Date)    (Time)

I served upon the above inmate this notice of Disciplinary Hearing for Minor/Major Offense and the Disciplinary Report is attached hereto.

I have received copies of 122 & 127 and understand my rights as Form #127 has been read to me.

_____
(Employee's Signature & Title)

_____
Shane Hopkins
(Inmate's Signature)

Page 1

Form 127: May 30, 2003  DACS

| DR# | DCC Delaware Correctional Center | Date: 12/14/2004 |
|---|---|---|
| 1014567 | Smyrna Landing Road<br>SMYRNA DE, 19977<br>Phone No. 302-653-9261 | |

## DISCIPLINARY HEARING DECISION

| Inmate: Hopkins, Shane K | SBI#: 00253918 | Type: Class 1 |
|---|---|---|
| Institution: DCC, Delaware Correctional Center | Hearing Date: 12/09/2004 | Time: 09:50 |

Inmate Present: Yes    Reason(If No): N/A

Violation: 1.02/200.201 Assault, 1.06/200.203 Disorderly or Threatening Behavior, 2.06/200.108 Failing to Obey an Order, 2.13/200.111 Possession of Non-Dangerous Contraband

Inmate PLEA: Not Guilty

Inmate Statement: Didn't threaten or assault anyone. I had two library books they don't count. Pusey grabbed me and put me in choke hold. Sith hit me repeatedly.

Witness Name: Smith, Joe C\O

Testimony: N/A

Decision: Guilty

Rational: During confrontation c/o Pusey said writeup happened as he reported. Per report and confrontation inmate found guilty. 15 days isolation currently being done.

Sanctions: N/A

**HEARING OFFICER'S SIGNATURE** _____
Savage, Larry

I understand that I may appeal the decision of a Class II Hearing to the Class I Hearing Officer. I may appeal the decision of a Class I Hearing to the facility administrator. I also understand that I have 72 hours to submit my notice of appeal in writing to the Class I Hearing Officer if I am appealing a Class II Hearing decision or the Warden if I am appealing a Class I Hearing decision.

I [X] DO   [ ] DO NOT INTEND TO APPEAL

_____
INMATE's SIGNATURE

## ORDER TO IMPLEMENT SANCTIONS

[X] Inmate does not wish to appeal        [ ] Appeal has been denied by Commissioner or Designate
[ ] Sanctions have been modified          [ ] Time Limit(72 Hours since hearing) for appeal has expired

It is here by ordered to implement the sanctions:

| Sanctions | Start Date | Days | End Date |
|---|---|---|---|
| 1. Isolated Confinement | | 15 | |

Page 1 of 1

DR # 10/4567

Date: 12/9/04

DCC Delaware Correctional Center
1181 Paddock Road
Smyrna, DE 19977

## DISCIPLINARY HEARING DECISION

[✓] Class I (Major)   [ ] Class II (Minor)   [ ] Summary (24 Hour LOAP)

Inmate: Hopkins, Shane                      SBI#: 00 253918
Institution: Delaware Correctional Center   Hearing Date: 12/9/04   Time: 0950

Inmate Present: [✓] Yes  [ ] No

Reason (If No): _____

Violation: 2.001, 201 Assault 200.103 DTB 200.105 PTO 200.111 PNDC
Inmate Plea: not guilty
Inmate Statement: Didn't threaten or assault anyone. I had two shower bags they don't count. Pusey assaulted me and put me in cuffs. Also Smith hit me repeatedly.

Witness Name: _____
Testimony: _____

Witness Name: _____
Testimony: _____

Witness Name: _____
Testimony: _____

Decision: [✓] Guilty  [ ] Not Guilty  [ ] Further Investigation
Rational: During confrontation w/ Pusey, said incident occurred/happened as he reported. Per report w/ confrontation inmate found guilty.

Sanctions: 15 days isolation currently being [illegible]

Hearing Officer's Signature: [signature]

I understand that I may appeal the decision of the Hearing Officer (or Shift Supervisor in the case of a Summary Sanction) to the Commissioner of Correction or his designee. I must complete a Disciplinary Appeal Form within 72 hours immediately following the hearing and mail it to the DCC Hearing Office.

