IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SHANE K. HOPKINS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 05-870-SLR |
| | ) | |
| CORRECTIONAL OFFICER J. PUSEY, | ) | |
| CORRECTIONAL OFFICER J. SMITH, | ) | |
| DEPUTY WARDEN DAVID E. PIERCE, | ) | |
| JR., CPL M. MERSON, JUDITH | ) | |
| MELLEN, DREWRY NASH FENNELL, | ) | |
| AND ATTORNEY GENERAL OF THE | ) | |
| STATE OF DELAWARE | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANT JUDITH MELLEN'S ANSWERS AND OBJECTIONS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, defendant Judith Mellen

responds and objects to the plaintiff's First Set of Interrogatories as follows:

## INTERROGATORY NO. 1:

Did you or your agents receive several complaints from plaintiff regarding a November 26, 2004 use of excessive force upon him by two Delaware Correctional Center (DCC) guards by the name of John Pusey and Joe Smith?

## ANSWER TO INTERROGATORY NO. 1:

Ms. Mellen did not hold any position with the American Civil Liberties Union ("ACLU")

of Delaware after June, 2001. Ms. Mellen has no information responsive to this interrogatory in

her possession, custody or control.

**INTERROGATORY NO. 2:**

If your answer is yes to Question #1, then what if anything, as far as action, was taking by the American Civil Liberties Union (ACLU) to investigate this excessive force complaint?

**ANSWER TO INTERROGATORY NO. 2:**

Not applicable.

**INTERROGATORY NO. 3:**

If there was an investigation (as the records verify there was) then what state officials and DCC officials were interviewed or contacted or notified in relationship to this case?  Give full name of every official and their titles or rank interviewed by ACLU along with dates and times that said interviews occurred.

**ANSWER TO INTERROGATORY NO. 3:**

Ms. Mellen did not hold any position with the ACLU of Delaware after June, 2001.  Ms.

Mellen has no information responsive to this interrogatory in her possession, custody or control.

**INTERROGATORY NO. 4:**

Do the ACLU maintain a File number #02-22 which contain similar complaints of use of excessive force against inmates by correctional officer throughout the Delaware Department of Corrections (DOC)?

**ANSWER TO INTERROGATORY NO. 4:**

Ms. Mellen did not hold any position with the ACLU of Delaware after June, 2001.  Ms.

Mellen has no information responsive to this interrogatory in her possession, custody or control.

**INTERROGATORY NO. 5:**

Was plaintiff Hopkins complaint among File #02-22?  And was there a central investigation conducted by the ACLU?  If so, give name of each official and their titles along with date and time of interviews.  Answer each question separately.

**ANSWER TO INTERROGATORY NO. 5:**

Ms. Mellen did not hold any position with the ACLU of Delaware after June, 2001.  Ms.

Mellen has no information responsive to this interrogatory in her possession, custody or control.

**INTERROGATORY NO. 6:**

In relationship to any and all investigations conducted into the officials' use of excessive force throughout the DOC – "Did the ACLU interview the following state officials":

        A.     M. Jane Brady;?
        B.     Any Deputy Attorney General;?
        C.     Commissioner Stanley Taylor;?
        D.     Warden Thomas Carroll;?
        E.     Deputy Warden David Pierce;?
        F.     Grievance Officer Lise Merson.?

**ANSWER TO INTERROGATORY NO. 6:**

Ms. Mellen did not hold any position with the ACLU of Delaware after June, 2001.  Ms.

Mellen has no information responsive to this interrogatory in her possession, custody or control.

**INTERROGATORY NO. 7:**

How many number of DCC inmates were actually represented by the ACLU in the past ten (10) years?

**ANSWER TO INTERROGATORY NO. 7:**

Ms. Mellen did not hold any position with the ACLU of Delaware after June, 2001.  For

the time period before to June, 2001, the ACLU of Delaware did not represent any DCC inmates.

For the time period after June, 2001, Ms. Mellen has no responsive information in her

possession, custody or control.

DB02:5553438.1                                                      900006.6035

**INTERROGATORY NO. 8:**

Out of the complaints of the use of excessive force against inmates by DCC officials that make-up File #02-22" – how many of those complaints did the ACLU refer to the Federal Justice Department for further investigation?

**ANSWER TO INTERROGATORY NO. 8:**

Ms. Mellen did not hold any position with the ACLU of Delaware after June, 2001. Ms.

