IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

SHANE K. HOPKINS,                          )
                                           )
                Plaintiff,                 )
                                           )
        v.                                 )        C.A. No. 05-870-SLR
                                           )
CORRECTIONAL OFFICER J. PUSEY,             )
CORRECTIONAL OFFICER J. SMITH,             )
DEPUTY WARDEN DAVID E. PIERCE,             )
JR., CPL M. MERSON, JUDITH                 )
MELLEN, DREWRY NASH FENNELL,               )
AND ATTORNEY GENERAL OF THE                )
STATE OF DELAWARE                          )
                                           )
                Defendants.                )


## DEFENDANT JUDITH MELLEN'S RESPONSES TO
## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, defendant Judith

Mellen responds and objects to Plaintiff's First Request for Production of Documents as follows:

**REQUEST (a):**

All investigative reports done by the ACLU as a result of plaintiff's October 10, 2002 submission concerning an assault upon him by correctional officers and condition of confinement.

**RESPONSE TO REQUEST (a):**

Ms. Mellen has no responsive documents in her possession, custody or control.

**REQUEST (b):**

All investigative reports done by the ACLU as a result of plaintiff's July 7, 2005 submission concerning an assault upon him by prison officer. (See related submission attached to plaintiff's complaint as Exhibit "D").

**RESPONSE TO REQUEST (b):**

    Ms. Mellen has no responsive documents in her possession, custody or control.

**REQUEST (c):**

    All investigative reports conducted by F.B.I. agent Brenda Wise regarding the assault upon plaintiff and continued ongoing instance of assaults upon other Delaware Correctional Center (DCC) inmates.

**RESPONSE TO REQUEST (c):**

    Ms. Mellen has no responsive documents in her possession, custody or control.

**REQUEST (d):**

    All submissions contained in ACLU's File #02-22 regarding complaints of use of excessive force upon inmates by prison officers in the Department of Corrections (DOC).

**RESPONSE TO REQUEST (d):**

    Ms. Mellen has no responsive documents in her possession, custody or control.

*     *     *

    The remaining requests in Plaintiff's First Request for Production of Documents are directed to defendants Brady, Pierce and Merson.

## GENERAL OBJECTIONS

    All of the following general objections are hereby incorporated into each specific response set forth above. Any objection or lack of objection to any portion of the request is not to be deemed an admission that Ms. Mellen has documents sought in a particular request.

DB02:5555300.1                                                     900006.6035

A.      Ms. Mellen responds to the requests without admitting the relevance, materiality, or admissibility of any document produced, and all objections to the use of any document produced in response to the request are hereby expressly preserved.

B.      Ms. Mellen objects to the requests to the extent they purport to require the production of documents subject to attorney-client privilege, work product protection, or any other applicable privilege or protection. Ms. Mellen's production of documents in response to the requests is without waiver of any and all such privileges and protections. In the event that privileged or protected material is produced inadvertently, such inadvertent production shall not be deemed to constitute a waiver of such privilege or protection.

C.      Ms. Mellen objects to the requests to the extent they purport to require Ms. Mellen to produce or account for documents not in her possession, custody, or control, or not in existence, on the grounds that such a requirement is over broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

D.      Ms. Mellen objects to each and every request seeking electronic information, the search for and production of which can be unduly burdensome. Ms. Mellen will conduct a reasonable search of any electronic information requested kept by the appropriate custodians.

E.      Ms. Mellen objects to each and every request to the extent it seeks the disclosure of information disclosed to her under representations of confidence.

F.      Ms. Mellen objects to the requests to the extent they purport to impose obligations on her beyond the requirements of the Federal Rules of Civil Procedure.

3

G.      Ms. Mellen incorporates her general objections into each and every response to
these Requests for Production.

YOUNG CONAWAY STARGATT
& TAYLOR, LLP

_____
John W. Shaw (No. 3362)
The Brandywine Building, 17th Floor
1000 West Street
Wilmington, Delaware  19899-0391
(302) 571-6600
jshaw@ycst.com
    Attorneys for Defendant Judith Mellen

Dated:  November 3, 2006

DB02:5555300.1                                                                                    900006.6035

## CERTIFICATE OF SERVICE

I, John W. Shaw, Esquire, hereby certify that on November 3, 2006, I caused copies of

the foregoing document to be served upon the following in the manner indicated:

**BY FIRST CLASS U.S. MAIL**

Shane K. Hopkins
SBI #00253918, 17-A-L-4
Delaware Correctional Center
1181 Paddock Road
Smyrna, DE 19977

**BY HAND DELIVERY**

Lisa Ann Barchi, Esquire
Stacey Xarhoulakos, Esquire
Department of Justice
Carvel State Office Building
20 North French Street
Wilmington, DE 19801

YOUNG CONAWAY STARGATT & TAYLOR, LLP

John W. Shaw (No. 3362)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801
(302) 571-6600
jshaw@ycst.com