IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SHANE K. HOPKINS,                       )<br>                                         )<br>        Plaintiff,                      )<br>                                         )<br>    v.                                   )<br>                                         )<br> CORRECTIONAL OFFICER J. PUSEY,          )<br> CORRECTIONAL OFFICER J. SMITH,          )<br> DEPUTY WARDEN DAVID E. PIERCE,          )<br> JR., CPL M. MERSON, JUDITH              )<br> MELLEN, DREWRY NASH FENNELL,            )<br> AND ATTORNEY GENERAL OF THE             )<br> STATE OF DELAWARE                       )<br>                                         )<br>        Defendants.                      ) | C.A. No. 05-870-SLR |

## DEFENDANT DREWRY NASH FENNELL'S ANSWERS AND OBJECTIONS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, defendant Drewry Nash Fennell responds and objects to the plaintiff's First Set of Interrogatories as follows:

**INTERROGATORY NO. 1:**

Did you or your agents receive several complaints from plaintiff regarding a November 26, 2004 use of excessive force upon him by two Delaware Correctional Center (DCC) guards by the name of John Pusey and Joe Smith?

**ANSWER TO INTERROGATORY NO. 1:**

Plaintiff addressed an unsolicited letter to Ms. Fennell dated July 2, 2005, that attached a description of an incident described by plaintiff as occurring on November 26, 2004. After the July 2, 2005 letter, plaintiff asked several times whether an investigation had been conducted about the incident described by plaintiff as occurring on November 26, 2004.

**INTERROGATORY NO. 2:**

If your answer is yes to Question #1, then what if anything, as far as action, was taking by the American Civil Liberties Union (ACLU) to investigate this excessive force complaint?

**ANSWER TO INTERROGATORY NO. 2:**

The American Civil Liberties Union Delaware ("ACLU Delaware") is largely a volunteer organization, and it is not a legal services clinic. The ACLU Delaware also is not a government agency with criminal or civil investigative powers. Accordingly, after the ACLU Delaware received plaintiff's unsolicited letter dated July 2, 2005, it informed plaintiff that it could not provide legal services in connection with the matters discussed in plaintiff's letter. The ACLU Delaware further informed plaintiff that he should take whatever actions were necessary to protect his rights. The ACLU Delaware did not conduct an "investigation" as that phrase might be used by a law enforcement agency or a state or federal department of justice.

**INTERROGATORY NO. 3:**

If there was an investigation (as the records verify there was) then what state officials and DCC officials were interviewed or contacted or notified in relationship to this case? Give full name of every official and their titles or rank interviewed by ACLU along with dates and times that said interviews occurred.

**ANSWER TO INTERROGATORY NO. 3:**

Assuming this interrogatory refers to an investigation of the matters described in Interrogatory No. 1 above, no state or DCC officials were interviewed or contacted or notified.

**INTERROGATORY NO. 4:**

Do the ACLU maintain a File number #02-22 which contain similar complaints of use of excessive force against inmates by correctional officer throughout the Delaware Department of Corrections (DOC)?

**ANSWER TO INTERROGATORY NO. 4:**

The ACLU Delaware does not maintain "a File number #02-22." Rather, "File No. 02-22" was a tracking number created by an ACLU Delaware volunteer to aid in tracking communications with persons incarcerated in the Delaware prisons who might have information related to an assault in the Delaware prisons of a person other than plaintiff. Ms. Fennell therefore objects to this interrogatory as seeking information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Ms. Fennell further objects to this interrogatory as seeking confidential information about a person or person other than plaintiff.

**INTERROGATORY NO. 5:**

Was plaintiff Hopkins complaint among File #02-22? And was there a central investigation conducted by the ACLU? If so, give name of each official and their titles along with date and time of interviews. Answer each question separately.

**ANSWER TO INTERROGATORY NO. 5:**

Ms. Fennell objects to this interrogatory to the extent that it contains multiple subparts.

Answer to Sub-Part (5-a): Plaintiff's unsolicited letter dated July 2, 2005 was not assigned the tracking number "02-22."

Answer to Sub-Part (5-b): No "investigation" was conducted by ACLU Delaware after receiving plaintiff's unsolicited July 2, 2005 letter. See also Answer to Interrogatory No. 2.

**INTERROGATORY NO. 6:**

In relationship to any and all investigations conducted into the officials' use of excessive force throughout the DOC – "Did the ACLU interview the following state officials":

    a)     M. Jane Brady;?
    b)     Any Deputy Attorney General;?
    c)     Commissioner Stanley Taylor;?
    d)     Warden Thomas Carroll;?

    e)  Deputy Warden David Pierce;?
    f)  Grievance Officer Lise Merson.?

**ANSWER TO INTERROGATORY NO. 6:**

Ms. Fennell objects to this interrogatory as seeking information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. With respect to plaintiff, see Answer to Sub-Part 5(b) above.

**INTERROGATORY NO. 7:**

How many number of DCC inmates were actually represented by the ACLU in the past ten (10) years?

**ANSWER TO INTERROGATORY NO. 7:**

Ms. Fennell objects to this interrogatory as seeking information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Specifically, events occurring more than one year before plaintiff's first communication with ACLU Delaware have no bearing on plaintiff's claims. In addition, whether or not ACLU Delaware formed an attorney-client relationship with any other person has no bearing on whether ACLU Delaware formed an attorney-client relationship with plaintiff. Subject to and without waiving these or her General Objections, from 2001 through present ACLU Delaware has not represented any persons incarcerated in the Delaware Correctional Center or elsewhere in the Delaware prison system.

