IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SHANE K. HOPKINS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 05-870-SLR |
| | ) | |
| CORRECTIONAL OFFICER J. PUSEY, | ) | |
| CORRECTIONAL OFFICER J. SMITH, | ) | |
| DEPUTY WARDEN DAVID E. PIERCE, | ) | |
| JR., CPL M. MERSON, JUDITH | ) | |
| FENNELL, DREWRY NASH FENNELL, | ) | |
| AND ATTORNEY GENERAL OF THE | ) | |
| STATE OF DELAWARE | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT DREWRY NASH FENNELL'S RESPONSES TO
PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, defendant Drewry

Nash Fennell responds and objects to Plaintiff's First Request for Production of Documents as

follows:

**REQUEST (a):**

All investigative reports done by the ACLU as a result of plaintiff's October 10, 2002
submission concerning an assault upon him by correctional officers and condition of
confinement.

**RESPONSE TO REQUEST (a):**

Volunteers for the American Civil Liberties Union Delaware ("ACLU Delaware")

collected information from persons incarcerated in the Delaware prisons who might have

information related to an assault in the Delaware prisons of a person other than plaintiff.  The

ACLU Delaware does not, however, create "investigative reports" as that phrase might be used

by a law enforcement agency or state or federal department of justice. Ms. Fennell objects to

producing any documents that contain confidential information about any person other than

plaintiff. Ms. Fennell further objects to this request on grounds that it seeks information neither

relevant to nor reasonably calculated to lead to the discovery of admissible evidence to the extent

the request seeks documents and information concerning communications with persons other

than plaintiff. Subject to and without waiving this or her General Objections, Ms. Fennell will

produce all documents in her possession, custody or control that are not privileged or otherwise

immune from discovery and that discuss or mention plaintiff or otherwise contain plaintiff's

name.

**REQUEST (b):**

All investigative reports done by the ACLU as a result of plaintiff's July 7, 2005
submission concerning an assault upon him by prison officer. (See related submission attached
to plaintiff's complaint as Exhibit "D").

**RESPONSE TO REQUEST (b):**

Volunteers for the ACLU Delaware collected information from persons incarcerated in

the Delaware prisons who might have information related to an assault in the Delaware prisons

of a person other than plaintiff. The ACLU Delaware does not, however, create "investigative

reports" as that phrase might be used by a law enforcement agency or state or federal department

of justice. Ms. Fennell objects to producing any documents that contain confidential information

about any person other than plaintiff. Subject to and without waiving this or her General

Objections, Ms. Fennell will produce all documents in her possession, custody or control that are

not privileged or otherwise immune from discovery and that discuss or mention plaintiff or

otherwise contain plaintiff's name.

**REQUEST (c):**

All investigative reports conducted by F.B.I. agent Brenda Wise regarding the assault upon plaintiff and continued ongoing instance of assaults upon other Delaware Correctional Center (DCC) inmates.

**RESPONSE TO REQUEST (c):**

Ms. Fennell has no responsive documents in her possession, custody or control.

**REQUEST (d):**

All submissions contained in ACLU's File #02-22 regarding complaints of use of excessive force upon inmates by prison officers in the Department of Corrections (DOC).

**RESPONSE TO REQUEST (d):**

"File 02-22" was a tracking number assigned by an ACLU Delaware volunteer to aid in

tracking communications with persons incarcerated in the Delaware prisons who might have

information related to an assault in the Delaware prisons of a person other than plaintiff.  File 02-

22 is not, however, an "investigative file" as that phrase might be used by a law enforcement

agency or state or federal department of justice.  Ms. Fennell objects to this request on

confidentiality grounds and will not produce information containing the words "File No. 02-22"

to the extent any such documents contain confidential information about any person other than

plaintiff.  Ms. Fennell further objects to this request on grounds that it seeks information neither

relevant to nor reasonably calculated to lead to the discovery of admissible evidence to the extent

the request seeks documents and information concerning communications with persons other

than plaintiff.  Subject to and without waiving this or her General Objections, Ms. Fennell will

produce all documents in her possession, custody or control that are not privileged or otherwise

immune from discovery and that discuss or mention plaintiff or otherwise contain plaintiff's

name.

3

*       *       *

The remaining requests in Plaintiff's First Request for Production of Documents are directed to defendants Brady, Pierce and Merson.

## GENERAL OBJECTIONS

All of the following general objections are hereby incorporated into each specific response set forth above. Any objection or lack of objection to any portion of the request is not to be deemed an admission that Ms. Fennell has documents sought in a particular request.

1.    Ms. Fennell responds to the requests without admitting the relevance, materiality, or admissibility of any document produced, and all objections to the use of any document produced in response to the request are hereby expressly preserved.

2.    Ms. Fennell objects to the requests to the extent they purport to require the production of documents subject to attorney-client privilege, work product protection, or any other applicable privilege or protection. Ms. Fennell's production of documents in response to the requests is without waiver of any and all such privileges and protections. In the event that privileged or protected material is produced inadvertently, such inadvertent production shall not be deemed to constitute a waiver of such privilege or protection.

3.    Ms. Fennell objects to the requests to the extent they purport to require Ms. Fennell to produce or account for documents not in her possession, custody, or control, or not in existence, on the grounds that such a requirement is over broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

4.    Ms. Fennell objects to each and every request seeking electronic information, the search for and production of which can be unduly burdensome. Ms. Fennell will conduct a reasonable search of any electronic information requested kept by the appropriate custodians.

4

5.    Ms. Fennell objects to each and every request to the extent it seeks the disclosure of information disclosed to her under representations of confidence.

6.    Ms. Fennell objects to the requests to the extent they purport to impose obligations on her beyond the requirements of the Federal Rules of Civil Procedure.

7.    Ms. Fennell incorporates her general objections into each and every response to these Requests for Production.

YOUNG CONAWAY STARGATT
& TAYLOR, LLP

John W. Shaw (No. 3362)
The Brandywine Building, 17th Floor
1000 West Street
Wilmington, Delaware  19899-0391
(302) 571-6600
jshaw@ycst.com
    Attorneys for Defendant Drewry Nash Fennell

Dated:  November 3, 2006

900006.6035

## CERTIFICATE OF SERVICE

I, John W. Shaw, Esquire, hereby certify that on November 3, 2006, I caused copies of

the foregoing document to be served upon the following in the manner indicated:

**BY FIRST CLASS U.S. MAIL**

Shane K. Hopkins
SBI #00253918, 17-A-L-4
Delaware Correctional Center
1181 Paddock Road
Smyrna, DE 19977

**BY HAND DELIVERY**

Lisa Ann Barchi, Esquire
Stacey Xarhoulakos, Esquire
Department of Justice
Carvel State Office Building
20 North French Street
Wilmington, DE 19801


YOUNG CONAWAY STARGATT & TAYLOR, LLP

_____

John W. Shaw (No. 3362)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801
(302) 571-6600
jshaw@ycst.com