IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SHANE K. HOPKINS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 05-870-SLR |
| | ) |
| JOHN PUSEY, JOSEPH SMITH, | ) |
| DAVID PIERCE, LISE MERSON, | ) |
| JUDITH MULLEN, DREWRY FENNELL, | ) |
| M. JANE BRADY | ) |
| | ) |
| Defendants. | ) |

**STATE DEFENDANTS' RESPONSE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES DIRECTED TO DEFENDANTS**

COME NOW the State defendants, John Pusey and Joseph Smith by and through their undersigned counsel and responds to the Plaintiff's first set of Interrogatories Directed to Defendants.

**GENERAL OBJECTIONS**

1. Defendants object to the Plaintiff's First Set of Interrogatories Directed to Defendants to the extent that they seek information or documents protected from disclosure by the attorney-client privilege, the work product doctrine, or any other applicable privilege.

2. Defendants object to the Plaintiff's First Set of Interrogatories Directed to Defendants to the extent they purport to require supplementation of these responses beyond that required by Federal Rule of Civil Procedure 26(e).

3. Defendants object to Plaintiff's First Set of Interrogatories directed to Defendants to the extent that they purport to place duties upon the Defendants not set forth in, or contemplated by, the Federal Rules of Civil Procedure.

4. Defendants object to Plaintiff's First Set of Interrogatories Directed to Defendants to the extent

that they purport to seek information or documents not in the possession, custody or control of the Defendants.

5. Defendants object to Plaintiff's First Set of Interrogatories Directed to Defendants to the extent that they seek the production of information equally available to the Plaintiff or Plaintiff's counsel. Such documents will be identified by the Defendants, but will not be produced.

6. Defendants object to Plaintiff's First Set of Interrogatories Directed to Defendants to the extent they purport to require production of information which are impracticable or unduly burdensome to reproduce.

7. Defendants object to Plaintiff's First Set of Interrogatories Directed to Defendants to the extent that they seek the production of information generated by or received from counsel for Defendants in connection with this litigation on or after the date of the acceptance of representation and on the grounds that such requests are unduly burdensome to the extent such documents are protected by attorney-client and work product privileges.

## RESPONSE TO INTERROGATORIES

### INTERROGATORY #1

The incident that occurred on November 26, 2004 at the Delaware Correctional Center wherein you are being sued for using unnecessary excessive force against plaintiff Hopkins – "Did you act alone in subduing Mr. Hopkins? If not, please state the names of the other officers who took part in this incident or witnessed it take place; accompanied by any/and all Reports Filed [sic] by any officer regarding the incident in question.

**ANSWER:**

    **Defendant Pusey:** Correctional Officer Joseph Smith and Sgt. Clifton Outen

    **Defendant Smith:** Myself, Officer Pusey and Sgt. Outen

### INTERROGATORY #2
Why was it necessary to use Force [sic] upon inmate Hopkins?

**ANSWER: OBJECTION.** Vague and overbroad. Without waiving said objections, Defendants respond as follows:

**Defendant Pusey:** When I took inmate Hopkins's allowed items to his new cell, he pushed me in the chest and tried to shove past me to get back downstairs to the former cell.

**Defendant Smith:** Inmate Hopkis pushed Officer Pusey in and attempt to get by him. All inmates are aware that they are never to touch a correctional officer of other prison staff.

## INTERROGATORY #3

When you responded to the location where this incident occurred with inmate Hopkins, at that time did you first try to find out the cause of the problem and notify your supervisor of the ongoing problem?

**ANSWER: OBJECTION.** Overbroad, ambiguous, irrelevant and vague as to "this incident" and not intended to lead to the discovery of admissible evidence. Without waiving said objections, Defendants respond as follows:

**Defendant Pusey:** I was the person who inmate Hopkins pushed and who he tried to get past. I needed to stop and subdue him when he did this, and there was no time call a supervisor.

**Defendant Smith:** My first obligation was to assist Officer Pusey. Other staff were in the area, and I asked them to call for backup.

