In The United States District Court
For The District of Delaware.

Shane K. Hopkins
    Plaintiff,

V.

C/o John Pusey, et al.,
    Defendants

Civ. No. 05-870-SLR

FILED
FEB -9 2007
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

Comes Now Plaintiff Shane K. Hopkins Request for Extention To Pursue Discovery And Appointment of Counsel.

    As A Pro Se Litigant The Plaintiff Requests That This Honorable Court Will Allow Some Latitude With Regard To The Presentation of This Motion.

    1) The Plaintiff, As An Incarcerated Inmate Is Unable To Afford Counsel. As A Result The Plaintiff Filed This Complaint Pro Se.

    2) The Plaintiff Shane K. Hopkins Himself Has No Direct Knowledge of Civil Law.

    3) The Plaintiff Has Pursued This Complaint With The Help of Ronald Proctor #163750. Ronald Proctor Is A Jail House Lawyer Whom The Plaintiff Paid The Sum of $10.00 A Month To Guide The Plaintiff Through Every Step of This Process. (Please See Attachments Section "A")

4) Since August 2006 The Plaintiff Shane K. Hopkins Has Been Denied Any Communication With Inmate Ronald Proctor Because Department of Corrections Policy Prohibits Any Inmate From Assisting Another With Legal Issues.

5) Untill January 10th 2007 Ronald Proctor Held Within His Possession Documents Needed To Fully Comply With The Defenses Request To Disclose All Relevant Documents For Discovery.

6) Since August 2006 The Plaintiff Has Been Attempting To Maintain And Pursue This Complaint Without Direct Knowledge of Civil Law.

7) In September The Plaintiff Enlisted The Assistance of James Riley. James Riley Is A Jail House Lawyer At The Delaware Correctional Center. The Plaintiff Payed James Riley $15.00 For Writing And Submitting All Interrogitories Directed Towards Each Defendant.

8) On September 16th 2006 The Plaintiff Shane K. Hopkins Became The Victim of A Violent And Vicious Attack By Another Maximum Security Inmate After Being Labled A Jail House Snitch or Informant By Several Correctional Officers Whom Are Co Workers of The Defendants.

9) The Plaintiff Was Taken To Kent General Hospital Where He Recieved (5) Stitches To The Head. (See Attachments Section "B")

10) All of the Plaintiffs property was inventoried and sent to the Institutional Property Holding Office.

11) The Plaintiff Shane K. Hopkins spent approximately (7) days housed in the Institutional Infirmary for observation.

12) While there the Plaintiff filed several grievances concerning the fact that he was unjustly being held in maximum security housing with violent inmates. (See Attachments Section "C")

13) Despite this the Plaintiff was returned to the exact same housing unit and cell where the rumors that the Plaintiff was a jailhouse snitch/informant where desseminated and the attack took place subjecting the Plaintiff to constant fear for his physical safety and future harrassment from correctional officers.

14) On or about 10-5-06 the Plaintiffs property was returned to his possession.

15) The Plaintiffs legal materials where in a disorginized state and it took time to organize and comply with the defenses request for production of documents and answer the interrogitories directed to the Plaintiff.

16) During the Plaintiffs inventory of legal materials he discerned that legal documents had been removed from his property hindering his ability to continue with the discovery process

17) Dispite Department of Corrections Policy The Plaintiff has attempted unsuccessfully to obtain competent assistance from another Jail House Lawyer.

18) The Plaintiff Shane K. Hopkins is attempting to take a crash course on Civil Law with the help of Books. While the Plaintiff has an adequate aptitude for reading comprehension this process is difficult. The Plaintiff has learned more about Civil Law and the Discovery Process from the Attorneys for the Defense then from any other source.

19) The Plaintiff Requests for an extention of time to pursue Discovery in order to ask several more interrogitory questions, to depose the defendants, and to depose and obtain statements from inmate witnesses. Processes that the Plaintiff was not even aware where available to him until the Attorneys for the Defense requested them.

20) The Plaintiff is not sure how competent he himself as a Pro Se Litigant will be pursuing this stage of discovery. Mistakes are being made because of the Plaintiffs complete lack of knowledge of Civil Law. Mistakes that could be detrimental to the Plaintiffs case.

21) Your Honor states in Her denial for appointment of counsel dated September 8th that among other factors the Plaintiff is "able to articulate the alleged facts clearly" and that "to date, the motions he has filed evidence his ability

TO UNDERSTAND AND IMPLEMENT THE RULES OF CIVIL PROCEDURE."

22) THE PLAINTIFF IS ABLE TO MAKE HIS OWN THOUGHTS CLEAR TO THE COURT. HOWEVER THE PLAINTIFF HIMSELF IS NOT SURE EXACTLY WHAT THE RULES OF CIVIL PROCEDURE ARE. THE PLAINTIFF IS UNAWARE OF HOW TO RESEARCH AND USE CASE LAWS IN ORDER TO ANSWER MOTIONS FILED BY THE DEFENSE.

23) UNKNOWN TO THE COURT THE PLAINTIFF HAD COMPETENT ASSISTANCE THROUGH EVERY STEP OF THE LEGAL PROCESS UNTILL AUGUST 2006.

24) THEREFORE THE PLAINTIFF REQUESTS THAT THIS HONORABLE COURT RECONSIDER HIS REQUEST FOR APPOINTMENT OF COUNSEL.

