ATTACHMENTS SECTION "A"

(Rev. 6/97)

## FORM TO BE USED BY A PRISONER IN FILING A COMPLAINT
## UNDER THE CIVIL RIGHTS ACT, 42 U.S.C. §1983

### UNITED STATES DISTRICT COURT
### DISTRICT OF DELAWARE

_Shane K. Hopkins_

(Enter above the full name of the plaintiff in this action)

V.

_Correctional/officer T. Pusey,_
_Correctional/officer J. Smith,_
_CPL. M. Merson,_
_Deputy Warden David E. Pierce Jr.,_

(Enter above the full name of the defendant(s) in this action

_ACLU.of Delaware Judith Mullen, Deewey Nash Fennelli_
_Attorney General of Delawars M. Jane Brady_

_Civil Action No._____

_Jury Trial Demand_
_Class-Certification_

I.    Previous lawsuits

A.    Have you begun other lawsuits in state or federal courts dealing with the same facts involved in this action or otherwise relating to your imprisonment?
YES [ ]    NO [X]

B.    If your answer to A is yes, describe the lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same outline).

1.    Parties to this previous lawsuit

Plaintiffs _N/A_

Defendants _N/A_

2.   Court (if federal court, name the district; if state court, name the county)

_N/A_

3.   Docket number _____

4.   Name of judge to whom case was assigned _N/A_

5.   Disposition (for example: Was the case dismissed?  Was it appealed?  Is it still pending?) _N/A_

6.   Approximate date of filing lawsuit _N/A_

7.   Approximate date of disposition _____

II.   A.   Is there a prisoner grievance procedure in this institution?  Yes [ ✓ ] No [  ]

B.   Did you present the facts relating to your complaint in the state prisoner grievance procedure?  Yes [ ✓ ]  No [  ]

C.   If your answer is YES,

1.   What steps did you take? _Filed Grievance Once I Was Released From Isolation Confinement_

2.   What was the result? _Returned As Expired filing Period (See Exhibit "A")_

D.   If your answer is NO, explain why not _N/A_

E.   If there is no prison grievance procedure in the institution, did you complain to prison authorities?  Yes [  ]  No [  ]

F.   If your answer is YES,

1.   What steps did you take? _N/A_

2.   What was the result? _____

III.   Parties

(In item A below, place your name in the first blank and place your present address
in the second blank. Do the same for additional plaintiffs, if any.)

A.   Name of Plaintiff   SHANE K. Hopkins #00253918

Address   1181 Paddock Road DCC-STU. Smyrna, Delaware
19977-967

(In item B below, place the full name of the defendant in the first blank, his official
position in the second blank, and his place of employment in the third blank. Use
item C for the names, positions, and place of employment of any additional defendants.)

B.   Defendant  Mel J. Lusey                 is employed as  Correctional
Officer                      at  DCC-MHU-Smyrna, Delaware
1997

C.   Additional Defendants  CPL J. Smith (Cpe. off. ser.; Cpl. m. Mars.
Crievance Personal; Deputy Warden DE Pierce JR.,
* ACLU of Delaware (Director) Judith Mullen and
Penny Nash Tennelless; Attorney General M.
Jane Brady.

IV.   Statement of Claim

(State here as briefly as possible the facts of your case. Describe how each defendant
is involved. Include also the names of other persons involved, dates, and places.
Do not give any legal arguments or cite any cases or statutes. If you intend to allege
a number of related claims, number and set forth each claim in a separate paragraph.
Use as much space as you need. Attach extra sheet if necessary.)

Jurisdiction

1.) This Court has Jurisdiction over Plaintiffs
Federal Claims pursuant to 28 USC §§1331 and
1343(A)(3) And Also State AW Claims pursuant
to 28 USC §1367.                    Cont (2)→→

* ACLU of Delaware Add. is:
100 W. 10th St Wilm. Del Suite 309    -3-
A801
** M. Jane Brady Add. is:
820 N. French St 11th floor

Cont 3.(2)                    Complaint

## Venue

2.) The District Court of Delaware is an Appropriate Venue under 28 U.S.C. § 1391(b)(2) because the Substantial Part of the events or omissions giving Rise to the Claims occurred in this district.

## Parties

3.) Plaintiff, Shane K. Hopkins Through-out The Incidents herein under is an Inmate at The Delaware Correctional Institution as an Sentenced Defendant Serving a Valid Sentence order Pursu-ant to 11 Del. C. § 3903 at The Aforesaid Institution.

4.) Defendant C/O J. Qusey was at all times herein employed as a Correctional officer at The Delaware Correctional Institution and on November 26, 2004 did use Excessive force upon Plaintiff Shane K. Hopkins in Violation of 11 Del. C. § 468(5). And in furthence Thereof Assuatted Plaintiff in Violation of 11 Del. C. § 1254 by Striking Plaintiff Numerious times with a Closed fist And Ramming Plaintiffs head into a Cement Wall while Restrained

(2̶4)

Cont. (P. 3)                    Complaint

IN Hand Cuffs And did Conspire To furtherance
of The Aforesaid. With ANother Correctional officer
C/o J. Smith in Violation of 11 Del. C. § 512·513 And
did MAKE direct Threats upon Plaintiff, If Plaintiff
Complained To Prison officials. All While Acting under State
laws Code of Conduct, And State Code, Color of Conduct.*

      5.) Defendant C/o J. Smith WAS At All Times
herein employed As A Correctional officer At The Del-
-Aware Correctional Institution And on November 26,
2004 did use Excessive force upon Plaintiff Shane
K. Hopkins in Violation of 11 Del. C. 468(5) And in fur-
-Thence Thereof Assaulted Plaintiff in Violation of
11 Del. C. 31254 by Striking Plaintiff Numerious Times
With A Closed fist And Ramming Plaintiffs head into
A Cement Wall While Restrained in handcuffs And did
Conspire To furtherance of The Aforesaid With Def-
-endant C/o J. Pusey in Violation of 11 Del. C. § 512·513
And did MAKE Combined directed Threats Towards Pla-
-intiff, If Plaintiff Complained To Prison officials
All While Acting under State laws Code of Conduct And
State Code, Color of Conduct.*

