IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SHANE K. HOPKINS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 05-870-SLR |
| | ) | |
| JOHN PUSEY, JOSEPH SMITH, | ) | Jury Trial Demanded |
| DAVID PIERCE, LISE MERSON, | ) | |
| JUDITH MULLEN, DREWRY FENNELL, | ) | |
| M. JANE BRADY | ) | |
| | ) | |
| Defendants. | ) | |

## STATE DEFENDANTS' RESPONSE IN OPPOSITION TO MOTION FOR APPOINTMENT OF COUNSEL

COME NOW, Defendants Pusey, Smith, Pierce, Merson and the Delaware Attorney General ("State Defendants"), though the undersigned counsel and hereby oppose Plaintiff's motion for appointment of counsel. In support of their position, State Defendants state the following:

1.  On December 15, 2005, Shane Hopkins ("Plaintiff"), an inmate incarcerated at the Delaware Correctional Center ("DCC"), commenced this action by filing a Complaint pursuant to 42 *U.S.C.* §1983 with leave to proceed *in forma pauperis* against the above-captioned defendants. On May 26, 2006, a motion to dismiss was filed by the Delaware Attorney General and Defendants Pierce and Merson. (D.I. 26 and 27).

2.  On June 19, 2006, Plaintiff filed a Motion for Appointment of Counsel (D.I. 34). State Defendants filed an opposition on June 26, 2006. (D.I. 35). On September 12, 2006, by Memorandum Order, the Court denied Plaintiff's Motion for Appointment of Counsel. (D.I. 41).

3.  On February 12, 2007, Plaintiff filed a Second Motion for Appointment of

Counsel (D.I. 70).[1]  He requests his motion be granted based on two factors:  1) whether the complaint has merit and 2) the plaintiffs lack of knowledge with regard to civil law.  (D.I. 70 at 5).

    4.    The Third Circuit holds that *pro se* litigants proceeding *in forma pauperis* have no constitutional or statutory right to appointed counsel.  *Parham v. Johnson*, 126 F.3d 454, 456-57 (3d Cir. 1997).  Rather, the appointment of counsel is left within the court's discretion.  *Parham*, 126 F.3d at 457; *Tabron v. Grace*, 6 F.3d 147, 157-58 (3d Cir. 1993).  A court usually grants a request for appointment of counsel only "'upon a showing of special circumstances indicating a likelihood of substantial prejudice to [the litigant] resulting … from his probable inability without such assistance to present the facts and legal issues to the court in a complex, arguably meritorious case.'"  *Daniels v. Correctional Medical Services, Inc.*, 380 F.Supp.2d 379, 384 (D. Del. 2005) (quoting *Smith-Bey v. Petsock*, 741 F.2d 22, 26 (3d Cir. 1984)).

    5.    In determining whether to appoint counsel, a court must make a preliminary determination about the merits of a plaintiff's case.  *Parham*, 126 F.3d at 457.  If the court determines that the plaintiff's claims have some merit, then the court should consider several additional factors including:  (1) the plaintiff's ability to present his own case; (2) the complexity of the legal issues; (3) the degree to which factual investigation is necessary and the ability of the plaintiff to pursue such investigation; (4) the amount a case is likely to turn on credibility determinations; (5) the need for expert testimony; and (6) whether the plaintiff can attain and afford counsel on his own behalf.  *Id*.

    6.    Plaintiff has filed his second motion for appointment of counsel under substantially the same circumstances that led to the denial of his previous request for

---

[1] Plaintiff jointly filed with his motion for appointment of counsel a motion for an extension to pursue discovery. State Defendants do not oppose the request for an extension and have filed a letter concurrently with this motion indicating the same.

appointment of counsel.  In light of the *Tabron* factors and the reasons set forth in the State Defendants' opposition to Plaintiff's first motion for appointment of counsel (D.I. 35), Plaintiff does not require the appointment of counsel at this time.

7.	Plaintiff has clearly shown his ability to present his own case.  He has proceeded with motions practice and filed discovery on all defendants. The Court held in its previous denial of Plaintiff's request for counsel that "Plaintiff has demonstrated that he is able to articulate the alleged facts clearly . . . [and] the motions he has filed evidence his ability to understand and implement the Federal Rules of Civil Procedure." (D.I. 41 at 3.).  Plaintiff alleges that he has been denied communication with his "jailhouse lawyer", Ronald Proctor, since August of 2006, but plaintiff has conducted significant work in the case since that time.  This includes the filing of discovery against all parties (D.I. 42-45), responding to discovery (D.I. 62-63, 69), and filing motions (D.I. 70).  Regardless, a *pro se* litigant's non-access to jailhouse lawyers is not a factor considered by the Court when deciding a motion for appointment of counsel.

