IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SHANE K. HOPKINS, | ) |
|       Plaintiff, | ) |
| v. | ) Civil Action No. 05-870-SLR |
| C/O J. PUSEY, C/O J. SMITH, DEPUTY WARDEN DAVID E. PIERCE, JR., CPL M. MERSON, JUDITH MELLEN, DREWRY NASH FENNELL, and ATTORNEY GENERAL OF THE STATE OF DELAWARE, | ) |
|       Defendants. | ) |

Shane K. Hopkins Downing, pro se Plaintiff.

Stacey Xarhoulakos, Deputy Attorney General, Delaware Department of Justice, Wilmington, Delaware. Counsel for J. Pusey, J. Smith, David E. Pierce, Jr., M. Merson, and Attorney General of the State of Delaware.

John W. Shaw, Esquire, of Young, Conway, Stargatt & Taylor, Wilmington, Delaware. Counsel for Defendants Judith Mellen and Drewry Nash Fennell.

**MEMORANDUM OPINION**

Dated: February 23, 2007
Wilmington, Delaware

ROBINSON, Chief Judge

## I. INTRODUCTION

Presently before the court are motions to dismiss filed by Drewry Nash Fennell ("Fennell") and Judith Mellen ("Mellen")[1] and State defendants Deputy Warden David E. Pierce, Jr. ("Deputy Warden Pierce"), Cpl. M. Merson ("Cpl. Merson"), and the Attorney General of the State of Delaware ("Attorney General"). (D.I. 29, 31) A briefing schedule entered on September 8, 2006, set forth deadlines to file responses and replies. (D.I. 40) Plaintiff did not file a response to either motion to dismiss. For the reasons set forth below, the court will grant the motions to dismiss.

## II. BACKGROUND

Plaintiff, an inmate at the Delaware Correctional Center ("DCC"), filed this civil rights complaint pursuant to 42 U.S.C. § 1983. (D.I. 2) He also raises supplemental state claims. Plaintiff alleges his constitutional rights were violated on November 26, 2004, when he was subjected to excessive force inflicted by defendants C/O J. Pusey ("C/O Pusey") and C/O J. Smith ("C/O Smith"). The complaint alleges that, due to his placement in isolation, he filed a grievance which was denied by Cpl. Merson. He also alleges that Cpl. Merson did not provide

---

[1]Plaintiff misspells the name as "Mullen."

appeal forms to him so that he could appeal the grievance denial. Plaintiff further alleges that Cpl. Merson made false statements to prevent the disclosure of state law violations. Plaintiff alleges that Deputy Warden Pierce, "employed as a respondeat superior" over plaintiff and defendants, instituted an investigation into the allegations and attempted to prevent disclosure of his claims and requests for bringing criminal charges. Plaintiff alleges that the Attorney General denied plaintiff "access towards state law claims," failed to respond or to institute investigatory process of state law claims against defendants and, although aware of the incident, failed to prevent or uphold criminal conduct of state actors.

Plaintiff alleges that former and current American Civil Liberties Union ("ACLU") employees, Mellen and Fennell, maintain a file containing allegations of a pattern of assault upon plaintiff and other inmates at DCC, but prevented and hindered the disclosure of the "on-going criminal conduct." It is further alleged that Mellen and Fennell, from 2002 to the current date, "allowed. . .assaults and excessive use of force incidents. . . not to be disclosed or investigated by the State of Delaware Attorney General's Office or the Civil Rights Division of the United States Attorney General." (D.I. 2 at 6)

Plaintiff raises state law claims of civil assault, assault and battery, and intentional infliction of emotional distress against C/O Pusey and C/O Smith, and also claims they violated of his Fourth, Fifth, and Eighth Amendment rights under the United States Constitution. Plaintiff also alleges that C/O Pusey and C/O Smith conspired to violate his statutory civil rights. Plaintiff alleges respondeat superior liability against Deputy Warden Pierce, Cpl. Merson, and the Attorney General. He raises a negligence claim against Mellen and Fennell alleging that, as attorneys for the ACLU, they owed a duty to him to perform their duties to report on-going violations to the Civil Rights Division of the U.S. Department of Justice ("DOJ").

