IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SHANE K. HOPKINS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 05-870-SLR |
| | ) |
| C/O J. PUSEY and C/O J. SMITH, | ) |
| | ) |
| Defendants. | ) |

**O R D E R**

At Wilmington this 14th day of March, 2007, having considered plaintiff's motion for an extension to pursue discovery and appointment of counsel (D.I. 70) and having reviewed defendants' filings submitted in connection with said motion;

IT IS ORDERED that plaintiff's unopposed request for an extension to pursue discovery is granted and the scheduling order is amended as follows:

1. **Discovery.** All discovery in this case shall be completed on or before **May 14, 2007.**

2. **Summary Judgment Motions.** All summary judgment motions along with opening brief and affidavits, if any, in support of the motion, shall be served and filed on or before **June 14, 2007.** Answering briefs and affidavits, if any, shall be filed on or before **July 13, 2007.** Reply briefs shall be filed on or before **July 27, 2007.**

IT IS FURTHER ORDERED that plaintiff's request for appointment of counsel is denied without prejudice for the following reasons:

1. On September 8, 2006, plaintiff's first motion for the appointment of counsel was denied based on the finding that: (1) plaintiff demonstrated an ability to articulate his allegations; (2) plaintiff's filings reflected an understanding of the Federal Rules of Civil Procedure; (3) the issues implicated were not complex; and (4) expert testimony was not likely required to proved the allegations. (D.I. 41; 34)

2. Plaintiff's second motion for the appointment of counsel seeks reconsideration of this finding based on the issues implicated and his "lack of knowledge with regard to civil law." (D.I. 70 at ¶ 25))

3. Considering plaintiff's motion in conjunction with his other filings, as well as the case law cited in the original order, the court concludes that, at this juncture, appointment of counsel is not warranted. See Tabron v. Grace, 6 F.3d 147, 155 (3d Cir. 1993).

United States District Judge