## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SHANE K. HOPKINS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 05-870-SLR |
| | ) |
| JOHN PUSEY, JOSEPH SMITH, | ) |
| DAVID PIERCE, LISE MERSON, | ) |
| JUDITH MULLEN, DREWRY FENNELL, | ) |
| M. JANE BRADY | ) |
| | ) |
| Defendants. | ) |

### DEFENDANTS' RESPONSE TO PLAINTIFF'S
### REQUEST FOR PRODUCTION OF DOCUMENTS AND THINGS

Defendants John Pusey and Joseph Smith ("Defendants") hereby respond to Plaintiff Shane Hopkins Request for Production of Documents:

### GENERAL OBJECTIONS

1. Defendants object to the Request for Production to the extent that it seeks information or documents protected from disclosure by the attorney-client privilege, the work product doctrine, or any other applicable privilege.

2. Defendants object to the Request for Production to the extent that it purports to require supplementation of these responses beyond that required by Federal Rule of Civil Procedure 26(e).

3. Defendants object to the Request for Production to the extent that it purports to place duties upon them not set forth in, or contemplated by, the Federal Rules of Civil Procedure.

4. Defendants object to the Request for Production to the extent that it purports to seek information or documents not in their possession, custody or control.

5. Defendants object to the Request for Production to the extent that it seeks the production of documents equally available to Plaintiff or Plaintiff's counsel. Such documents will be identified by Defendants, but will not be produced.

6. Defendants object to the Request for Production to the extent that it purports to require production of information or documents which are impractical or unduly burdensome to reproduce.

7. Defendants object to the Request for Production to the extent that it seeks the production of documents generated by or received from counsel for Defendants in connection with this litigation on or after the date of the acceptance of representation on the grounds that such documents are protected by attorney-client and work product privileges.

## RESPONSES

Subject to, and without waiver of the foregoing General Objections and those set forth in Defendants' Responses, Defendants respond, after a reasonable search, and subject to supplementation, as follows:

1. The Plaintiff requests that photographs of Building No. 22 "A" Tier be taken. These photographs should display a wide angle view with both cell lower # 10 and cell upper # 12 within the same picture.

**RESPONSE:**

Defendants object that this Request is vague. Defendants further object to this Request as it not a request for a production of a tangible thing at all, but rather a

request for Defendants to take a particular action not contemplated by the Federal Rules of Civil Procedure.

2. The Plaintiff requests that that photographs be provided of both entrance to Building No. 22 sliding doors.

**RESPONSE:**

Defendants object that this Request is vague. Defendants further object that this request does not ask for a tangible thing in the possession, custody, or control of Defendants. Defendants further object that plaintiff is incarcerated and production of photographs of any correctional institution or part of a correctional institution would be a threat to the security of the institution and the safety of the inmates and correctional staff.

3. The Plaintiff Requests that photographs of Building No. 24 entrance from Building No. 22 walkway.

**RESPONSE:**

Defendants object that this Request is vague and unintelligible. Defendants further object that this Request does not ask for any tangible thing in the possession, custody, or control of Defendants.

4. The Plaintiff requests that photographs looking back to Building # 22 from Building # 24 Entrance be provided showing clear view of "A" tier cell windows.

**RESPONSE:**

Defendants object that this Request is vague. Defendants further object that this request does not ask for a tangible thing in the possession, custody, or control of Defendants. Defendants further object that plaintiff is incarcerated and production of photographs of any correctional institution or part of a correctional institution would be a

threat to the security of the institution and the safety of the inmates and correctional staff.

     5.    The Plaintiff realizes that these photographs may be considered as a breach of institutional security.  For this reason the Plaintiff is not requesting copies to be kept within his possession.  However if this complaint should go to trial these photographs will be instrumental to support or refute witness testimony.

**RESPONSE:**

Defendants object that this Request does not ask for a tangible thing, but rather makes an argument.  Thus no response is required.

STATE OF DELAWARE
DEPARTMENT OF JUSTICE

/s/ *Stacey Xarhoulakos*
Stacey Xarhoulakos (ID #4667)
Deputy Attorney General
820 North French Street, 6th Floor
Wilmington, DE  19801
(302) 577-8400
stacey.xarhoulakos@state.de.us

Dated:  April 24, 2007     *Attorney for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on April 24, 2007, I electronically filed D*efendants' Response to Plaintiff's Request for Production of Documents and Things* with the Clerk of Court using CM/ECF. I hereby certify that on April 24, 2007, I have mailed by United States Postal Service, the document to the following non-registered participants:

Shane Hopkins
SBI # 253918
Delaware Correctional Center
1181 Paddock Road
Smyrna, DE 19977

/s/ Stacey Xarhoulakos
Deputy Attorney General
Department of Justice
820 N. French St., 6th Floor
Wilmington, DE 19801
(302) 577-8400
stacey.xarhoulakos@state.de.us