IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SHANE K. HOPKINS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. No. 05-870-SLR |
| ) | |
| JOHN PUSEY, JOSEPH SMITH, ) | Jury Trial Demanded |
| DAVID PIERCE, LISE MERSON, ) | |
| JUDITH MULLEN, DREWRY FENNELL, ) | |
| M. JANE BRADY ) | |
| ) | |
| Defendants. ) | |

## STATE DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO ISSUE SUBPEONAS

COME NOW, Defendants John Pusey and Joseph Smith ("Defendants"), by and through undersigned counsel and hereby oppose Plaintiff's motion to issue subpoenas. In support of their position, Defendants state the following:

1.  On December 15, 2005, Shane Hopkins ("Plaintiff"), an inmate incarcerated at the Delaware Correctional Center ("DCC"), commenced this action by filing a Complaint pursuant to 42 *U.S.C.* § 1983 with leave to proceed *in forma pauperis* against the above-captioned defendants. On May 26, 2006, a motion to dismiss was filed by the Delaware Attorney General and Defendants Pierce and Merson. (D.I. 26). On June 25, 2005, a motion to dismiss was also filed by the ACLU defendants. (D.I. 29). These motions were granted by the Court on February 27, 2007, effectively narrowing the issues and the case. (D.I. 73, 74).

2.  Discovery in this matter has been ongoing since June 19, 2006 with two extensions to the original scheduling order. (D.I. 49, 75). The parties have had almost one year to engage in and complete discovery. The third scheduling order provides that

discovery is to be completed on or before May 14, 2007.

3. Since the entry of the most recent scheduling order, Plaintiff has filed several discovery requests on Defendants to which they have responded or are in the process of responding. One such request was a motion for written depositions of Defendants Pusey and Smith. (D.I. 76). Defendants did not oppose this request and indicated the same in a letter to the Court. (D.I. 79). Plaintiff then filed a "Request That The Court Issue Subpoenas Under Rule 45(2)(B) Requiring the Below Named Individuals Submit To Oral Depositions" and in the same document withdrew his motion for written depositions. (D.I. 80). Plaintiff listed eight individuals he seeks to depose.

4. Twenty-eight *U.S.C.* § 1915(b) permits a waiver of prepayment of costs and fees for *pro se* litigants, but there is no provision in § 1915(b) for the payment by the government for the costs of litigation expense, including depositions. *Tabron v. Grace*, 6 F.3d 147, 159 (3rd Cir. 1993). Plaintiff has filed this action *in forma pauperis* and his motion for subpoenas does not indicate how he intends to cover the costs of the oral depositions of eight individuals. He also has not indicated how he intends to pay the witness fees as set forth in 28 *U.S.C.* § 1821(a) and Federal Rule 45(b)(1).

5. The Federal Rules are liberal with regard to discovery and the parties are allowed broad discretion to agree on discovery methods. The rules also provide for alternatives to discover information when oral depositions are not practical or can not be afforded, such as written depositions as set forth in Rule 31. Plaintiff has not made any attempt, within the discovery deadline, to use alternative methods of discovery of the non-defendant individuals he lists in his motion. Nor has nor has he attempted to communicate with counsel on this issue.

2

6. Plaintiff's subpoena request is also untimely and unreasonable. Plaintiff alleges in his motion that he was not aware of these named individuals until he received the discovery responses from Defendants. Plaintiff received discovery responses from Defendants in November of 2006. (D.I. 51-52, 58-59). Plaintiff has had the names of the individuals he now seeks to depose for over five months. During this five month period, Plaintiff did not make any attempt to communicate with counsel about deposing these individuals. Despite having the names since November, Plaintiff waited until less than one month remained for the completion of discovery and now moves the Court to issue subpoenas for the oral deposition of eight individuals.

7. Plaintiff's request comes on the heels of the Court's Order dismissing several of the named defendants. (D.I. 73, 74). Defendants view this recent motion by Plaintiff as an effort to seek information on parties so he can attempt to add new defendants to the case. (D.I. 73, 74). This is reflected by Plaintiff's request of the Court to provide him legal advice as to the procedure for adding defendants. (*See* D.I. 80 at ¶ 14, 15). Defendants are adamantly opposed to such a request at this juncture of the litigation. The time for amending the Complaint has long since passed and such an amendment at this time would not comport with the federal rules. It would also effectively stall litigation that has reached the dispositive motion stage.

8. Plaintiff's request for oral depositions of eight individuals with less than one month remaining to complete discovery is untimely and unreasonable. Further, prior to the issuance of any subpoenas for oral depositions by Plaintiff, he must demonstrate how he intends to pay for the costs of such discovery. Defendants oppose Plaintiff's request for issuance of subpoenas as well as any further extensions to the scheduling

order. Discovery in this matter has been open for almost one year, giving all parties significant time to engage in the discovery process.

WHEREFORE, Defendants respectfully requests that this Honorable Court deny Plaintiff's "Request That The Court Issue Subpoenas Under Rule 45(2)(B) Requiring the Below Named Individuals Submit To Oral Depositions."

                **STATE OF DELAWARE**
                **DEPARTMENT OF JUSTICE**

                /s/ Stacey Xarhoulakos
                Stacey Xarhoulakos, 4667
                Deputy Attorney General
                820 North French Street, 6th Floor
                Wilmington, DE 19801
                (302) 577-8400
                stacey.xarhoulakos@state.de.us
Dated: April 26, 2007            *Attorney for Defendants*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| SHANE K. HOPKINS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 05-870-SLR |
| | ) | |
| JOHN PUSEY, JOSEPH SMITH, | ) | |
| DAVID PIERCE, LISE MERSON, | ) | |
| JUDITH MULLEN, DREWRY FENNELL, | ) | |
| M. JANE BRADY | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Upon the Plaintiff's *Request that the Court Issue Subpoenas Under Rule 45(2)(B) Requiring the Below Named Individuals Submit To Oral Depositions* and State Defendants Pusey and Smith's Response in Opposition to the Motion; and it appearing that good and sufficient notice of Plaintiff's Motion and Defendant's Opposition has been given; and after due deliberation thereon:

**IT IS HEREBY ORDERED** that Plaintiff's Request that the Court Issue Subpoenas Under Rule 45(2)(B) Requiring the Below Named Individuals Submit To Oral Depositions is **DENIED**.

SO ORDERED this _____ day of _____, 2007.

_____
The Honorable Sue L. Robinson
United States District Court Judge

## CERTIFICATE OF SERVICE

I hereby certify that on April 26, 2007, I electronically filed *State Defendant's Response in Opposition to Plaintiff's Motion to Issue Subpoenas* with the Clerk of Court using CM/ECF. I hereby certify that on April 26, 2007, I have mailed by United States Postal Service, the document to the following non-registered participants:

Shane Hopkins
SBI # 253918
Delaware Correctional Center
1181 Paddock Road
Smyrna, DE 19977

/s/ Stacey Xarhoulakos_____
Deputy Attorney General
Department of Justice
820 N. French St., 6th Floor
Wilmington, DE 19801
(302) 577-8400
stacey.xarhoulakos@state.de.us