The Honorable Sue L. Robinson
U.S. District Court
District of Delaware
844 Noer King Street, Room 4209
Wilmington Delaware 19801

April 27th 2007



RE: Hopkins V. Pusey, Etal; CA No: 05-870-SLR

Dear Chief Judge Robinson,

    It Is The Plaintiffs Belief That Greater Then 70% of Incarcerated Individuals Have Less Then A High School Deploma. Lawyers Complete Extensive Education Thereby Learning How To Navigate The Court System.
    The Very Notion of Pro Se Litigation Is Based Upon The Premise That The Plaintiff Must Have Some Knowledge of Civil Law. An Inmate Without Such Education Will Continue To Be Subjected To Civil Rights Violations. I Know This Because I Have Been Brutalized At The Hands Of Correctional Officers Before.
    As Stated In A Previous Letter To The A.C.L.U. I Lack The Knowledge To File A Complaint With The Courts. (See Pages 63-Thru-67 Plaintiffs Production of Documents). This Caused The Plaintiff To Rely On Jail House Lawyers To File This Complaint.
    Now As The Plaintiff Furthers His Own Knowledge of Civil Law I Realize Just How Inept Jail House Lawyers Are Especially One's Self.



I understand that Pro Se complaints are held to a less stringent standard. It is my hope that Your Honor will extend this less stringent standart throughout the actual litigation process and understand that misteaks will be made. Unfortunately some of these misteaks will jepordize the Plaintiffs right to justice.

On April 9th 2007 the Plaintiff filed a motion with this court requesting that several correctional officers be subpoenaed for oral depositions. The defence quickly filed a motion in oposition.

I would like to address several issues with regard to the defences motion and the litigation of this case

1) The fact that other defendants have been dismissed from this action should hold no bearing on any future rullings with regard to this action.

2) While the defence states that discovery in this matter has been on-going since June 19th 2006 actual discovery did not commence untill September 18th 2006 after the Plaintiffs motion for appointment of counsel had been denied on September 5th 2006 forcing the plaintiff to proceed with limited knowledge to the best of his ability.

Furthermore the defence also requested an enlargement of time on September 20th 2006 thereby assuming some small culpability for delays.

3) The Defence states that they did not oppose the Plaintiffs request for written depositions. However I would like to point out that the Plaintiff sent the Defence this request for written depositions on March 9th.

The Defence made no attempt to answer this motion untill they recieved the Plaintiffs request that the Court issue subpoena's for several Correctional Officers for oral depositions sent on April 9th. Then the Defence answered the March 9th motion for written depositions with a non oposition motion April 19th 40 days later.

In contrast the Defence answered the Plaintiffs request for oral depositions and subpoena's sent on April 9th on April 26th 17 days later.

The Plaintiff as an undereducated Pro Se Litigant was unaware that the District Attorneys office would have the opportunity to review and possably coach the defendants prior to answering written deposition questions. Without oral depositions the Plaintiff will be unable to fallow up on answers the defendants may give.

4) There should not be an issue with regard to the payment of costs. The Courts have taken 20% of what finances the Plaintiff has had for over one year. The Plaintiff expects that the Court will continue to do so untill full payment of any costs has been made.

The Plaintiffs right to justice should not be stiffled because of the slow payment rate.

5) The Plaintiff has made his request that the Court issue subpoena's for the purpose of oral deposition within the discovery deadline. Furthermore the defence states that discovery was initiated June 19th 2006. I would like to point out that there have been no "initial disclosures" made in this case whereby the Plaintiff would have been made aware of other individuals whom where personally involved in the November 26th 2004 incident for which the Plaintiff filed this complaint.

6) The District Attorney stated that the Plaintiff recieved the names of these individuals in November. That is correct, the actual date that the Plaintiff recieved these names was November 16th. Ten days prior to the deadline for the statute of limitations to amend the complaint.

