## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SHANE K. HOPKINS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )    C.A. No. 05-870-SLR |
| | ) |
| JOHN PUSEY, JOSEPH SMITH, | ) |
| DAVID PIERCE, LISE MERSON, | ) |
| JUDITH MULLEN, DREWRY FENNELL, | ) |
| M. JANE BRADY | ) |
| | ) |
| Defendants. | ) |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S
THIRD REQUEST FOR PRODUCTION OF DOCUMENTS**

Defendants John Pusey and Joseph Smith ("Answering Defendants") hereby respond to Plaintiff Shane Hopkins Third Request for Production of Documents (D.I. 78):

**GENERAL OBJECTIONS**

1. Defendants object to the Request for Production to the extent that it seeks information or documents protected from disclosure by the attorney-client privilege, the work product doctrine, or any other applicable privilege.

2. Defendants object to the Request for Production to the extent that it purports to require supplementation of these responses beyond that required by Federal Rule of Civil Procedure 26(e).

3. Defendants object to the Request for Production to the extent that it purports to place duties upon them not set forth in, or contemplated by, the Federal Rules of Civil Procedure.

4. Defendants object to the Request for Production to the extent that

it purports to seek information or documents not in their possession, custody or control.

5. Defendants object to the Request for Production to the extent that it seeks the production of documents equally available to Plaintiff or Plaintiff's counsel. Such documents will be identified by Defendants, but will not be produced.

6. Defendants object to the Request for Production to the extent that it purports to require production of information or documents which are impractical or unduly burdensome to reproduce.

7. Defendants object to the Request for Production to the extent that it seeks the production of documents generated by or received from counsel for Defendants in connection with this litigation on or after the date of the acceptance of representation on the grounds that such documents are protected by attorney-client and work product privileges.

**RESPONSES**

Subject to, and without waiver of the foregoing General Objections and those set forth in Defendants' Responses, Defendants respond, after a reasonable search, and subject to supplementation, as follows:

1. Any and all Policies, Directives, or Instructions to staff concerning the use of force by D.O.C. staff.

**Response:**

Defendants object on the grounds that this Request seeks information on prison policies and procedures that is protected from disclosure by 11 *Del. C.* § 4322.

2. Any and all Policies, Directives or Instructions to staff concerning the use of chemical agents e.g. cap stun by D.O.C. Staff.

**Response:**

Defendants object on the grounds that this Request seeks information on prison policies and procedures that is protected from disclosure by 11 *Del. C.* § 4322.

3. A complete record of any and all disciplinary action reports filed against C/O Pusey and C/O Joe Smith.

**Response:**

Defendants object on the grounds that this Request seeks information not relevant to the allegations in the Complaint and not reasonably calculated to lead to the discovery of admissible. Defendants further object that this Request is overly broad, vague and unduly burdensome. By way of further objection, this Interrogatory seek production of confidential information protected from discovery by 11 *Del. C.* § 4322 and 29 *Del. C.* § 10001.

4. An accounting concerning the amount of training C/O John Pusey and Joe Smith received in the application of force upon inmates at D.O.C.

**Response:**

As a part of their eight week training course, officers receive basic defense training along with the use of force module training. All officers receive a yearly refresher course in quick response team training that covers the use of force module.

5. Medical and Mental Health Files of the Plaintiff Shane K. Hopkins while incarcerated with the Delaware Department of Corrections.

**Response:**

Defendants object that this Request is overbroad and unduly burdensome. Defendants further object that this Request seeks information beyond the applicable

statute of limitations for Plaintiff's claims. Without waiving said objections, Defendants refer Plaintiff to documents produced herewith and bate stamped D00001- D00313.

6.    Classification files of the Plaintiff Shane K. Hopkins while incarcerated within the Delaware Department of Corrections.

**Response:**

Defendants object that this Request is overbroad, vague and unduly burdensome. Defendants further object that this Request seeks information beyond the applicable statute of limitations for Plaintiff's claims. By way of further objection, this Request is not relevant to the allegations in Plaintiff's Complaint and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving said objections, Defendants refer Plaintiff to documents produced herewith and Bate stamped D00314-D00393.

7.    Any and all Grievances, Complaints, or other documents received by the Defendants or their agents concerning the mistreatment of inmates by defendants C/Os John Pusey and Joe Smith and any Memoranda, Investigative Files, or other documents created in response to such documents that have not already been produced.

**Response:**

Defendants object to the phrase "mistreatment of inmates". Defendants object that this Request if vague, overly broad, and unduly burdensome. Defendants further object that this Request seeks information not relevant to the allegations in the Complaint and not reasonably calculated to lead to the discovery of admissible evidence. Defendants further object that this Interrogatory seeks production of confidential information protected from discovery by 11 *Del. C.* § 4322 and 29 *Del. C.* § 1001.

4

8. Any and all written statements from witnesses that the defense has within their possession concerning the November 26, 2004 incident described within the complaint of Plaintiff Shane K. Hopkins.

**Response:**

Defendants object that this Interrogatory seeks production of information protected from discovery by the attorney-client privilege and the work product doctrine. Without waiving said objections, Defendants refer to Plaintiff to documents previously produced in response to letter (m) of Plaintiff's First Request for Production of Documents.

        STATE OF DELAWARE
        DEPARTMENT OF JUSTICE

        /s/ Stacey Xarhoulakos
        Stacey Xarhoulakos (ID #4667)
        Deputy Attorney General
        820 North French Street, 6th Floor
        Wilmington, DE 19801
        (302) 577-8400

Dated: May 8, 2007        *Attorney for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on May 8, 2007, I electronically filed D*efendants' Response to Plaintiff's Third Request for Production of Documents* with the Clerk of Court using CM/ECF. I hereby certify that on May 8, 2007, I have mailed by United States Postal Service, the document to the following non-registered participants:

Shane Hopkins
SBI # 253918
Delaware Correctional Center
1181 Paddock Road
Smyrna, DE 19977

/s/ Stacey Xarhoulakos
Deputy Attorney General
Department of Justice
820 N. French St., 6th Floor
Wilmington, DE 19801
(302) 577-8400
stacey.xarhoulakos@state.de.us