IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SHANE K. HOPKINS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 05-870-SLR |
| | ) | |
| JOHN PUSEY, JOSEPH SMITH, | ) | Jury Trial Demanded |
| DAVID PIERCE, LISE MERSON, | ) | |
| JUDITH MULLEN, DREWRY FENNELL, | ) | |
| M. JANE BRADY | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS' RESPONSE IN OPPOSITION TO MOTION TO AMEND THE COMPLAINT

COME NOW, defendants Pusey and Smith ("Defendants") by and through undersigned counsel and hereby oppose Plaintiff's "Motion to Amend the Above Numbered Complaint Pursuant to Rule 15(c) of the Federal Rules of Civil Procedure." (D.I. 85). In support of their position, Defendants state the following:

1. On December 15, 2005, Shane Hopkins ("Plaintiff"), an inmate incarcerated at the Delaware Correctional Center ("DCC"), commenced this action by filing a Complaint pursuant to 42 *U.S.C.* § 1983 with leave to proceed *in forma pauperis* against the above-captioned defendants. (D.I. 1, 2).

2. On May 26, 2006, defendants Pusey and Smith answered the complaint and defendants Pierce, Merson, and Brady filed a motion to dismiss for failure to state a claim. (D.I. 26, 28). On June 5, 2006, the ACLU defendants also filed a motion to dismiss. (D.I. 29). On February 27, 2007, the Court granted the motions to dismiss, effectively narrowing the case to defendants Pusey and Smith. (D.I. 74).

3. A scheduling order in this matter was originally entered on June 19, 2006.

(D.I. 33). The Order required that discovery be completed by October 16, 2006. The discovery deadline has since been extended twice; once at the request of Defendants and once at the request of Plaintiff. (D.I. 49, 75). The current scheduling order requires completion of discovery by May 14, 2007. Dispositive motions are due on June 14, 2007. (D.I. 75).

    4.    On May 8, 2007, one week prior to the discovery cut-off date, Plaintiff filed a Motion to Amend his Complaint. (D.I. 85). Plaintiff seeks to add five additional defendants to the action. Plaintiff claims they were not named in the original complaint because he was unaware of their presence due to the capfoam in his eyes. Plaintiff also states that he "learned of their names on November 16. Ten days prior to the expiration of the deadline to file an [sic] timely amended complaint." (D.I. 85 at ¶ 5). Plaintiff does not provide any indication what claims he would bring against the defendants he seeks to add. It also appears that Plaintiff is attempting to add a sixth additional defendant in the form of a due process claim against Lt. Savage stemming from a disciplinary hearing. (D.I. 85 at ¶ 9).

    5.    Federal Rule of Civil Procedure 15(a) states that a party may amend his pleadings after the responsive pleading has been served "only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." A court should deny a Plaintiff's leave to amend where the Plaintiff is "guilty of undue delay, bad faith, dilatory motive, prejudice, or his or her amended claims are futile." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997).

    6.    Federal Rule of Civil Procedure 15(c) outlines the requirements for relation back of amendments to a complaint. "Where the effort is to add new parties,

courts apply subparagraph (3), and inquire whether the defendants (A) received such notice that they will not be prejudiced in maintaining a defense on the merits and, (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought with the original claims." *Nelson v. County of Allegheny*, 60 F.3d 1010, 1014 (3d Cir. 1995).

7. Because Defendants are opposed to Plaintiff's request to amend, Rule 15(a) requires that Plaintiff have permission of the Court to amend his complaint. Plaintiff must also satisfy the relation back requirements of Rule 15(c) because claims against the parties he seeks to add are barred by the applicable two-year statute of limitations. Plaintiff's motion to amend should be denied because it is untimely, the result of undue delay, and futile. Further, Plaintiff has not and can not satisfy Rule 15(c) and his claims are time-barred.

8. Plaintiff's motion to amend is untimely and Plaintiff is guilty of undue delay. Plaintiff alleges in his motion that he was not aware of these named individuals until he received the discovery responses from Defendants. Plaintiff received discovery responses from Defendants in November of 2006. (D.I. 51-52, 58-59). Plaintiff readily admits in his motion that he has known the names of these individuals at least since November of 2006. (D.I. 85 at ¶ 6). Despite this admission, Plaintiff waited until one week remained until the third scheduled discovery cut-off date to request to amend his Complaint to add the additional defendants, without specifying what claims he is attempting to bring against them.

9. Amending the Complaint to add the parties that Plaintiff lists would be futile. The crux of Plaintiff's Complaint alleges excessive force stemming from an

3

altercation between Plaintiff and Officers Pusey and Smith. Plaintiff states in his motion that the additional named officers were "present and took part in the November 26th 2004 incident" and that he has discovered this from documents produced by defendants in November of 2006. (D.I. 85 at ¶ 1, 2). The discovery documents produced by defendants do not indicate that the named officers were present for or took part in the altercation at all. The documents only indicate that these officers were working on the tier at the time of the incident. (D.I. 59). Other than Sgt. Outen, the names of these officers are not even included in the incident reports of either Officers Pusey or Smith or the shift commander, Michael McCreanor. (*See* Attachments to D.I. 51). Nor did any other officer file an incident report.

