IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

Shane K. Hopkins,
Plaintiff

V.

C/O John Pusey, et al
Defendant

CA No: 05-870-SLR

FILED
MAY 31 2007
RG scanned
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

Comes Now The Plaintiff Shane K. Hopkins Pursuant To Rules 34(b) And 37(A) Of The Federal Rules Of Civil Procedure In Order To Compel The Defendants To Produce Documents Requested On April 1st And 3rd 2007.

1) The Plaintiff Shane K. Hopkins Makes This Declaration Under Penalty Of Perjury (28 U.S.C. 1746 And 18 U.S.C. 1621)

2) On April 1st And 3rd The Plaintiff Served On The Defendants Counsel A Request For Production Of Documents. *See Attached Exhibit #1

3) The Defendants Did Not Respond To This Request Within 30 Days Despite Thier Contention Within The "State Defendants Response In Opposition To Plaintiffs Motion To Issue Subpeonas", Dated April 26th 2007 Paragraph #3 Stating "Plaintiff Has Filed Several

Requests on Defendants to which they have responded or are in the process of responding".

4) Within this Request for Production of Documents the Plaintiff Requested:

A) Any and all Policies, Directives, or Instructions to Staff concerning the Use of Force by D.O.C. Staff.

B) Any and all Policies, Directives or Instructions to Staff concerning the Use of Chemical Agents E.g. Cap Stun By D.O.C. Staff.

C) A Complete Record of Any and All Disciplinary Action Reports Filed Against C/o John Pusey and C/o Joe Smith.

5) The Defence objected to the Production of these Documents on May 8th 2007 (5) Days Prior to the Deadline for Discovery within the "Defendants Response to the Plaintiffs Third Request for Production of Documents.

6) The Defence Listed 11 Del. C. § 4322 - 11 Del. C. 10001 and 29 Del. C. § 1001 as the Grounds for Refusing the Production of these Documents.

7) The Plaintiff, having read the Delaware Codes listed by the Defence as grounds for thier objection will concede that Policy Statements dealing with the Security of the Department of Corrections need not be turned over to incarcerated inmates.

8) However the denial of Institutional Policy Statements that contain specific instructions on the use of force and the use of Chemical Agents to an Pro Se Inmate who intends to prove that several Correctional Officers acted contrary to thier training can seriously hamper the Plaintiffs ability to litigate this matter.

9) The Plaintiff believes that if he had an attorney to represent him that these documents would be produced.

10) The Plaintiff, as an alternative would like to ask this Court to review the requested Policy Statements "In Camera", in order to make a determination if these Policy Statements are relavent. *Please see King v. Conde, 121 F.R.D. 180, 190 (E.D.N.Y. Jun. 15, 1998)

11) If, as the Plaintiff believes, these Policy Statements contain spicific rules on when and how the use of force and the use Chemical Agents may be used the Plaintiff would like to ask this Court to compel the Defence to produce these Policy Statements.

2) The Plaintiff will keep any material provided to Him Confidential and will Refrain from using these Policy Statements for any Purpose other then This Litigation.

Shane Hopkins
Shane K. Hopkins #253914
D.C.C.
1181 Paddock Rd
Smyrna Delaware
19977

Dated: May 28th 2007

ATTACHMENTS Exhibit # 1

In The United States District Court
For The District of Delaware

Shane K. Hopkins
  Plaintiff,
V.                                    C.A. No: 05-870-SLR
C/o John Pusey, et al.,
  Defendants

Comes Now Plaintiff Shane K. Hopkins Third
Request For Production of Documents
_____

1) Any and All Policies, Directives, or Instructions to Staff Concerning The Use of Force By D.O.C. Staff.

2) Any and All Policies, Directives or Instructions to Staff Concerning The Use of Chemical Agents E.G. Cap Stun By D.O.C. Staff.

3) A Complete Record of Any and All Disciplinary Action Reports Filed Against C/o John Pusey And C/o Joe Smith.

4) An Accounting Concerning The Amount of Training C/o John Pusey And Joe Smith Recieved In The Application of Force Apon Inmates At D.O.C.

5) Medical and Mental Health Files of The Plaintiff Shane K. Hopkins While Incarcerated Within The Delaware Department of Corrections.

6) Classification Files of The Plaintiff Shane K. Hopkins While Incarcerated Within The Delaware Department of Corrections

7) Any and All Grievances, Complaints, or other Documents Recieved By The Defendants or Thier Agents Concerning The Mistreatment of Inmates By Defendants c/o's John Pusey and Joe Smith and Any Memoranda, Investigative Files, or other Documents Created In Response To Such Documents That Have Not Already Been Produced.

8) Any and All Written Statements From Witnesses That The Defence Has Within Thier Possession Concerning The November 26th 2004 Incident Described Within The Complaint of Plaintiff Shane K. Hopkins.

