IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SHANE K. HOPKINS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. No. 05-870-SLR |
| ) | |
| JOHN PUSEY, JOSEPH SMITH, ) | Jury Trial Demanded |
| DAVID PIERCE, LISE MERSON, ) | |
| JUDITH MULLEN, DREWRY FENNELL, ) | |
| M. JANE BRADY ) | |
| ) | |
| Defendants. ) | |

## DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINITFF'S MOTION TO COMPEL

COME NOW, defendants Pusey and Smith ("Defendants") by and through undersigned counsel and hereby respond in opposition to Plaintiff's Motion to Compel (D.I. 91). In support of their position, Defendants state the following:

1.   Shane Hopkins ("Plaintiff") misleads the Court by suggesting that Defendants' Response to his discovery requests was untimely. Federal Rule of Civil Procedure 34(b) sets forth the time requirement for responding to Requests for Production of Documents as 30 days from the date of service. Plaintiff's Third Request for Production of Documents was received and date stamped by our office on April 9, 2007. Responses were timely filed and mailed to Plaintiff 30 days later on May 9, 2007. (D.I. 87).

2.   Plaintiff further suggests that Defendants somehow intentionally delayed providing responses because discovery and objections were filed five days before the discovery cut-off date. Responses were filed at this time because they were served by Plaintiff thirty-five days before the discovery cut-off date and not because Defendants

intentionally delayed. To the contrary, Defendants produced almost four hundred pages of discovery material, including medical records and prison records that are difficult to gather in only thirty days. The process requires communication between numerous employees, the copying and transferring of materials between locations, the copying and redacting of the information to prepare for filing, and finally the filing and mailing of the information.

      3.     Pursuant to Rule 34, Defendants either objected to or responded to each and every one of Plaintiff's requests for production. In certain instances when a document was not produced, an appropriate objection was entered by Defendants. Defendants also responded to Plaintiff's letter dated April 3, 2007 and attached to his motion as an exhibit. Plaintiff failed to attach this response and thus it is attached hereto as Exhibit "A".

      3.     With regard to the disciplinary information on Defendants, Defendants objected to the requests as not relevant, overbroad, unduly burdensome, and not narrowly tailored. Federal Rule of Civil Procedure 26(b) requires that the Requests for Production be narrowly tailored to lead to the discovery of admissible evidence and that the request be relevant to the claim or defense of any party. Plaintiff requested "any and all disciplinary action reports filed against C/O John Pusey and C/O Joe Smith." A request for any and all information is extremely broad and does not adequately apprise the Defendants where to look or what to look for and it may lead to the production of documents completely irrelevant to Plaintiff's claims.

      4.     Defendants further objected to release of this information by citing to 11 *Del. C.* § 4322 and 29 *Del. C.* § 10001 as these records would be contained in the

individual personnel file of the officers that are confidential and not included in the definition of a public record contained in 29 *Del. C.* § 10002.

   4. Plaintiff moves to compel the production of Department of Correction policies on the use of excessive force and chemical agents that Defendants objected to producing. Plaintiff acknowledges in his motion that 11 *Del. C.* § 4322 prohibits disclosure of prison policy and procedure information to inmates. This includes procedure information on the use of force and chemical agents. Disclosure of such information would severely jeopardize institutional security, especially when released to an inmate.

   WHEREFORE, Defendants respectfully request that this Honorable Court deny Plaintiff's Motion to Compel.

**STATE OF DELAWARE**
**DEPARTMENT OF JUSTICE**

/s/ Stacey Xarhoulakos
Stacey Xarhoulakos, 4667
Deputy Attorney General
820 North French Street, 6th Floor
Wilmington, DE 19801
(302) 577-8400
stacey.xarhoulakos@state.de.us
*Attorney for Defendants*

Dated: June 11, 2007

3

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SHANE K. HOPKINS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 05-870-SLR |
| | ) |
| JOHN PUSEY, JOSEPH SMITH, | ) |
| DAVID PIERCE, LISE MERSON, | ) |
| JUDITH MULLEN, DREWRY FENNELL, | ) |
| M. JANE BRADY | ) |
| | ) |
| Defendants. | ) |

### ORDER

Upon the Plaintiff's *Motion to Compel* and Defendants Pusey and Smiths' Response in Opposition to the Motion; and it appearing that good and sufficient notice of Plaintiff's Motion and Defendant's Opposition has been given; and after due deliberation thereon:

**IT IS HEREBY ORDERED** that Plaintiff's *Motion to Compel* is **DENIED**.

SO ORDERED this _____ day of _____, 2007.

_____
The Honorable Sue L. Robinson
United States District Court Judge

## CERTIFICATE OF SERVICE

I hereby certify that on June 11, 2007, I electronically filed *Defendants' Response in Opposition to Plaintiff's Motion to Compel* with the Clerk of Court using CM/ECF. I hereby certify that on June 11, 2007, I have mailed by United States Postal Service, the document to the following non-registered participants:

Shane Hopkins
SBI # 253918
Delaware Correctional Center
1181 Paddock Road
Smyrna, DE 19977

/s/ Stacey Xarhoulakos\_\_\_\_
Deputy Attorney General
Department of Justice
820 N. French St., 6th Floor
Wilmington, DE 19801
(302) 577-8400
stacey.xarhoulakos@state.de.us