[✓] I do intend to appeal.
[ ] I do not intend to appeal.

inmate unable to sign cuffed [illegible]
Inmate's Signature

### ORDER TO IMPLEMENT SANCTIONS

[ ] Inmate does not wish to appeal     [ ] Appeal has been denied by Commissioner or Designee
[ ] Sanctions have been modified       [ ] Time Limit (72 hours since hearing) for appeal has expired

Modifications: _____
It is hereby ordered to implement the sanctions or modified sanctions on Date: _____ Time: _____

Form 121 – May 30, 2003 – 2 pt. NCR  DACS

Appendix K1

## DELAWARE CORRECTIONAL CENTER

TO: Inmate: Hopkins, Shane K.      SBI: #00253918

FROM: Shift Commander: **Capt. Michael McCreanor**

DATE: November 26, 2004

SUBJECT: Administrative Transfer

The undersigned believes that you warrant confinement to a more restrictive setting based upon Information presented. Consequently, pending review, you are hereby temporarily, administratively Transferred to:

☐ Protective Custody

■ Pre-Hearing Detention

☐ Higher Security

| Offense No. | Offense Title |
|---|---|
| 200.108 | Failing to Obey an Order |
| 200.111 | Poss. Of Non-Dangerous Contraband |
| 200.203 | Disorderly and Threatening Behavior |
| 200.201 | Assault |

_____
Signature of Shift Commander

Attach Supporting Documents/Forms i.e.: 404, 537, I/M statement, etc.

Copy to: Security Superintendent (original)
Institutional Investigator
Classification
MDT Chairperson
Transfer Office
Temporary Housing Counselor
Classified Housing Counselor
File

Form #: 228-B (Rev 11/97)

Appendix K2
Page 2

## ADMINISTRATIVE TRANSFER

### INMATE STATEMENT

S.H.× While conducting a search of my property, officer Pusey found more then the institutional allowance of 2 Books. The extra books where from the institutional library. I had 2 personal books that where sent into the prison by a family member. These personal books where clearly labled as personal property, the books titled "The Davinci Code" and "Angles and demons" by John Brown had stickers with my name and SBI num on the cover. Officer Pusey took these Books along with a personal Websters Colegiate Dictionary and Websters Thesauras in order to be malicious. Because he could. Officer Pusey then brought my property to my cell. When I asked Officer Pusey about my ×S.H. (Cont.)

ATTEST

Inmate Signature: Shane Hopkins

Date: 11-26-04

Staff Signature: [signature]   Date: 11-26-04

Inmate refused to make a statement ☐

DO NOT DUPLICATE. FORWARD ORIGINAL TO SECURITY SUPERINTENDENT'S OFFICE ONLY.

Form# 228-B (Rev 11/97)

x] personal property.

Officer Pusey physically grabed me by my shirt telling me to get into the cell. I tripped backwards over my bag of property and banged my head onto the cell door handle and befor I could stand back up straight Officer Pusey placed me in a choke hold and took me down to the ground. Officer Smith came up the stairs and punched me in the face repeatedly while I was on the ground shouting how he hated me and had been waiting for a chance to "wip my fagot ass."

S.H Officer Pusey placed me in hand cuffs and kneeled on my back. Officer Pusey told officer Smith to "Spray this motherfucker" despite the fact that I was already restrained and not resisting. After I was pepper sprayed I was lifted off of the ground and grabed by the hair, my face was then repeatedly banged into the wall wall while my hands that where cuffed behind my back where held up causing me to stand on my tippy toes. x S.H

S.H x Officers Pusey and Smith led me down the steps and out to Building 22s sliding doors. They "I don't know who because I couldn't see" perposfully banged my head and face into the sliding doors door Jamb. x S.

my face rammed into the inside sliders door jamb, the outside sliders door jamb and building Jet# she slamb/jamb, along with comments like "How did that feel Jamb", and "That sounded like it hurt". x S.H

S.H x This abuse was done because of officer Smith and Officer Puseys personal Feelings towards me, not because of any rule infraction at the time of the incident." S.H

S.H x The opportunity presented itself for officers Smith and officer's Pusey to have some Fun at my expense knowing that thier actions could be justife.

S.H x I hold no long time personal grudges about Past Confrontations like Officers Smith and Officer Pusey did. Thier abuse of Power is unjustified. x S.H

Shawn Staples                           11-26-04
                                        DATE

[Staff signature]                       11-26-04
Staff Signature                         DATE