Mellen has no information responsive to this interrogatory in her possession, custody or control.

**INTERROGATORY NO. 9:**

State the amount of Federal funding received annually by the ACLU to conduct investigations into instance of assaults and conditions of confinement in the DOC?

**ANSWER TO INTERROGATORY NO. 9:**

Ms. Mellen did not hold any position with the ACLU of Delaware after June, 2001. For

the time period before June, 2001, the ACLU of Delaware did not receive any federal funding for

any purpose. For the time period after June, 2001, Ms. Mellen has no information responsive to

this interrogatory in her possession, custody or control.

**INTERROGATORY NO. 10:**

Is File #02-22 still open for investigation or consideration for prompt action to be taken in the near future?

**ANSWER TO INTERROGATORY NO. 10:**

Ms. Mellen did not hold any position with the ACLU of Delaware after June, 2001. Ms.

Mellen has no information responsive to this interrogatory in her possession, custody or control.

**INTERROGATORY NO. 11:**

State the final result of any investigation conducted by the ACLU into the excessive force complaint relating to the plaintiff at bar? Please give date, time and file number for investigation reports, or attach such reports to your response.

DB02:5553438.1                                                                                      900006.6035

**ANSWER TO INTERROGATORY NO. 11:**

Ms. Mellen did not hold any position with the ACLU of Delaware after June, 2001. Ms. Mellen has no information responsive to this interrogatory in her possession, custody or control.

## GENERAL OBJECTIONS

All of the following general objections are hereby incorporated into each specific answer set forth above. Any objection or lack of objection to any portion of the interrogatory is not to be deemed an admission that Ms. Mellen has information sought in a particular interrogatory.

1.      Ms. Mellen objects to each interrogatory to the extent that it requires her to furnish information from persons not in her possession, custody, or control.

2.      Ms. Mellen objects to each interrogatory to the extent that it seeks information or documents that are protected by the attorney-client privilege, that are protected by the work product doctrine, that were prepared in anticipation of litigation or in preparation for trial, that constitute or disclose the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of Ms. Mellen concerning this litigation, or that are protected by any other privilege or immunity.

3.      Ms. Mellen objects to the interrogatories to the extent that they impose obligations greater than those imposed by the Federal Rules of Civil Procedure.

4.      In each and every answer where Ms. Mellen interposes an objection, such objection shall be construed to preserve all of Ms. Mellen's rights to enter similar objections as to any future supplemental answer to such interrogatories. Moreover, a failure to object herein shall not constitute a waiver of any objections that Ms. Mellen may interpose as to future supplemental answers.

5

DB02:5553438.1                                                          900006.6035

5.      Any response or objection to any or all of the interrogatories does not mean necessarily that any information exists or is in Ms. Mellen's possession, custody or control that is responsive to the interrogatories.

6.      Ms. Mellen incorporates her general objections into each and every response to these Interrogatories.

As to objections and contentions only:

YOUNG CONAWAY STARGATT
& TAYLOR, LLP

_____
John W. Shaw (No. 3362)
The Brandywine Building, 17th Floor
1000 West Street
Wilmington, Delaware  19899-0391
(302) 571-6600
jshaw@ycst.com
    Attorneys for Defendant Judith Mellen

Dated:  November 3, 2006

6

**VERIFICATION**

I, Judith Mellen, have reviewed the attached answers to the interrogatories propounded by the plaintiff, and I hereby verify that, to the best of my knowledge, information and belief, the statements of fact made therein are true and correct.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Dated: 11/3/06

JUDITH MELLEN

## CERTIFICATE OF SERVICE

I, John W. Shaw, Esquire, hereby certify that on November 3, 2006, I caused copies of

the foregoing document to be served upon the following in the manner indicated:

**BY FIRST CLASS U.S. MAIL**                    **BY HAND DELIVERY**

Shane K. Hopkins                                Lisa Ann Barchi, Esquire
SBI #00253918, 17-A-L-4                          Stacey Xarhoulakos, Esquire
Delaware Correctional Center                     Department of Justice
1181 Paddock Road                                Carvel State Office Building
Smyrna, DE  19977                                20 North French Street
                                                 Wilmington, DE 19801


YOUNG CONAWAY STARGATT & TAYLOR, LLP

_____
John W. Shaw (No. 3362)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE  19801
(302) 571-6600
jshaw@ycst.com