**INTERROGATORY NO. 8:**

Out of the complaints of the use of excessive force against inmates by DCC officials that make-up File #02-22" – how many of those complaints did the ACLU refer to the Federal Justice Department for further investigation?

**ANSWER TO INTERROGATORY NO. 8:**

Ms. Fennell objects to this interrogatory as seeking information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. "File No. 02-22" was a

tracking number created by an ACLU Delaware volunteer to aid in tracking communications with persons incarcerated in the Delaware prisons who might have information related to an assault in the Delaware prisons of a person other than plaintiff.

**INTERROGATORY NO. 9:**

State the amount of Federal funding received annually by the ACLU to conduct investigations into instance of assaults and conditions of confinement in the DOC?

**ANSWER TO INTERROGATORY NO. 9:**

Ms. Fennell objects to this interrogatory as seeking information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving this or her General Objections, ACLU Delaware does not receive any government funding, whether to "conduct investigations" or for any other purpose.

**INTERROGATORY NO. 10:**

Is File #02-22 still open for investigation or consideration for prompt action to be taken in the near future?

**ANSWER TO INTERROGATORY NO. 10:**

Ms. Fennell objects to this interrogatory as seeking information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. "File No. 02-22" was a tracking number created by an ACLU Delaware volunteer to aid in tracking communications with persons incarcerated in the Delaware prisons who might have information related to an assault in the Delaware prisons of a person other than plaintiff. Subject to and without waiving this or her General Objections, ACLU Delaware is no longer collecting information concerning the assault on the person described above.

## INTERROGATORY NO. 11:

State the final result of any investigation conducted by the ACLU into the excessive force complaint relating to the plaintiff at bar? Please give date, time and file number for investigation reports, or attach such reports to your response.

## ANSWER TO INTERROGATORY NO. 11:

No "investigation" was conducted by ACLU Delaware after receiving plaintiff's unsolicited July 2, 2005 letter. See Answer to Sub-Part 5(b) above.

## GENERAL OBJECTIONS

All of the following general objections are hereby incorporated into each specific answer set forth above. Any objection or lack of objection to any portion of the interrogatory is not to be deemed an admission that Ms. Fennell has information sought in a particular interrogatory.

A. Ms. Fennell objects to each interrogatory to the extent that it requires her to furnish information from persons not in the control of Ms. Fennell. Ms. Fennell further objects to each interrogatory to the extent that it requires her to furnish information protected from discovery by the attorney-client privilege or the work product doctrine.

B. Ms. Fennell objects to each interrogatory to the extent that it seeks information or documents that are protected by the attorney-client privilege, that are protected by the work product doctrine, that were prepared in anticipation of litigation or in preparation for trial, that constitute or disclose the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of Ms. Fennell concerning this litigation, or that are protected by any other privilege or immunity.

C. Ms. Fennell objects to the interrogatories to the extent that they impose obligations greater than those imposed by the Federal Rules of Civil Procedure.

6

D. In each and every answer where Ms. Fennell interposes an objection, such objection shall be construed to preserve all of Ms. Fennell's rights to enter similar objections as to any future supplemental answer to such interrogatories. Moreover, a failure to object herein shall not constitute a waiver of any objections that Ms. Fennell may interpose as to future supplemental answers.

E. Any response or objection to any or all of the interrogatories does not mean necessarily that any information exists or is in Ms. Fennell's possession, custody or control that is responsive to the interrogatories.

F. Ms. Fennell objects to each and every interrogatory seeking electronic information, the search for and production of which can be unduly burdensome. Ms. Fennell will conduct a reasonable search of any electronic information requested kept by the appropriate custodians.

G. Ms. Fennell objects to each and every interrogatory to the extent they seek information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

As to objections and contentions,

YOUNG CONAWAY STARGATT
& TAYLOR, LLP

_____
John W. Shaw (No. 3362)
The Brandywine Building, 17th Floor
1000 West Street
Wilmington, Delaware 19899-0391
(302) 571-6600
jshaw@ycst.com
    Attorneys for Defendant Drewry Nash Fennell

Dated: November 3, 2006

## VERIFICATION

I, Drewry Nash Fennell, have reviewed the attached answers to the interrogatories propounded by the plaintiff, and I hereby verify that, to the best of my knowledge, information and belief, the statements of fact made therein are true and correct.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Dated: Nov. 2, 2006

_____
DREWRY NASH FENNELL

## CERTIFICATE OF SERVICE

I, John W. Shaw, Esquire, hereby certify that on November 3, 2006, I caused copies of the foregoing document to be served upon the following in the manner indicated:

**BY FIRST CLASS U.S. MAIL**

Shane K. Hopkins
SBI #00253918, 17-A-L-4
Delaware Correctional Center
1181 Paddock Road
Smyrna, DE  19977

**BY HAND DELIVERY**

Lisa Ann Barchi, Esquire
Stacey Xarhoulakos, Esquire
Department of Justice
Carvel State Office Building
20 North French Street
Wilmington, DE 19801

YOUNG CONAWAY STARGATT & TAYLOR, LLP

_____
John W. Shaw (No. 3362)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE  19801
(302) 571-6600
jshaw@ycst.com