## INTERROGATORY #4

If your answer is yes to the last question, please explain briefly the problem with inmate Hopkins and name the supervisory official you contacted about the problem and any directions that were given to you to resolve this matter with inmate Hopkins?? [sic]

**ANSWER: OBJECTION.** Vague, ambiguous confusing and overbroad as to "the problem with inmate Hopkins." Without waiving said objections, Defendants respond as follows:

**Defendant Pusey:** Inmate Hopkins wanted the items that were not allowed in his cell., and he was stopped from going back to his old cell. I believe another officer called for backup. Sgt. Outen came. When Sgt Outen arrived I was trying to subdue inmate Hopkins and places cuffs on him. Either Officer Smith or I asked Sgt. Outen to spray him with cap-foam.

**Defendant Smith:** Inmate Hopkins wanted items from his prior cell that he was not allowed to have. Inmate Hopkins attempted to get past Officer Pusey by pushing him. Officer Pusey was able to get inmate Hopkins to the floor. I tried to help Officer Pusey place Inmate Hopkins in handcuffs, but he would not cooperate. When Sgt. Outen arrived I asked him to use cap-foam to subdue inmate Hopkins.

## INTERROGATORY #5

If inmate Hopkins was having problems with his cellmate please explain what sort of steps were tooken [sic] to alleviate the problem?

**ANSWER: OBJECTION.** Vague, confusing, irrelevant, and not intended to lead to the discovery of admissible evidence. Without waiving said objections, Defendants respond as follows:

**Defendant Pusey:** We removed inmate Hopkins and his cellmate from his cell because the toilet overflowed. I have no knowledge of any problem he may have had with his cellmate.

**Defendant Smith:** Inmate Hopkins never told me about a problem with his cellmate. The plumbing in his cell was broken and that is the reason he was moved.

## INTERROGATORY #6

Did inmate Hopkins assault or attack you or any other officer which justified the level of force used upon him?

**ANSWER: OBJECTION.** Vague, overbroad, and calls for a conclusion. Without waiving said objections, Defendants respond as follows:

**Defendant Pusey:** Inmates are not allowed to touch the correctional officers. Inmate Hopkins pushed me in the chest, and refused to allow me to place handcuffs on him. When Sgt. Outen arrived he sprayed inmate Hopkins with cap-foam and then we were able to subdue him and place handcuffs on him.

**Defendant Smith:** Inmate Hopkins shoved Officer Pusey. Cap stun is an appropriate method for subduing an inmate who is becoming aggressive with officers or staff.

## INTERROGATORY #7

If your answer is no to the last question then what did inmate Hopkins do or say to cause you to use the force that resulted in multiple injuries to his head face and body areas?

**ANSWER: OBJECTION.** Confusing, vague and calls for speculation about the cause of alleged injuries, and not intended to lead to the discovery of admissible evidence. Without waiving said objections, Defendants respond as follows:

**Defendant Pusey:** See answer to interrogatory number 6.

**Defendant Smith:** See answer to interrogatory # 6.

## INTERROGATORY #8

Subsequently, did you and other officers who participated in this incident file any disciplinary reports and incident reports relating to this matter at hand? [sic]. Please give number (File No#)

[sic] and date to all reports filed in this incident.

**ANSWER:**

**Defendant Pusey:** A disciplinary report (# 1314567, 11/27/04) was filed by Michael McCreanor, the shift commander. Incident reports were filed by me (#1017887, 11/26/04) and by Officer Smith (# 1017890, 11/26/04). The incident reports have been produced in response to Plaintiff's Request for Production of Documents.

**Defendant Smith:** I filed incident report #1017890, and Officer Pusey filed incident report #1017887 on November 26, 2004. Michael McCreanor, the shift commander filed a disciplinary report #131567regarding this incident on November 27, 2004.

## INTERROGATORY #9

At any time in connection with this incident were you directly contacted by the ACLU for investigation regarding the force used against inmate Hopkins? If so, please state date and time of any interview with ACLU.