25) THE PLAINTIFF REQUESTS THAT THIS CONSIDERATION FOR APPOINTMENT OF COUNSEL BE BASED ON (2) FACTORS.

    1) WHETHER THE PLAINTIFFS COMPLAINT HAS MERIT.
    2) THE PLAINTIFFS LACK OF KNOWLEDGE WITH REGARD TO CIVIL LAW.

26) IN SUPPORT AND IN EXPLINATION ASTO WHY THE PLAINTIFF SHANE K. HOPKINS BELIEVES THIS COMPLAINT HAS MERIT THE PLAINTIFF OFFERS THE FALLOWING WITH REGARD TO EACH DEFENDANT.

27) WITH REGARD TO CORRECTIONAL OFFICER JOHN PUSEY. THE PLAINTIFF FEELS THAT THERE IS NO REASON TO ELABORATE FURTHER ASTO WHY THIS COMPLAINT WAS BROUGHT AGAINST HIM.

28) With Regard To Correctional Officer Joe Smith. The Plaintiff Feels That There Is No Reason To Elaborate Further As to Why This Complaint Was Brought Against Him.

29) With Regard To Defendant Deputy Warden David E. Pierce. The Plaintiff Feels That The Deputy Warden Was Made Aware That An Assault Against The Plaintiff Had Taken Place Through Correspondence, (See Plaintiffs Document Production Pages 29-Thru-33). Defendant David E. Pierce Ordered An Investigation But Failed To Fallow Through Thereby Covering Up The Abuse The Plaintiff Was Subjected To, (See Plaintiffs Document Production Page #16 And The Notation At The Top Of Grievance #9907.). The Deputy Warden Refused To Forward The Allegation of Assault To The State Police For Investigation And/or Prosecution. Therefore The Plaintiff Feels That David E. Pierce Made No Attempt To Resolve This Issue Contained Within Grievance #9907 As Needed In Order For The Plaintiff To Exhaust Administrative Remidies After The Grievance Was Summarily Dismissed.

30) With Regard To Defendant Corporal M. Mearson Department of Corrections Grievance Hearing Board Officer The Plaintiff Feels That M. Merson Was Fully Aware That Inmates Placed Within Isolation Status Do Not Have Access To Writing Implements Needed To Appeal Disciplinary Decisions or File Grievances Within The 7 Day Period As Stated In Grievance #9907. Defendant M. Merson Summarily Dismissed This Grievance Without Consideration For The Seriousness of The

contents within. Summary dismissals by the Department of Corrections Grievance Hearing Board without providing appeal forms even when requested is common practice, (see attachments Section "C" Grievances #75764 - #75763 and #75753). The deliberate refusal to provide appeal forms has and will continue to impede any attempts to resolve issues administratively.

31) With regard to The Honorable M. Jane Brady whom was at the time The Attorney General of the State of Delaware. The Plaintiff feels that as a incarcerated inmate incapable of picking up a telephone and reporting what the plaintiff feels was a crime purportedly against him that the Attorney General should have had an obligation to investigate this report of assault. When she did not do so it was the same as authorizing and condoning this and future acts of abuse by correctional officers.

32) With regard to Drewry Nash Fennell and Judith Mullen Directors of the American Civil Liberties Union the plaintiff himself feels that the A.C.L.U. Defendants recieve such a magnitude of reports concerning physical abuse against inmates within the Delaware Correctional System that they should have taken action. While the A.C.L.U. has no obligation to do so, taking so many reports by unrepresented inmates concerning claims of civil rights violations without addressing them because of the complexity of the problem is the same as not only condoning these reports but conspiring to conceal them with the Department of Corrections.

33) Finally the Plaintiff would like to state that as he does not know Civil Law, The Plaintiff is unaware if there is any basis to support all aspects within the complaint.

Shane Hopkins
Shane K. Hopkins
# 253918
1181 Paddock Rd.
Smyrna Delaware
19977

Dated: January 31st 2007

## Certificate of Service

I, <u>Shane K. Hopkins</u>, hereby certify that I have served a true and correct cop(ies) of the attached: <u>Motion For Time Extention To Pursue Discovery And Appointment of Counsel</u> upon the following parties/person (s):

TO: <u>Stacey Xarhoulakos</u>
<u>Deputy Attorney General</u>
<u>Department of Justice</u>
<u>820 N. French Street 6Th Floor</u>
<u>Wilmington Delaware</u>

TO: _____
_____
_____
_____
_____

TO: <u>John W. Shaw</u>
<u>The Brandywine Building</u>
<u>1000 West Street 17Th Floor</u>
<u>Wilmington Delaware</u>

TO: _____
_____
_____
_____
_____

**BY PLACING SAME IN A SEALED ENVELOPE** and depositing same in the United States Mail at the Delaware Correctional Center, Smyrna, DE 19977.

On this <u>6Th</u> day of <u>February</u>, 2007

<u>Shane Hopkins</u>

I/M Shane Hopkins
SBI# 253918    UNIT #22
DELAWARE CORRECTIONAL CENTER
1181 PADDOCK ROAD
SMYRNA, DELAWARE 19977



Office of The Clerk
United States District Court
844 N. King Street Lockbox 18
Wilmington, Delaware
   19801

Legal Mail
Mailed 2-6-07