_____

* 10 Del. C. § 4001 Thru 4010        (5/3)

Cont. (#4)    Complaint

6.) Defendant Cpt. J.M. Merson was at all Times herein employed as a Grievance Appointment Director at the Delaware Correctional Institution and on December 20, 2004 did deny The Submission of a Grievance And did not Provide Appeal forms To Appeal A Grievance decision in Violation of 42 USC § 1997 And did Conspire in furtherance of An Excessive Use of force Claim And Knowingly Made false Statements in The Course of Actions to Prevent The disclosure of A State law Violations As Incorporated in both The factual and Inves-tigatory Process of The Grievance Submission And Access of Grievance Process of A Class of Persons While in Isolation Status And did in A Manner Consistant Towards Preventing dis-closure of Assuatts upon A Class of Inmates In The SHU (Security Housing Units) from 2001 To date in Violation of (CRIPA) 42 USC § 1997 As A Continued Pattern of Rejections of Griev-ances) Submitted by Numerious Inmates in The Same Manner As Evidenced In Plaintiffs Grievance (See Exhibit A)

Cont Q.(5)        Complaint

7.) Defendant Deputy Warden David E.
Pierce, Jr., did AT All Times herein Employed AS A
Respondent Superior over Plaintiff And Defendants
And did on December 30, 2004., Institute An Inves-
-Tigation into The Allegations As Contained In Exhibit
'A' And did Thereafter Attempt in furtherance To
Prevent disclosure of Advanced Claims And Requests
For Criminal Charges, by The direct, Acts. from
12-30-04 To date, while Employed AT Delaware
Correctional Institution And Acting under State Laws
And Code of Conduct AS Respondent Superior*

      *
      8.) Defendant(s) AC.L.u. of Delaware
Judith Mullen Esq. And Drewry Nash fennell AT
All Times herein did Maintain In file No. 02-22
Numerious Allegations of A Pattern of Continued
Assualts upon Plaintiff And Numerious other
Inmates AT Delaware Correctional Institution And
did Knowingly Aware of Prevent, Hinder The Dis-
-closure of On-going Criminal Conduct IN
Violation of 42 USC §1997 CRIPA. Violations
To The Department of Justice IN Violation

(7/8)

*See Exhibits C'

CONT 7.(8)    Complaint

of Delaware Rules of Professional Conduct 8.4.(d) And usage of File: 02-22 Submission(s) for National funding And Investigatory Process, That Allowed for ongoing., Violations of Numerious Inmates, Assuaults And Excessive use of force Incidents from 2002 To date 'Not' To be disclosed or Invers-Tigated by The State of Delaware Attorney Gen-erals office or The Civil Rights Division of The United States Attorney General Investigatory Process Under 42 U.S.C. §1997 CRIP.A (Civil Rights Institutional Persons Act) (See Exhibits 'D')

9.) Defendant Delaware Attorney General M. Jane Brady While at all Times, herein deny Plaintiff Access Towards State Laws Claims Against defendants And did fail To Respond To or Institute Investigatory Process of State Law Claims Against defendant While housed At The Delaware Correcional Institution And Knowinly Aware of The Aforesaid Incident fail To prevent or uphold Criminal Conduct of State Actors While As The Attorney General of The State of Delaware during The Afore-

(8)

Cont p. (9)    Complaint

Said Time Periods of 2002 To Date (See Exhibit 'E')

## Factual Allegations

10.) On November 26, 2004 defendants CO S.T. Pusey And CO J. Smith did Assault Plantiff As Contained In Plantiffs Attached Affidavit As (Exhibit B') And did Cause Injury in The Performance of duties in Violation of State Laws) And did make direct Threats upon Plantiff And did Conspire Against Plantiff To Stop Prevent or Allow Plaintiff To Report The Incident in a Manner That displays Contiuned Pattern of Acts Against Plantiff And Other Inmate(s) in Combined effect That Was Illegally done in Violations of State and Federal Laws. (Plantiff Statement of Claim is Imbedded Within The Affidavit Aforesaid And Would Submitt It As Allegations of Factual Content of Claims herein (As Statement of Facts")

11.) On December 17, 2004 Plaintiff

(9)

Con't (8)                    Complaint

Submitted A Grievance belated for The November 26, 2004 Incident And Contained Within The Griev-ance The Reasons for 'Not' being Able To Timely file A Grievance Within The 7 day Time Periods due To denial of Access by Any Inmate Who is on Isolation(s) Status To A Pen, Paper, Bible Legal Papers Grievance Forms by The direct Actions of Defendant Cpl. J.M. Merson Who is Aware of And is Responceable for The Grievance Process At Delaware Correctional Institution From 2002 To Date And Knowingly Aware of Other Inmates denial of Access To Grievances While under 15 day Isolation Status As Evidenced of Plaintiffs Claims) de novo upon Exhibit 'A' herein As Stated Thereinunder. (Plaintiffs Claims Are founded As Incorporated As Contained In Exhibit 'A' Content And Context of Class-Action Based Claims From 2002 To Date").

12.) From 2002 To date Both Directors of A.C.L.U. of Delaware did prevent The disclosure of on-going Civil Rights Violations To be Presented

10
(8)

GNJ 0. (9)                    Complaint

The U.S. Department of Justice Civil Rights
Divisions as an on-going C.R.I.P.A. Violations of
Both State and Federal laws.

13.) Delaware Attorney General M.
Jane Brady did from July 2, 2005 to date
did not Respond to Allegations of State law
Violations and or Investigatory Process into
The Assualt of Plaintiff.

14.)  <u>Civil Assualt</u>
       Plaintiff Realleges Paragraphs
4-5.

15.) This is a Civil Action brought by
Shane K. Hopkins for Assualt against Correctional
officers J. Pusey and J. Smith.