8.	"[C]ontrary to plaintiff's assertions, this is not a complex case."   (D.I. 41 at 3). The factual allegations and issues have not changed since the Court's previous denial and the case is still not complex.

9.	Extensive discovery is not required.  Plaintiff has first hand knowledge of many of the facts involved.  Plaintiff has already completed significant factual investigation.  As discussed above, Plaintiff has propounded Discovery Requests on all defendants and has received responses to that discovery.  Discovery then should not be much more extensive than what Plaintiff has already requested.

3

10.     The claims against the defendants do not rest solely on credibility nor are the determinations of credibility likely to be dispositive. Rather the focus of this case is on matters of law – that is whether Plaintiff's Eighth Amendment rights have been violated.

11.     Plaintiff does not need expert testimony to prove his case. As the Court stated in its previous denial of plaintiff's motion to appoint counsel "[P]laintiff's case will most likely not require expert testimony. (D.I. 41 at 3.). The circumstances have not changed, the issues here center on alleged constitutional violations and expert testimony is likely not necessary.

12.     Plaintiff argues that the Court should consider whether his Complaint has merit, but this is only a threshold consideration for the Court before proceeding to an analysis of the *Tabron* factors. He further argues that his lack of knowledge with regard to civil law should be considered. Plaintiff's alleged lack of knowledge is not sufficient to require the appointment of counsel. Indeed, if it was, every *pro se* litigant proceeding *in forma pauperis* would be entitled to the appointment of counsel.

13.     Considering the *Tabron* factor discussed above, plaintiff does not require the appointment of counsel at this time. Contrary to plaintiff's assertions, he has sufficiently followed the federal rules of civil procedure, including motions practice and discovery. And the motions he has filed show his ability to articulate and put forth the facts as he perceives them.

13.     In addition, appointing counsel at this stage in the litigation would only serve to stay discovery and delay resolution of this case. The parties have just completed discovery. While State Defendants are not opposed to a short extension to the discovery time period, entirely stalling the litigation at this stage in the proceedings to appoint counsel is a needless waste of time and resources.

WHEREFORE, State Defendants respectfully requests that this Honorable Court deny Plaintiff's Motion for Appointment of Counsel.

**STATE OF DELAWARE**
**DEPARTMENT OF JUSTICE**

/s/ Stacey Xarhoulakos_____
Stacey Xarhoulakos, 4667
Deputy Attorney General
820 North French Street, 6th Floor
Wilmington, DE 19801
(302) 577-8400
stacey.xarhoulakos@state.de.us
Attorney for State Defendants

Dated: February 16, 2007

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SHANE K. HOPKINS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 05-870-SLR |
| | ) |
| JOHN PUSEY, JOSEPH SMITH, | ) |
| DAVID PIERCE, LISE MERSON, | ) |
| JUDITH MULLEN, DREWRY FENNELL, | ) |
| M. JANE BRADY | ) |
| | ) |
| Defendants. | ) |

## ORDER

Upon the Plaintiff's Motion for Appointment of Counsel (the "Motion") and State Defendants Pusey, Smith, Pierce, Merson and the Delaware Attorney Generals' Response in Opposition to the Motion; and it appearing that good and sufficient notice of Plaintiff's Motion and Defendant's Opposition has been given; and after due deliberation thereon:

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Appointment of Counsel is **DENIED**.

SO ORDERED this _____ day of _____, 2007.

_____
The Honorable Sue L. Robinson
United States District Court Judge

## CERTIFICATE OF SERVICE

I hereby certify that on February 16, 2007, I electronically filed *State Defendants' Response in Opposition to Motion for Appointment of Counsel* with the Clerk of Court using CM/ECF. I hereby certify that on February 16, 2007, I have mailed by United States Postal Service, the document to the following non-registered participants:

Shane Hopkins
SBI # 253918
Delaware Correctional Center
1181 Paddock Road
Smyrna, DE 19977

/s/ Stacey Xarhoulakos____
Deputy Attorney General
Department of Justice
820 N. French St., 6th Floor
Wilmington, DE 19801
(302) 577-8400
stacey.xarhoulakos@state.de.us