## III. DISCUSSION

### A. Standard of Review

Rule 12(b)(6) permits a party to move to dismiss a complaint for failure to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). The purpose of a motion to dismiss is to test the sufficiency of a complaint, not to resolve disputed facts or decide the merits of the case. Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d Cir. 1993). To that end, the court assumes that all factual allegations in plaintiff's pleading are true, and draws all reasonable factual inferences in the light most favorable to plaintiff. Amiot v. Kemper Ins. Co., 122 Fed. Appx.

-3-

577, 579 (3d Cir. 2004). However, the court should reject "unsupported allegations," "bald assertions," or "legal conclusions." Id.

Although a district court may not consider matters extraneous to the pleadings, "a document integral to or explicitly relied upon in the complaint may be considered without converting the motion to dismiss into one for summary judgment." U.S. Express Lines Ltd. v. Higgins, 281 F.3d 383, 388 (3d Cir. 2002) (quoting In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997) (internal quotations omitted); see also Pension Benefit Guar. Corp. v. White Consol. Indus., 998 F.2d 1192 (3d Cir. 1993) (matters of public record). A Rule 12(b)(6) motion should be granted to dismiss a pro se complaint only when "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Estelle v. Gamble, 429 U.S. 97, 106 (1976) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).

Defendants Fennell and Mellen move for dismissal on the basis that the complaint fails to state a claim upon which relief may be granted. The State defendants move for dismissal on the same ground and on the additional grounds that the complaint improperly predicates their liability upon respondeat superior

and the complaint fails to allege the requisite personal involvement for § 1983 liability.

**B.  Negligence Claim Against Defendants Fennell and Mellen**

Defendants Fennell and Mellen argue that the complaint does not contain facts alleging they owed a duty to plaintiff but, rather, contains bald assertions of a duty.  The complaint alleges that these defendants had a duty to plaintiff to report ongoing civil rights incidents under the Civil Rights of Institutionalized Persons Act ("CRIPA"), 42 U.S.C. § 1997 et seq.

The attachments to the complaint indicate that on June 13, 2005, plaintiff asked if the ACLU was going to refer his submission to the U.S. Attorney's Office for investigation. (D.I. 2, Ex. C)  Plaintiff sent a second letter to the ACLU on July 2, 2005, asking for an attorney, requesting the current address of the former Delaware ACLU Director (i.e., Mellen), and for the ACLU's position on presenting his assault claim to the U.S. Attorney's office as a CRIPA violation.  Id.  The ACLU responded on July 13, 2005, and advised plaintiff that its past assistance to him "in no way suggests" that it legally represented plaintiff and that the ACLU could not meet his request for an appointed attorney.  Id.  Plaintiff wrote on August 12, 2005, complaining that the July 13, 2005 letter was "totally non-responsive," and he requested a response from the

-5-

ACLU to the previously submitted issue. Id. The letter goes on to state, "your failure to do so will result in a complaint against you with the O.D.C." Id. Fennell responded on behalf of the ACLU that he would happy to forward plaintiff's information and correspondence to Mellen. Id. In the same letter, Fennell advised plaintiff that the ACLU did not have the resources to assist plaintiff and thanked plaintiff for contacting the ACLU's office. Id.

Plaintiff filed his claim against defendants Fennell and Mellen on the basis of negligence. Under Delaware law, to state a claim for negligence, one must allege that defendant owed plaintiff a duty of care; defendant breached that duty; and defendant's breach was the proximate cause of the plaintiff's injury. New Haverford Partnership v. Stroot, 772 A.2d 792, 798 (Del. 2001). It has long been a recognized principal of tort law that a duty may be based on a gratuitous undertaking. Burke v. Frabizzio, No. 80L-MR-21, 1982 WL 593177, at *2 (Del. Super. Ct. 1982) (unpublished) (citing Restatement (Second) of Torts §§ 323, 662 (1966)); see Capoyianis v. Riverside Hosp., No. Civ. A. 83C-NO-115, 1985 WL 189282 (Del. Super. Ct. 1985) (unpublished). "Attorneys have been found to have a duty to others than their clients under this principal." Burke v. Frabizzio, 1982 WL 593177, at *2 (citations omitted).