At that time the Plaintiff was completely unaware that the complaint could be amended. The Plaintiff has since tried to find out if it was possable to amend the complaint beyond the statutes.

Finding out the answers to this issue has not been easy. Answers often lead to more questions. Also the Plaintiff is untrained how to look for these answers. The Plaintiff has to request specific information from the Institutional Law Library. Legal materials are not at the Plaintiffs fingertips and responses from the law library takes time. If the Plaintiff requests the wrong materials because of lack of knowledge it takes longer.

7) The plaintiff his intentions clear that he wishes to amend the complaint to conform with information obtained through the discovery process.

Wheather or not the plaintiff is granted permission to orally depose correctional staff should not hold any bearing on the court possably allowing the plaintiff to amend the complaint adding new parties who were directly involved in the incident.

The plaintiff feels inadiquate when quoting case law because the interpration often seems confusing. Please see "Mullen V. Alarmguard 625 A2d 258, Page #264 It states "If the specific conduct of a party sought to be added is related to the events alleged in the complaint a sufficient nexus may be said to exist."

8) The defences assertion that the plaintiff requested oral discovery with less then one month remaining to complete discovery is not only incorrect because the plaintiff mailed this request on April 9th. The deadline for discovery is May 14th. But it is no different then the defences own request to orally depose the plaintiff filed on January 3rd when the discovery deadline was February 2nd.

The defence set the standard and the plaintiff finds this arguement strange. If the defence did not oppose the discovery extention then why are there such problems allowing the plaintiff to continue. The request for depositions should have been expected.

IN CLOSING THE PLAINTIFF WOULD LIKE TO STATE THAT IT IS NOT HIS INTENTION TO STALL LITIGATION. OTHER THEN ORAL DEPOSITIONS NO FURTHER DISCOVERY WILL BE NEEDED IF THE COURT ALLOWS THE PLAINTIFF TO ADD PARTY'S WHO THE PLAINTIFF LEARNED THROUGH DISCOVERY AND THE TAKING OF DECLARATIONS FROM INMATE WITNESSES ACTUALLY PHYSICALLY TOUCHED THE PLAINTIFF DURRING THE NOVEMBER 26th 2004 INCIDENT.

THESE INDIVIDUALS KNEW OF THIER OWN PERSONAL INVOLVEMENT AND I FIND IT HARD TO BELIEVE THAT THE DISTRICT ATTORNEY'S OFFICE DIDN'T KNOW ALSO.

THE PLAINTIFF HAS NO INTENTION OF FILING A MOTION FOR SUMMARY JUDGEMENT. IF THE DEFENCE IS CONCERNED WITH MOVING THIS CASE FORWARD THE PLAINTIFF IS PREPARED TO ANSWER ANY MOTION FOR SUMMARY JUDGEMENT THAT THE DEFENCE WOULD SUBMIT PROMPTLY APON ADDRESSING THIS ISSUE AND THE COMPLETION OF DISCOVERY.

YOUR HONOR THANK YOU FOR YOUR TIME AND PATIENCE IN DEALING WITH MY FLAWED LITIGATION OF THIS MATTER. I AM LEARNING AS WE MOVE FORWARD. IF I WAS MORE COMPETENT I DON'T BELIEVE THIS MATTER WOULD HAVE BEEN BEFORE YOU FOR SO LONG.

SINCERELY YOURS,
Shane Hopkins
SHANE HOPKINS #253916
1181 PADDOCK RD
SMYRNA DELAWARE

CC: DISTRICT ATTORNEYS OFFICE
STACEY XARHOULKAS

I/M Shane K. Hopkins
SBI# 253916   UNIT # 22
DELAWARE CORRECTIONAL CENTER
1181 PADDOCK ROAD
SMYRNA, DELAWARE 19977

WILMINGTON DE 197
01 MAY 2007 PM 3 T

The Honorable Sue L. Robinson
U.S. District Court
District of Delaware
844 King Street
Wilmington Delaware
19801