    10.    Plaintiff's claims are time-barred and do not satisfy the relation back requirements. The officers that Plaintiff now seeks to add do not have the requisite notice or knowledge required under Rule 15(c). As previously discussed, the Complaint accounts an altercation between Officers Pusey and Smith to form the basis of Plaintiff's allegations. A review of both Plaintiff's Complaint and Plaintiff's response to Defendants' Interrogatories (D.I. 62) – notably filed after Plaintiff received documents from Defendants – does not reveal any specific allegations against any other correctional officers. Nor has there been any evidence produced to suggest that these named officers were present for the altercation.[1] The mere presence of the officers on the tier on the date of the incident does not impute them with notice or knowledge that Plaintiff's original claims would have been brought against them if not for mistaken identity.

    11.    Further, Plaintiff misrepresents to the court that he did not know any of the

---

[1] With the exception of Sgt. Outen who reported to assist Officers Pusey and Smith after the altercation was underway as indicated in the produced documents.

4

names of the defendants he now seeks to add until he received discovery documents from defendants in November of 2006. In fact, Plaintiff's Complaint filed in December of 2005, includes a document titled as an affidavit and marked as Exhibit "B". (D.I. 1). In the document, Plaintiff specifically discusses Officer Baker as being present on the tier on the date of the incident when Officer Baker told him to pack his property and move to a new cell. (*See* Complaint, Exhibit B. at p.1). Plaintiff, at the very least, knew that Officer Baker was working on the tier. Despite this, he did not name Officer Baker as a defendant. Nor does Plaintiff, in the body of his Complaint, make any specific claims against Officer Baker, only against the originally named defendants.

12.   Plaintiff's attempt to add a due process claim against Lt. Savage stemming from a disciplinary hearing on December 9, 2004 is barred by the two-year statute of limitations. Federal Rule 15(c)(2) allows an amendment of a pleading to relate back to the date of the original pleading when the claim arose out of the "conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading."

13.   The only relationship the proposed due process claim has with the allegations in Plaintiff's Complaint is that Plaintiff was disciplined as a result of the altercation that occurred on November 26, 2004. The due process allegation has no other bearing on the allegations in the Complaint. It is separated in time, it involves different parties, and it addresses substantively different issues than the excessive force and related claims contained in the original complaint. The due process claim does not relate back to the complaint and is barred by the statue of limitations. Plaintiff's motion to amend to add a due process claim against Lt. Savage should be denied.

14.   The Court has recently narrowed the case and dismissed five of the named

defendants. (D.I. 73, 74). The parties have reached the end of discovery and opening briefs on dispositive motions are due on June 15, 2007. Should Plaintiff be allowed to add six new defendants and new claims to the action at this juncture of the litigation, this process could continue endlessly. Discovery will have to be extended yet again and the proceedings will be further delayed.

15. Plaintiff's request to amend his Complaint a week before the discovery deadline and one month before dispositive motions are due is the result of undue delay and such an amendment would be futile. Plaintiff's claims against the additional named officers and Plaintiff's due process allegation against Lt. Savage are barred by the statute of limitations. If added at this stage of the litigation, the additional defendants will be prejudiced in maintaining a defense on the merits and the motion to amend should be denied.

16. In the alternative, should the Court grant Plaintiff's request, Defendants request that the discovery cut-off and dispositive motion deadlines be extended at least ninety (90) days.

WHEREFORE, Defendants respectfully request that this Honorable Court deny Plaintiff's "Motion to Amend the Above Numbered Complaint Pursuant to Rule 15(c) of the Federal Rules of Civil Procedure."

**STATE OF DELAWARE**
**DEPARTMENT OF JUSTICE**

/s/ Stacey Xarhoulakos
Stacey Xarhoulakos, 4667
Deputy Attorney General
820 North French Street, 6th Floor
Wilmington, DE 19801

Dated: May 18, 2007

(302) 577-8400
stacey.xarhoulakos@state.de.us
*Attorney for Defendants*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SHANE K. HOPKINS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 05-870-SLR |
| | ) |
| JOHN PUSEY, JOSEPH SMITH, | ) |
| DAVID PIERCE, LISE MERSON, | ) |
| JUDITH MULLEN, DREWRY FENNELL, | ) |
| M. JANE BRADY | ) |
| | ) |
| Defendants. | ) |

**ORDER**

Upon the Plaintiff's *Motion to Amend the Above Numbered Complaint Pursuant to Rule 15(c) of the Federal Rules of Civil Procedure* and Defendants Pusey and Smiths' Response in Opposition to the Motion; and it appearing that good and sufficient notice of Plaintiff's Motion and Defendant's Opposition has been given; and after due deliberation thereon:

**IT IS HEREBY ORDERED** that Plaintiff's *Motion to Amend the Above Numbered Complaint Pursuant to Rule 15(c) of the Federal Rules of Civil Procedure* is **DENIED**.

SO ORDERED this _____ day of _____, 2007.

_____
The Honorable Sue L. Robinson
United States District Court Judge

## CERTIFICATE OF SERVICE

I hereby certify that on May 18, 2007, I electronically filed *Defendants' Response in Opposition to Plaintiff's Motion to Amend* with the Clerk of Court using CM/ECF. I hereby certify that on May 18, 2007, I have mailed by United States Postal Service, the document to the following non-registered participants:

Shane Hopkins
SBI # 253918
Delaware Correctional Center
1181 Paddock Road
Smyrna, DE 19977

/s/ Stacey Xarhoulakos____
Deputy Attorney General
Department of Justice
820 N. French St., 6th Floor
Wilmington, DE 19801
(302) 577-8400
stacey.xarhoulakos@state.de.us