Dated: April 1st 2007

*Shane Hopkins*
Shane K. Hopkins
#253918
Delaware Correctional Center
1181 Paddock Rd.
Smyrna Delaware 19977

Stacey Xarhoulakos
Deputy Attorney General
Department of Justice
820 N. French Street 6th Floor
Wilmington Delaware 19801

RE: Discovery In Civil Action No: 05-870-SLR
Shane K. Hopkins V. C/o John Posey, Et al;

Counsel,

I'm writing you concerning documents that I asked the defence to produce within "Plaintiffs First Request For Production of Documents", dated September 13th 2006.

Within your response dated November 3rd 2006 Lisa Barchi noted: That there is a Motion to Dismiss pending regarding defendants Brady, Pierce, and Merson. The documents that I requested from the aforesaid defendants has a direct bearing on the defendants C/o John Posey and C/o Joe Smith.

While the documents that I requested may not be in the direct possession of defendants Pusey and Smith it is my understanding that I might be able to obtain them from your office without having to ask the court to subpoena them from 3rd party locations.

Therefore I'm renewing my requests for the following documents as previously requested 9-13-06.

(1)

H) All Investigative Reports conducted by the Warden's office under Directions of Deputy Warden Pierce in Relationship to Grievance Complaint #9907 for Unnecessary Use of Excessive Force By Two Officers. (See Grievance Complaint Exhibit "A" to Plaintiffs' original Complaint.)

**(Skipped "i")

J) Copy of Policy and Procedures for Assigning Inmates to Double-Bunk Cells. It will be sufficient to just admit whether or not it is the Policy and Practice of D.C.C. to House Two Inmates in a Cell Together whom obviously have a serious conflict with each other. This Admission Shall Include a separate statement whether or not it is the Policy to Separate Two Inmates Once It is known by staff of a ongoing Conflict Between Those Inmates.

K) Copies of Investigations Conducted for Grievance Complaint #9907

L) Rules for Filing A Grievance While In Isolation (i.e. Procedures which Allow Inmates to Obtain Pen, Grievance Forms, Etc., to Construct And Submit A Properly Filed Grievance Within 7-Days)

Also I would Like To Point Out That Within The Response Filed By Your Office To Section (Q) Where

(2)

I requested a list of the names of the inmates housed on the tier with me at the time of this incident.

Your office stated that a search of the records is under way and a list will be made available to plaintiff when it has been compiled.

Then I recieved a reply dated November 16, 2006 stating "If I have the names of some inmates I will be able to see if they were housed on the tier on November 26th 2004."

This statement tells me that such a list can be produced. As I've stated before I don't know the names of many inmates whom were housed on the tier at that time.

Since the majority of the incident for this complaint was commited in plain view of 40 to 48 inmates any one of them is a potential witness.

I do not wish to be difficult. However I doubt that the defence will freely admit that C/o Joe Smith punched me repeatedly in the face while I was not resisting on the ground.

While I have several declarations now, I believe more are needed.

Also with this letter you have recieved another request for production of documents, my 3rd I believe. Once again I don't believe that these documents will be in the direct possession of defendants C/o John Posey or C/o Joe Smith. However I believe that these documents have a direct bearing upon this case.

(3)

IF YOUR OFFICE HAS ANY OBJECTIONS TO THE PRODUCTION OF ANY DOCUMENTS REQUESTED PLEASE BE SPECIFIC WHAT YOUR OBJECTIONS ARE TO EACH REQUEST SO THAT I WILL KNOW HOW TO PROCEED IN ANY FUTURE MOTIONS FILED WITH THE COURTS.

Thank You For Your Time And Help!

Dated April 3rd 2007

Sincerely Yours
Shane Hopkins
SHANE K. HOPKINS
#253918
Delaware Correctional Center
1181 Paddock Rd.
Smyrna, Delaware
19977

XC: File

(4)

## Certificate of Service

I, _Shane K. Hopkins_, hereby certify that I have served a true and correct cop(ies) of the attached: _Motion To Compel Discovery_ _____ upon the following parties/person (s):

TO: _Stacey Xarhoulakos_
_Deputy Attorney General_
_Department of Justice_
_820 N. French St. 6th Floor_
_Wilmington DE 19801_

TO: _____
_____
_____
_____
_____

TO: _____
_____
_____
_____
_____

TO: _____
_____
_____
_____
_____

**BY PLACING SAME IN A SEALED ENVELOPE** and depositing same in the United States Mail at the Delaware Correctional Center, Smyrna, DE 19977.

On this _____ day of _____, 2007

_____



I/M Shane Hopkins
SBI# 253916   UNIT #22
DELAWARE CORRECTIONAL CENTER
1181 PADDOCK ROAD
SMYRNA, DELAWARE 19977

J.M.S.
RAY

Legal Mail
May 29th 2007

Clerk of Courts
United States District Court
844 N. King St. Lockbox #18
Wilmington Delaware
19801-3570