**ANSWER: OBJECTION.** Vague as to " at any time", not intended to lead to the discovery of admissible evidence. Without waiving said objections, Defendants respond as follows:

**Defendant Pusey:** I have never been contacted by the ACLU.

**Defendant Smith:** No one from the ACLU has ever contacted me.

## INTERROGATORY #10

Did you or any other officer spray inmate Hopkins in his face with "mace" to subdue him? If so, who gave the order to use such dractic [sic] force?

**ANSWER: OBJECTION.** Overbroad and vague as to time and place of any alleged incident regarding mace; states opinion of Plaintiff as to "dractic force" [sic], and calls for a conclusion of the undefined term "dractic force." Without waiving said objections, Defendants respond as follows:

**Defendant Pusey:** Sgt. Clifton Outen sprayed inmate Hopkins with cap-foam. The cap-foam was used because inmate Hopkins refused to obey the order to allow his hands to be cuffed, and kept his hands under his body while lying on the floor.

**Defendant Smith:** Sgt. Outen cap-foamed inmate Hopkins because inmate Hopkins continued to resist being restrained.

## INTERROGATORY #11

What kind of physical effects does mace cause when sprayed on the face, eyes, nostrils and mouth?

**ANSWER: OBJECTION.** Vague and overbroad as to "physical effect." Not intended to lead to the discovery of admissible evidence. Calls for medical conclusion by the officers who are not trained medical professionals. Without waiving said objections, Defendants respond as follows:

**Defendant Pusey:** Cap-foam causes the eyes to water and mucus to run out of the subject's nose.

**Defendant Smith:** Cap-foam causes the person to close their eyes and their nose to run.

## INTERROGATORY #12

Was inmate Hopkins maced prior to or after he was subdued?

**ANSWER: OBJECTION.** Repetitive, vague as to "subdued," not intended to lead to the discovery of admissible evidence. Without waiving said objections, Defendants respond as follows:

**Defendant Pusey:** Inmate Hopkins was sprayed with cap-foam prior to his hands being cuffed. He refused to bring his hands out from under his body so that we could place the cuffs on them.

**Defendant Smith:** Inmate Hopkins was sprayed before he was restrained, because he continued to fight while we were trying to put hand cuffs on him.

If possible, please attach any reports or any other documents relating to questions 1 through 12 herein above [sic].

Copies of the disciplinary record for the November 26, 2004 incident were attached to the answers to John Pusey's answers to Plaintiff's First Set of Interrogatories. (D.I. 52). All other documents have been included with the answers to Plaintiff's Request for Production of Documents (D.I. 45).

AS TO OBJECTIONS:

STATE OF DELAWARE
DEPARTMENT OF JUSTICE

/s/Lisa Barchi
Lisa Barchi  I.D. # 3927
Deputy Attorney General
Carvel State Office Building
820 North French Street, 6th Fl.
Wilmington, DE 19801
(302) 577-8400
lisa.barchi@state.de.us

Date:  November 3, 2006

AS TO ANSWERS:

DATE: 11-4-06

Joseph Smith

DATE: 11-5-06

John Pusey

SWORN AND SUBSCRIBED before me this _____ day of November, 2006

_____
NOTARY

## CERTIFICATE OF SERVICE

I hereby certify that on November 6, 2006 I electronically filed *State Defendants' Response to Plaintiff's First Set of Interrogatories* with the Clerk of Court using CM/ECF, which will send notification of such filing to the following: John W. Shaw, Esquire.

I hereby certify that on November 6, 2006, I have mailed by United States Postal Service, the document to the following non-registered participants:

Shane Hopkins
SBI # 253918
Delaware Correctional Center
1181 Paddock Road
Smyrna, DE 19977

STATE OF DELAWARE
DEPARTMENT OF JUSTICE

/s/ Lisa Barchi
Deputy Attorney General
Department of Justice
820 N. French Street, 6th Floor
Wilmington, DE 19801
(302) 577-8400
lisa.barchi@state.de.us