16.) Defendants Pusey, and Smith
Acted in Consortum towards Verbal Threats
And Physicial Assualt upon Plaintiff and did
So While <u>Actions Complained of Were done under</u>
The Color of State Code And In Preformance
of Their Statutory duties.

(9)

Cont'd. (12)   Complaint

17.) The actions of Assualt referred to in Paragraphs 4-5 was done and uttered by Pusey and Smith with the deliberate intent to cause bodily harm and to frighten Plaintiff, by the threat both Pusey and Smith created reason-able and real apprehension of fear and bodily harm in the mind of Plaintiff in that both Pusey and Smith presented the ability to inflict assualt upon Plaintiff and did so without regard to the 24 other inmates who witnessed the assualt up Plaintiff.

18.) The assualts and threats upon Plaintiff aided and abetted by both Pusey and Smith, both acting as agents of Department of Corrections were willful, wanton and malicious, these acts and threats caused Plaintiff severe mental anguish and emotional distress by putting him in a state of fear and apprehension, which in turn, had a severely detrimental effect upon his life and general well-being and impaired his ability to manage his affairs or be released on____

(12)

CONT Q. (13)          Complaint

From SHU To MHU. Housing Were both defendants
Are employed and Were The Incident of Assuatt As
Stated Herein Happened.

Ouicial Intentional Infliction of Emotional Distress

A.) Correctional officers J. Pusey
And J. Smith Reallege in Paragraphs 4-5.

20.) This is An Action brought by
Shane K. Hopkins Against Co's Pusey And Smith
For Intentional Infliction of Ouicial Emotional
distress.

21.) Both Co's Pusey And Smith
occupied A unique Position with Regard To
11 Del. Code § 4068(5) Acted in An Extreme And
outrageous Manner Towards Plaintiff And
Co's Pusey And Smith Conduct designed And
Intended To Inflict Severe emotional distress
on Plaintiff And defendants Was The direct And
Proximate Cause of Ouicial Severe Emotional
distress Suffered by Plaintiff.

(13)

CONT J. (14)

# Complaint

Count I: Violation of Constitutional Rights

Compensatory Damages

22.) Defendants C/O J. Pusey And C/O J. Smith As Plaintiff incorporates herein by Reference The Allegations Contained in Paragraphs 4-5 The Intentional beatings of Plaintiff by Defendants Pusey And Smith Violated The Right of Plaintiff As guaranteed by The fourth, fifth, And Eighth Amendments To The United States Constitution, for which defendant officers Are Individually liable.

Count II: Violation of Constitutional Rights

Exemplary Damages

23.) Defendants C/O J. Pusey And C/O J. Smith As Plaintiff Incorporates herein by Reference The Allegations Contained in Paragraphs 4-5 The Intentional beatings of Plaintiff by Defendants Pusey And Smith when Plaintiff Was Handcuffed, unarmed And did NOT Pose A Threat of death or grievous bodily Injury To defendants, When defendants had No lawful Auth-

Cont 3(15)                    Complaint

ority to use Non-deadly force against Plaintiff was done with actual Malice Toward Plaintiff and with willful and Wanton Indifference To and deliberate disregard for the Constitution Rights of Plaintiff ()

Count III: Violation of Statutory Civil Rights Compensatory of Damages:

24.) Defendants Cpl. J. Qusey and Cpl. J. Smith As Plaintiff Incorporates herein by Reference The Allegations Contained in Paragraphs 4-5 The Intentional Beatings of Plaintiff by defendants Qusey And Smith when Plaintiff was warned And did not pose a Threat of death or grievous bodily Injury to defendants or others, When defendants had No Authority To use Non-deadly force against Plaintiff was done with actual Malice Toward Plaintiff and with Willfull and Wanton Indifference To and deliberate disregard for The Statutory Civil Rights of Plaintiff

Count IV: Conspiracy To Violate Civil Rights Compensatory damages

25.) Defendants Cpl. J. Qusey And Cpl. J.

(15)

Con't 9. (16)                    Complaint

Smith As Plaintiff Incorporates herein by Reference The Allegations Contained in Paragraphs 4-5 And 10 defendants Pusey And Smith Conspired To Violate Plaintiffs Statutory Civil Rights As in Violation of 42 USC §1983 And §1997 For which defendants Pusey And Smith Are Individually liable.

## COUNT V: ASSUALT AND BATTERY
## Compensatory damages

26.) Defendants C/O J. Pusey C/O J. Smith As Plaintiff Incorporates herein by Reference The Allegations Contained in Paragraphs 4-5 The beatings, Verbal Abouse And use of Non-deadly force by defendants Pusey And Smith when defendants were Not in Imminent danger from Plaintiff was Without Justification or Provocation was Excessive And Constitutes Assault And battery For which def-endants Pusey And Smith Are Individually liable.

## COUNT VI: ASSUALT AND BATTERY
## Exemplary damages
27.) Defendants C/O J. Pusey And

CoNJ Q(45)                    Complaint

ClbJ. Smith INcorporate herein by Reference The Allegations Contained In Paragraphs 4-5 The Beatings And Verbally Abused Plaintiff in A Manner That Was Extreme, Outrageous And unjustified And Caused Plaintiff To Suffer physical And Non-deadly Force Against Plaintiff, Was done With Willful And WANTON Indifference To And deliberate disRegard for Human life And The Rights of Plaintiff.

Count VII: Intentional Infliction of Emotional Distress
Compensatory Damages

28.) Defendants ClbJ. Pusey ClbJ. Smith As Plaintiff Incorporates herein by Reference The Allegations Contained in Paragraphs 4-5 defendant Pusey And Smith intentionally beat And Verbally Abuse Plaintiff in A Manner That Was Extreme, Outrageous And unjustified And Caused Plaintiff To Suffer physical And Emotional distress for Which defendant Pusey And Smith ARE Individually liable.

Count VIII: Intentional Infliction Emotional Distress
Exemplary Damages
29.) Defendants ClbJ. Pusey ClbJ.