-6-

CRIPA empowers the Attorney General of the United States to bring or join litigation seeking injunctive relief on behalf of persons confined in state or municipal institutions, if there is reasonable cause to believe that the confinees are being subjected to "egregious or flagrant conditions which deprive such persons of any rights, privileges, or immunities secured or protected by the Constitution or laws of the United States causing such persons to suffer grievous harm, and that such deprivation is pursuant to a pattern or practice (of violations)." Johnson v. Florida, 348 F.3d 1334, 1338 (11th Cir. 2003) (quoting 42 U.S.C. § 1997(a)). In enacting CRIPA, Congress mandated that the DOJ "take up the duty of challenging state institutions" where constitutional violations may be taking place. United States v. County of San Diego, 91-0764-R-(M), 1991 WL 642768 (S.D. Cal. July 22, 1991).

There is nothing in CRIPA that requires a person to report unconstitutional activities to the U.S. Attorney General or to the DOJ. Further, the attachments to the complaint do not indicate that the ACLU gratuitously agreed to report any alleged unconstitutional activities. Similarly, the attachments to plaintiff's complaint indicate that there was no attorney/client relationship between the ACLU and plaintiff. Indeed, the attachments to the complaint indicate that neither Fennell nor

Mellen agreed to represent plaintiff in pending litigation and, when that became apparent to plaintiff, he threatened litigation. Finally, the attachments to the complaint indicate that the only gratuitous undertaking made was by Fennell, who agreed to forward plaintiff's information to Mellen.

Defendants Fennell and Mellen owed no duty to plaintiff to report alleged CRIPA violations and, as a result, there can be no recovery under the negligence claim. Plaintiff has failed to state a claim upon which relief may be granted. Accordingly, the court will grant the motion to dismiss filed by Fennell and Mellen.

C.  **Personal Involvement/Respondeat Superior**

Counts IX and X of the complaint allege respondeat superior liability and are brought against State defendants Cpl. Merson, Deputy Warden Pierce, and the Attorney General. (D.I. 2 at 16) State defendants Deputy Warden Pierce, Cpl. Merson, and the Attorney General argue that the complaint fails to state a claim against them upon which relief may be granted. More particularly, the State defendants argue that the complaint improperly predicates § 1983 liability against them on the basis of respondeat superior and the complaint does not allege the requisite personal involvement necessary to impose liability under § 1983.

-8-

As is well-known, "'[a][n individual government] defendant in a civil rights action must have personal involvement in the alleged wrongdoing; liability cannot be predicated solely on the operation of respondeat superior.'" Evancho v. Fisher, 423 F.3d 347, 353 (3d Cir. 2005) (quoting Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988)). Personal involvement can be shown through allegations that a defendant directed, had actual knowledge of, or acquiesced in, the deprivation of a plaintiff's constitutional rights. Id.; see Monell v. Department of Social Services, 436 U.S. 658, 694-95 (1978). Supervisory liability may attach if the supervisor implemented deficient policies and was deliberately indifferent to the resulting risk or the supervisor's actions and inactions were "the moving force" behind the harm suffered by the plaintiff. Sample v. Diecks, 885 F.2d 1099, 1117-118 (3d Cir. 1989); see also City of Canton v. Harris, 489 U.S. 378 (1989); Heggenmiller v. Edna Mahan Corr. Inst. for Women, No. 04-1786, 128 Fed. Appx. 240 (3d Cir. 2005).

The State defendants are correct that liability cannot be imposed against them under a theory of respondeat superior. The only counts brought against the State defendants are those asserting liability on the basis of respondeat superior.[2] The

---

[2] The court will not address the issue of personal involvement because the only claims raised against the moving State defendants are those brought under a theory of respondeat

-9-

complaint does not allege that these State defendants implemented deficient policies, were deliberately indifferent, and/or were the moving force behind the harm allegedly suffered by plaintiff. Therefore, the court will grant the State defendants' motion to dismiss on the basis of respondeat superior.

**IV.   CONCLUSION**

Based upon the foregoing analysis, the court will grant the motion to dismiss filed by Drewry Nash Fennell and Judith Mellen. (D.I. 29)  The court will also grant the motion to dismiss filed by State defendants Deputy Warden David E. Pierce, Jr., Cpl. M. Cpl. Merson, and the Attorney General of the State of Delaware. (D.I. 31)  An appropriate order will be entered.

---

superior liability.