Persons Acting in Concert or Cooperation With them from further Violating The Rights, Privileges and Immunities Guaranteed To The Plaintiff Under The Constitution of The United States of America;

B.) Grant Compensatory damages To Plaintiff in The Sum of $ 400.000⁰⁰ dollars

C.) Grant Punitive damage in The Sum of 2.4 Million dollars.

d.) Grant Plaintiff his Costs of This Action, Including Reasonable Attorney fees.

Dated: _____        X_____
                                Shane K. Hopkins
                                Prose Plaintiff
                                1181 Paddock Rd 17AL
                                Smyrna Delaware
                                      19977-96

I declare under Penalty of Perjury That The foregoing is True And Correct

                                X_____
                                Shane K. Hopkins Pros

MAY 4, 2005
ASSISTANT DEPUTY WARDEN D.R. PIERCE
MAJOR. DAVE HOLMAN
SEE. SP.
DCC SMYRNA - SHU - MHU UNITS

RE: GRIEVANCE # 9907 ASSUALT OF INMATE.

I AM REQUESTING THAT YOU NOTIFY ME OF THE OUT-COME OF MY REQUEST-GRIEVANCE AS TO THE ASSUALT UPON MY PERSON AS STATED IN THE GRIEVANCE 9907 AND DEPUTY WARDENS D.R. PIERCE REQUEST AT TOP OF GRIEVANCE FOR YOU TO ASSIGN A SUPERVISOR (OTHER THAN LT BOONE) TO INVES. THE ALLEGATIONS THEREIN. PLEASE NOTIFY ME ACCORDINGLY.

SINCERELY YOURS,

X _____

SHANE HOPKINS
#00253918
SHU. 17A/4

XC: FILE
CC: COLM F. CONNOLLY, ESQ.

May 30, 2005

To W. De. Pierce
Re: Reply To Your Memorandum of 5-18-05

Dear Sir:

Thankyou for Responding To My Written Request of (once Again Show Your R-jaitreTC DW. has one F-doTe onit) Received on 5-9-05 As To Greiv # 9907 disposition I Would like You To Know That 'NO' one has spoken To me About This Greivance or Another Addandum Greivance # 9908 Since They were filed And I would Also Note That I was deined Access To Anything dueNing The Time Period I was held IN Isolation Status, Thus, I filed As soon As Could obtain my Propery Back. I Say this This because IT is A Common CusTom or Pracjice To deny Anyone IN Isol. Status A Pen or Greiv(s).

I would Also Note That BOP. And C.F.R. on Greiv. Procedure Will show That No Process Now Could be Timely As The Greiv(s) And more Than 180 days Old. Please Notify me Who's InvesTigating These.

Sincerely Yours

June 12, 2005

② 

Deputy Warden
David E. Pierce

Done - Sent
6-13-05

Re:    Reply to Your June 2, 2005   Ref: Grien. #9907
And 9908.

Dear Sir DW. De Pierce Jr.
        Presumptively, When You ordered an Investigation
on 12-30-04 by The Affixed Notation at The Top of
Grien. #9907 You Instituted A Seperate And
distinguishing Inquiry out-side of And Including
The Restection Reasons Stated on The Back of
The original Grievance Dated 12-20-04 By
Cpt. J. M. Merson. My Inquiry Specifically Asked
of You Who was Assigned To Investigate the
Matter upon the Aforesaid. Since, I've Not
Spoken Is Anyone About This At Any Point
Thus-far. I would Request of You or Major
Dave Holman To Notify Me Accordingly.
        I Am Requesting An Investigation And
Criminal Charges Henceforth.

                        Sincerely Yours,

                        X
                        Shane K. Hopkins
                        00253918 SHU MAL4

xc: file

MAY 12 2005

WARDEN T. CARROLL
DCC - SMYRNA

RE: REQUEST TO VIEW MEDICAL FILE
I NEED TO VIEW MY MEDICAL FILE ASTO AN INCIDENT
ON 11-25-2004 IN ORDER TO SEE WHAT WAS
DONE AND WHAT I NEED TO ASK FOR BOTH
MEDICAL AND PSY. SERVS ASTO CONDITIONS I
AM HAVING AS A RESULT. AND TO OBTAIN NAMES
TO WRITE TO IN ORDER TO ASK FOR ASSISTANCE.


X _____
SHANE HOPKINS
#00253918 17A-L4 SH!


Done 5-12

MAY 16, 2005

Colm F. Connolly. Esq.,
U.S. Attorney
1007 Orange Street Ste 700
P.O. Box 2046
Wilmington Delaware 19899-2046

Re: Request for Criminal C.R.I.P.A. Investigation
And 5 U.S.C. § 552 F.O.I.A.*

Dear Counsel:

ATTACHED HEREIN is an incident that I am requesting your office conduct an investigation of under C.R.I.P.A 42 USC §1997 provisions, in that the incident is an on-going pattern of conduct that is related to file No. 02-22 of the Delaware A.C.L.U. Based on the same illegal conduct of state officials upon inmates. I would request that criminal charges be instituted henceforth.

I would also request under *Freedom of Information Act* request that you disclose the number of Assault cases your dept. has investigated in the past 5 yrs. This would be an request for the names of victims and correctional officers involved.

Sincerely yours,

X
Shanek. Hopkins
00 53918 17ALH
1181 Paddock Rd
Smyrna, DE 19977-9679
KC: File

MAY 20, 2005

Colm F. Connolly ESQ.
United StatesAttorney
1007 Orange Street
Ste 700
P.O. Box 2046
Wilmington, Delaware 19899-2046

Done 5-18-05

Re: 2nd Attempt and Interference of Access to
Asert A CR.I.P.A Violations

Dear U.S. Attny Connolly:

On/Before 5-16-05 I
Submitted The Attached Jetter To The low Jibrarian
State Personel Brian Engrem, for Copy Service.,
Attached to it was (Grievance(s) # 9907 and 9908
And A 5-5-05 Jetter to Deputy Warden D.E.
Pierce Jr, Brian Engrem Refused To Copy The
aforesaid And Then on 5-10-05 I Received all Back
with A Memo from Brian Engrem denying to Copy
The Grievances and Jetter Saying:

" Jetters to staff and grievances are not
Considered Jegal Photocopies."

On 5-10-05 I Again, Wrote Brian Engrem, Asking
him What, Policy or Procedure or Custom, he is
Applying In denying, me to document Jegal

ATTACHMENTS TO SUPPORT My, Claims TO You.
UNDER C.R.I.P.A. ON 5-13-05 I AGAIN RECEIVED
'NO' Reply And The Same Aforesaid Sub-
-missions BACK uncopied. And

I HAVE Thus, INSTITUTED A Grievance AGTO
The Aforesaid And I have Advanced The Enclose
AFFIDAVIT out-lining The ENTIRE INCIDENT And up
TO date PATTERN of RETALIATORY ACTS, gestures
And NOW The Aforesaid ATTEMPT TO Asert And
NOTIFY Your office.

I would Request Now, TO Addendum my
5-16-05 LETTER TO Include denial of Access
TO The Courts based on my underlining CRIPA.
Violations And Now hindering my Access TO The
Courts Via. Your office. (in Which, I Wish for An
INVESTIGATION PATTERN of Incidents documented
IN Case N's. 02-22 With The A.C.LU. of De
Since 2002. I demand That Your office
Conduct A CRIPA. INVESTIGATION And I
Authorize You To Obtain myen And Other
INMATES Submissions TO De A.C.LU. under
CASE N's. 02-22. The AMount of Submissios

Contained Therein under 'would' Warrant a federal investigation And I would Also Question Also Ask federal Civil R.I.C.O. Violations Attach' to these incidents by Private And State Entitie over The Past 4 yrs. Upon Notification from You, I Will Advance, my Grievance(s) And other documentation(s) to Support my Claim(s) Afore -Said. And Ask That Your office consider The Aforesaid Thankyou for Your Prompt Attention The Aforesaid.

Sincerely Yours,

XC: file
CC: Hon. M. Jane Brady
     Drewry Nash Fennell esq.      Shoes. Jar & Dick
     Janet Eban ——. Dir. D.C.J.S
ATTACHMENTS) 2 ( ) Page Affidavit of C.R.J.C.A. Violations
                                          And 5-16-05 Jst Jec
once You do Affidavit
Add Page Number(s)
Amounts Afde.

SENT FOR 5 COPIES.

JUNE 20, 2005        RE DONE 7-5-05
                     ① RECOPY — THIS 6-20-05
                     LETTER

Colm. F. Connolly Esq.    ② SEND BACK TO ME
                          SO I CAN MAIL OUT TO
Re: ATTACHED LETTERS/COPIES    Colm. AND WATCH THE
                          BOOKS (Hy!
                          ③ SEND BOTH B/TO ME ∅

Dear Sir:

        I WANT You To SEE THE Amount of Time
IT Took BETWEEN WRITING my First LETTER TO You TO
THE Above date AND I WANT You TO KNOW:
        1.) BRIAN ENGREM of THE Law Library
here did upon NOTICING my Complaint WAS RELATIVE
TO AN ASSUALT upon my PERSON did
        A.) START A Compaign of delays denials
AND out-Right RETALIATORY NEXUS TO ASSERT THESE TO ILL.
        B.) has on-going of RETALIATORY ACTS for
My EVEN ATTEMP TO TELL You ACKU. ETC of THESE
ACTS.

        I would hope That You CAN make A Copy of
This Above 6-20-05 AND RETURN TO ME WITHIN
7days Receipt of The FOREGOING Used Mailing I
AM SENDING VIA ANOTHER INMATE SO I KNOW IT GETS
TO YOUR Office AND WHEREUPON You CAN Reply
Accordingly.
                                    Sincerely Yours
XC: File
CC: ACLU of DE                      X_____
M. JANE BRADY                       SHANE HOSKINS
MARIE A. OROURKE ESq. U.S. Dept. Justice (Wash. DE)

August . , 2005

Colm f. Connolly esg.
U.S. Attorney
1007 Orange St. Ste 700
Wilmington, Delaware 19899-

Re: Attached 2nd Notification and CRIPA Investigation

Dear Sir:

On 6-20-05 I mailed to You The enclosed
filings. I've not heard from You and my Family
Contacted Your office and was told 'No' Certified
Mailing had been Recieved by Your office.
I am again enclosing and Mail by Certified
Mail The Same Informationals in order D obtain a
disposition into my CRIPA Violations Investigation
Request aforesaid.

Thankyou for Your Attention in The Manner herein.

XC: File
CC: Marie A. O'Rourke esg. U.S. Dept. Jstice
Attachments: (5) Mailings. Wash. DC.

Sincerely Yours,

X _____

Shane Hopkin
#00253918 17AL-4
1181 Paddock Rd
Smyrna, De 1997
961.

November 18, 2005

Colm F. Connolly, esq.
U.S. Attorney for Delaware
1007 Orange Street   Ste. 700
P.O. Box 2046
Wilmington, Delaware
            19899-2046

Do You HAVE MY
Photocopy? Well
THEN guess WHAT
Asshole I MUST
HAVE Fucking Did
It Then Huh

Re: 2nd Request

Dear Counsel:

Since, I had a Visit on, 10-4-05
By F.B.I. Agent B. Wise. I've Written You, to Request
A Copy, of The Agents Report. Submitted To
You As To The Investigatory Process under
C.R.I.P.A. Enclosed, I Would Addendum The
Report findings With The Attached 2 Affidavits
I done Three from. Please forward me a Copy
of The Agents Report or Forward This To The
Agent To Respond Hence forth.

XC: File
CC: Agent Brenda Wise F.B.I. Office Wilm DE

Sincerely Yours,

ATTACHMENT(S): 2 Affidavits

x
SHANE K. Hopkins
#00253918 MALY
1181 Paddock Rd
Smyrna, Delaware
          199M-9615

December 27, 2005

Colm F. Connolly, Esq.,
U.S. Attorney for Delaware
1007 Orange Street Ste. 700
P.O. Box 20146
Wilmington, Delaware 19899-2046

Re:  3rd Request: for Agent Wise Investigatory Report

Dear Counsel Connolly:

I have 'NOT' been responded
to also the attached legal mailings requesting
a copy, of the Report of F.B.I. Agent B. Wise
done on my assualt. Please check your records
accordingly.
Thank you for your time And have a happy
New Year.

Sincerely yours,

x _____
X Shane K. Hopkins
#00253918 1 MAL4
1181 Paddock Rd.
Smyrna, Delaware
19977-6

xc: file
cc: FBI Agent B. Wise
    Clerk U.S. Dist. Ct. D. Del.
Enclosures: 5 Pages

Put No Date Here

Clerk Ron
U.S. District Court
844 King Street    lock Box 18
Wilmington, Delaware 19801

Re:    Hopkins v. Busey, etal., CA. No. _____

Dear Clerk:

Enclosed, Are Service Copies(s) and
285 Marshall form(s) for Persons(s) Named in
The Original Complaint.

I would Ask The Court To except
The Enclosed Mailed To The Court by Another
Inmate due To The Nature of The Content and
Allegations Contained Therein under and The Mailing
Is done in This manner, In order To Asure The
Courts Receipt Thereof.

Thank you for Your Attention in The Manner
Herein.

XC: File        Dated: _____        Sincerely Yours,

Attachments: (7) Complaints Sets)        X
            (7) 285 Marshall Forms)    Shane K. Hopkins
                                        #00253918    MAd-4
                                        1181 Paddock Rd
                                        Smyrna, Delaware

December 5, 2005

Clerk Ron
U.S. District Court
844 King ST  Lock Box 18
Wilmington. Delaware 19801

Re: Enclosed filing And Request To docket
And Return To me Cover Page of
Complaint As Receipt.

Dear Clerk:
Please Allow This To be Sent
By Another I'm due To The Nature of The
Complaint- And The fact That I don't
want To Send It In my Name due To
fear of IT 'not' getting To The Court.
I have Enclosed A Cover Page Marked
In A Pre Stamped Env. And I would Ask
That You Time Stamp IT In And Return IT
To me In The Pre-Add. Env. And Please
Add The Case No. Assigned.
Thankyou for Your Time herein.

Xc: file                              Sincerely Yours,
ATTACHMENTS: 1 original Complaint      X_____
             1 Cover Sheet Origin.    Shane R. Hopkins
             1 Informa Proper         #00253918 / 7ALH
             1 Pre-Stamped Env.        1181 Paddock Rd.
             W/Cover Complaint To      Smyrna, Delaware
             Time Stamp In.            19977

December 5, 2005

Clerk
US District Court
844 King St. Lock Box 18
Wilm, DE 19801

Re: Enclosed filing

Dear Clerk:

1) Rewrite   Both
2) Sign Date 12/5/05
   Complaints Lost
   Page.

3) Return all to
me by Sun Eve.
To mail out.

Enclosed, Please find an original
And (1) one copy of which I want Time
Stamped in of Complaint With Informa
Pauperis Waiver of Cost Application.
Please Time Stamp In And Return
To me my Copy Stamped (Time Clocked)
Front Page as Evidence of Your Receipt
of my filing.
Due To The Nature of The Proceeding
I Am Sending This By Another I'm So I Know
It will NOT Be Tampered With.

Thankyou for You Time for The Enclosed

xc: file
ATTACHMENTS: 1 Original Complaint
1 Original Cover Sheet
1 In Forma Pauperis Application

JANUARY 17, 2006

Clerk
U.S. District Court
844 King St. Lock Box 18
Wilmington, Delaware 19801

Re: Hopkins V. Pusey, et al., C.A. No. 1:05-CV-870 SLR

Dear Clerk:

Enclosed is An "Amended" Informa
Pauperis Application, Pursuant to the Courts
Order of January 2, 20x6, Also I Am Requesting
That The Court Send me A Copy of the
Docket And I've Also Enclosed my 28 USC
636 To Forward, Time Stamped Back To
me So I Can Later Send To Counsel
For Defendants once An Entry of Appearance
Has Been Effected. I've Enclose A Extra
Copy for The Courts file.

Last, I would Ask for AN Application
or for Submission of my Case To The Civil
Panel for Appointment of Counsel.

Thankyou for Your Time          Sincerely yours,

xc: file                                    X
ATTACHENTS: / Amended Informa          Shank. Hopkins
    128 USC 8636 (to return          #30 — Ω — 1 Tier H
    Time Stamped IN

July 2, 2005

Done 7-3-05

Hon. M. Jane Brady
Delaware Attorney General
820 N. French St. 12th Floor
Wilmington, Delaware 19801

Re: Attached And Request For Internal Investigation (Crimi

Dear Attny Gen Brady:

The Deputy Warden* has memos
Grievances etc. Relative To The Attached Incident
of Criminal Conduct Against my Person And on-going
CRIPA Violations At SHU-MHU. At DCC-Smyrna.
I Am Requesting That Someone From Del.
St. Police Contact Me Henceforth And That An State
Independent Investigation is Conducted** I hope To
hear from You Within 30 days henceforth.

Sincerely Yours,

xc: File
Attachments (4)

X
Shane K. Hopkins
# 00253918  17AMU
1181 Paddock Rd
Smyrna, Delaware
PPM-9C7°

* De. Pierce, Jr.
** 10 Del C § 4001 To 4010

July 2, 2005

Dir. A.C.L.U. of Del. ✓
Brewry Nash fennell esq.

Re: Attached

Date
7-2-05

I Would like To Address The Reason Why These Materials/Letters have Taken So long To get To You. Its Very Simple Brian Engleman Law Librarian O.C.C.- S.H.U. Tries To Stop, Prevent, Hamper, Delay filings by delayed Witholding of legal filings for Weeks At A Time.

Please Note The Aforesaid And Assign Me AN Attorney from the delaware division or Washington D.C. Division To handle These Matters hence forth And I Need The Current Address of The former Delaware A.C.L.U. Dir. Judith Mullen esq. Where she Can be Reached And I Would Ask of You Position The Pressing Issues Present for U.S. Attny's C.R.I.P.A Violation/Investigation in to my Assualt.

Thankyou for You Assistance in The Aforesaid.
Sincerely Yours,

xc: File
Attachments (4)

x _____
Shawn K. Hopkins

December 14, 2005

John L. Reed Esq,
Attorney At Law
Edwards + Angell LHP.
1100 North Market Street
Suite 1200
Wilmington, Delaware 19801-1246

Re:    Request for Submission before federal Civil Panel

Dear Counsel:

ATTACHED HERETO WAS Filed ON 12-5-05
AND I would ASK THAT You Submit This To The
Civil Panel, For Their Review And Consideration
For Representation henceforth.
THANKYou FOR Your Time And hAVE A Nice Holiday
SEASON.

Sincerely Yours,

X _____
Shane K. Hopkins

KC: File
CC: Clerk US, District Court (D.Del)
Attachments(S) 3 Copies of Complaint
ONE FOR EAch MEMBER
OF The Panel.

#00 253918 17AL4
1181 Paddock Rd.
Smyrna, Delaware
19977-95,

December 27, 2005

Agent Brenda Wise
Federal Bureau of Investigation
920 N. King Street  Ste 104
Wilmington, Delaware  19801

Re: 3rd Request: For Copy of Investigative Report

Dear Agent Wise:

                    I have 'Not' received a reply
to my previous requests. Please review
and provide same. I would also ask of
you to provide me with copies of all Inves.
Reports done on D.C.C.-Smyrna in the past
3yrs on assaults upon inmates by Correc-
-Tional officers.*
Thankyou for your Time in the Aforesaid.

xc: file                              Sincerely Yours,
cc: Colm F. Connolly Esq.
     Clerk U.S. Dist. Ct. D. Del.        X
Enclosure(s): 5 pages                 Shane K. Hopkins
                                      #00253918 1MAN4
*This is a 5 U.S.C.A. §552 F.O.T.A. Request    1181 Paddock Rd
Additional to my Case.                Smyrna, Delaware
                                      PPM-96

JANUARY 16, 2006

RECEIVED

JAN 2 0 ...

Michael F. Sensor Esq.
ATTNY AT Law
P.O. Box 1568
Wilmington, Delaware 19899-1568

Re: ATTACHED And Request for Representation

Dear Counsel:

I would ASK You TO Review The
Enclosed And Consider Taking my Case
In That my Case Shows And Connects
A Pattern of Insubordant Acts That Are
of The Same Nature AS The Wilson Case.
Whats more Not only, Will You get A
Class-Action based Lead Client All of
The other 50+ Inmates Who filed up
under 02-22 w/ACLU. Will Also become
Clients.
Thankyou for Your Time in The Manner
Aforesaid And Notify ME Accordingly.

Sincerely Yours,

X Shane Hopkins
Shane K. Hopkins
#00253918  17AL4
1181 Paddock Rd
Smyrna, Delaware

Vc: file
ATTACHMENTS (1) Complaint

Note: I'm Sending Via Another
I'm To Save on Postage..
X Shane Hopkins
Shane K. Hopkins.

January 24, 2006

Stephen A. Hampton Esq.
Grady & Hampton JLC.
6 North Bradford Street
Dover, Delaware 19904

Re: ATTACHED And Request For Representation

Dear Counsel:

Please Review The Attached Complaint
And Notify me of your Intent To Except my
Case for Representation. I have Also enclosed
follow-ups Filed Beyond the 12-15-05 docketing Complaint.
Thankyou For Your Time And Considerations herein.

xc: file                                        Sincerely Yours

Attachments: (1) Copy Complaint 05-870          Shane K. Hopkins
            (1) 10-20-05 Affidavit              #00253918 17A-L4
            (1) 11-18-05 follow-ups             1181 Paddock Rd
            (1) 12-27-05 3Rd Req.               Smyrna, Delaware
            (1) 1-24-06 Article/Letter.             19977

January 17, 2006

Michael Jensor Esq.
Attny At Law
First Federal Plaza
Ste. 560
Wilmington, Delaware
                    19899-1568

RECEIVED

JAN 20 2006

Re: Attached

Dear Counsel:
          I am an Inmate Paralegal II And
I am in The Unit That Jamar Wilson was in.
        Since The 12-2-05 Article I've Attempted
To get Your Add. And Put Together Some materials
That have a parallel That Should not be over-looked
because They Represent The on-going Insubordant
Acts That Contradict Any defence The State Can
produce Against Wey Your Client died. Namely
C/O Gardels And others Were moved out of That
unit 'a day' After The Incident., Whats more The
Key To Your Entire Case will be The Computer Read-
-outs of The Phone Punches made, That And 79ALR
3d1210 will Allow Your picture To be more

(OVER)

Clear And The A.C.L.U. Issue is Whats been Surreptitiously documented Since 2002 When I/m's Were Beaten up by Guards.

I will Close with one Thing A C/o Buddy of myen Know's what happen That day And I/m's Statements Given To Police don't believe A Word. Why! Cause If You get All of The Enclosed. I will be out on 2-16-06 level IV At Dover level IV MCI. Inst. And I will be going Into A law firm In late May or June 2006 And I want, have Retain files, Exhibits etc. That will Allow Some Serious litigations to be filed.

Notify me Accordingly . . . .

Sincerely Yours,

X

Ronald E. Proctor Jr.,
#00163750  17AU5
1181 Paddock Rd
Smyrna Delaware
19977-961

XC: file
ATTACHMENT. (1) 1-13-06
                letter to A.C.L.U.
        (1) Affidavit
        (1) Referral Case
        for Ref (NOTE:)
        Please Respond To
        Mr. Hopkins

Done Sent for Copies ✓
8-9-05

August 12, 2005

Drewry Nash Fennell Esq.,
Executive Director
ACLU. of Delaware
100 West 10th Street Suite 309
Wilmington, Delaware 19801

Re: Submissions And Non-Replies To Specific Questions

Dear Counsel:

On 6-13-05 I wrote You Conserning 02-22 -file Submissions, You did NOT Respond To my Request of The Current Status Thereof And You did NOT Provide ME With Copies of Previous Submissions or WHAT follow-ups were done iN Relation thereto.

On 7-2-05 I wrote Conserning The Current Address of Judith Mullen Esq. Whom You Replaced IN 2004, You did NOT Respond To my Requests, but IN A Variance Subordants Reply, on 7-13-05, Which Totally was NON-Responsive To ANy of my 7-2-05 Questions Presented Therein under.

Within 15 days of Receipt of This letter I Would Request You, ALL To Reply To my Issues Presented IN My Past Submission's Aforesaid, Your Failure To do so Will Result IN A Complaint Against You With The ODC. You Are Playing Games With Peoples lives And HAVE INcurred Numerious Del. Rule Professionel Responsibility Code of

**Peoples Benefit Services, Inc.**
**Valley Forge, Pennsylvania 19493**

Forwarding Service Requested

Reflects payments through 07/28/05

### * * * BILLING SUMMARY * * *

Ron Proctor JR
Ste 17au5
1181 Paddock Rd
Smyrna, DE 19977

| | | |
|---|---|---|
| Amount Due | $ | 7.95 |
| Credit on Account | | |
| **Total Amount Due** | $ | 7.95 |

Please pay by 08/07/2005

## THIS IS A BILL

To keep your coverage in force, please pay your premium by the due date.

| Policy/Membership Number | Insured Name | Type of Coverage | Payment Mode | Coverage From | Period To | Amount Due |
|---|---|---|---|---|---|---|
| 039L-9NL0 | Ron Proctor JR | Health Plan | Monthly | 08/07/05 | 09/06/05 | $7.95 |

*Thank you for purchasing additional coverage. This is the premium due for your new coverage.*

Conduct Violations That Will be Presented Accordingly
AND Vigorously Prosecuted both State AND Federal
Civil RICO. Violations.

Thank you For Your Prompt Attention in The
MANNer Herein.

Sincerely Yours,

Xc: File
Stmt. Connolly Esq. U.S. Atty.
Mailed: _____ Registered Mail

Shane K Hopkins
#30
1181 Paddock Rd.
Smyrna

For customer service inquiries or to start an **Easy Payment Plan** by using your credit card or checking account, please call 1-(800) 667-6914. General correspondence should be sent to Customer Service, PO Box 1343, Valley Forge, PA 19482-1343

A001534

---------------------------------- **DETACH HERE** ----------------------------------

### RETURN THIS PORTION WITH YOUR PAYMENT-PLEASE MAKE SURE OUR COMPANY ADDRESS APPEARS IN THE ENVELOPE WINDOW

Ron Proctor JR
Ste 17au5
1181 Paddock Rd
Smyrna, DE 19977

AMOUNT ENCLOSED          **Amount Due:**

**$7.95**

Policy/Membership number(s):   039L-9NL0

**Make check payable to:**
Peoples Benefit Services, Inc.

### COMPLETE BELOW FOR CHANGE OF ADDRESS

Peoples Benefit Services, Inc.
P.O. BOX 830020
Baltimore, MD 21283-0020

10000319056754430301000000000000079501

In The United States District Court

For The District of Delaware

Shane K. Hopkins
  Plaintiff,

v.

John Rusery ETAl

Defendants

C.A. No. 05-870 SLR

MOTION FOR APPOINTMENT OF COUNSEL

Comes Now Plaintiff Shane K. Hopkins the In The Above Styled Cause Pursuant To 28 USC §1915(E)(1) TO APPOINT Counsel In Foregoing Proceeding That would Therefore Show:

1.) This Action is NOW Ripe For APPOINTMENT of Counsel due To The Ability of Plaintiff To Prosecute The Case At Bar

over

(2)

Due to Plaintiff's Current ~~status~~ INCARCERATION And
Ability To Prosecute This Case In Both Responseness To the Proceeding In Both discovery And
Pretrial Preparations, In Which Plaintiffs
Case Turns onto the Merits of the Action
That is "Class Certification" "Fed. Rule Civil Procedures Rule 23a (1)(2) And Ability To
dispose of Witnesses And Present A Cobral
Claim That only A Jury Can Resolve based
upon The Current Pleadings Filed by The
Counsel For defendants on May 26, 2006 See Exhibit "A".

2.) This Action is A Class Certificat.
Against Both The State of Delaware And
The A.C.L.U. (American Civil Liberties Union) The
Issues Are Both Class Certification And ongoing 42 USC §1997(e) C.R.I.P.A. Violations That
Currently Being A Part of The Federal
Inquiry & Conducted by The U.S. United
State Department of Justice Civil Rights
Division. See Exhibits B)

3.) Plaintiff is Indigent And unABle
To Afford Counsel (See Exhibits "B" "V"

(3)

4.) Plaintiffs Imprisonment will
greatly limit his ability to litigate. The
Issues involved in this case are complex
And will require significant research and
Investigation. Plaintiff limed access to
The law library and currently has incurred
Retaliatory Nexus to these proceedings by
The law librarian Brian Engrem who has
Mirrored the proceedings and instituted
Incidents that present a denial of access
To these current filings. See Exhibits "D",

5.) A trial in this case will
likely involve conflicting testimony and
Counsel would better enable Plaintiff
To present evidence and cross examine
witnesses and maintain / hold or
have possessionary control of other
Inmates affidavits, exhibits etc. due
To Dept. of Corrections Policies

over

6) Plaintiff is Currently Still being held In Administration due To Classification decisions Relative Thereinunder. (See Exhibit ("E"

7) This foregoing Are Factor listed - In Montgomery V. Pinchak 294 f. 3d 492, 499 (3rd Cir 2002.)

Whereefore Plaintiff submit This Action For Review for Appointmen Of Counsel Before The Civil Review Panel henceforth

Respectfully you

Dated: _____

X
Shane F. B_____

P.S. don't forget To do Cert. Affidavits of Service on. Dept. of Justice And ACLU.