IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

Shane K. Hopkins,,
    Plaintiff,

V.

C/o John Posey, et al.,
    Defendants

CA No. 05-870-SLR

    Comes Now The Plaintiff Shane K. Hopkins Motion In Support of Permission To Amend His Complaint.

1) The Defence Brought up Several Valid Points Within Thier Response In opposition To Motion To Amend The Complaint.

2) The Plaintiff Would Like To Address These Aspects Prior To The Courts Decision on This Matter.

3) The Plaintiff Requested Permisson To Amend The Complaint In order To Add (6) Additional Defendants, (5) of Which The Plaintiff Contends Were Present And/or Took Part In The November 26th 2004 Incident For Which The Plaintiff Has Filed Complaint.

FILED
JUN 22 2007
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

(1)

4) The Plaintiff requests that the Court takes 15(C) subparagraph (3)(B) into consideration and inquire whether the defendants "knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought with the original claims.

5) It is the Plaintiffs contention that the use of a chemical agent E.g. Capfoam rendered the Plaintiff temporarily blind and incapable of accurately identifying any correctional officer other then C/o John Posey and C/o Joe Smith who were in the process of assaulting the Plaintiff prior to the use of the Capfoam.

6) The Plaintiff has learned of the identity of several correctional officers who where present and/or involved through the processes of discovery and the taking of declarations from inmate witnesses.

7) The Plaintiff has also tried to discern which correctional officers could have reasonably been expected to respond to any disturbance call within Building #22 on November 26th 2004 at the time of the incident.

(2)

8) The Plaintiff is now aware that C/O Glenenise Baker was present and acted with deliberate indifference and failed to intervene when the Plaintiff was being unlawfully beaten. Also "upon information and belief", C/O Glenenise Baker was responsable for striking the Plaintiff in the legs after the Plaintiff had been unnecessarily restrained. After the Plaintiff had been handcuffed, capfoamed and was laying face down on the floor unresisting in a malicious and sadistic action.

9) The Plaintiff is now aware that Sgt Clifton Outten was present and acted with deliberate indifference and failed to intervene when the Plaintiff was being unlawfully beaten. Furthermore Sgt. Clifton Outten's use of Capfoam upon the Plaintiff who was face down and unresisting, while incapable of posing any threat of harm to anyone was a malicious and sadistic action

10) The Plaintiff has discerned that C/O Luisa Skinner and C/O Shane Burwell most likely responded to any disturbance call on November 26th 2004 due to thier proximate location and job assignment for the aforementioned date.

(3)

11) As The Plaintiff Has Pled Within Past Motions And Letters To The Court The Plaintiff Is Unaware If "Initial Disclosures" Apply To This Case. However It Is The Plaintiffs Contention That If They Did The Plaintiff Would Have Learned The Names of Persons "Likely To Have Discoverable Information Relevant To Disputed Facts Alleged With Particularity In The Pleadings".

12) Any Correctional Personell Who The Defence Is Aware of Being Present During The November 26th 2004 Incident Is Likely To Have Discoverable Information If The Defence Is Sure To Use Any Statements They May Provide. Depositions of These Correctional Personell May Be Needed.

13) The Plaintiff Has Asked The Court To Consider Allowing The Plaintiff To Amend The Complaint To Add A Violation of The Plaintiffs Due Process By LT. Savage During His Institutional Disciplinary Hearing.

14) The Defence States Within Thier Opposition To Amend The Complaint. Paragraph #13 "The Only Relationship The Proposed Due Process Claim Has With The Allegations In Plaintiffs Complaint Is That The Plaintiff Was Disciplined As A Result Of The Altercation That Occurred On November 26, 2004.

(4)

15) Federal Rule 15(C)(2) allows an amendment of a pleading to relate back to the date of the original pleading when the claim arose out of the "conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading.

16) Without the "conduct" of the November 26th 2004 incident there would have been no disciplinary hearing.

17) Without the "transaction" between the plaintiff and the defendants on November 26th 2004 there would have been no disciplinary hearing.

18) Without the "occurrence" between the plaintiff and the defendants on November 26th 2004 there would have been no disciplinary hearing.

19) As a result of this due process violation the plaintiff lost his job, good time credit, and spent (18) months within Delaware Correctional Center's Super Max housed with the "worst of the worst," where the plaintiff was subjected to lockdown for all but (3) hours per week, loss of contact visits with family, phone calls and commissary limitations among other significant hardships.

(5)

19) The Plaintiff understands that ultimately the decision to allow the amendmets to the complaint is at the discretion of the court.

20) The Plaintiff may not fully understand the Federal Rules of Civil Proceedure. Any requests that are made by the Plaintiff are done following his own interpretation of often confusing legal jargon. As always the Plaintiff requests the courts patience for his lack of knowledge.

Dated: 6-16-07

Shane Hopkins
Shane K. Hopkins #253918
Delaware Correctional Center
1181 Paddock Rd
Smyrna Delaware
19977

## Certificate of Service

I, Shane K. Hopkins, hereby certify that I have served a true and correct cop(ies) of the attached: Motion In Support of Amending Complaint And Non Opposition To Extention upon the following parties/person (s):

TO: Stacey Xarhoulakos
Deputy Attorney General
820 N French St. 6Th Floor
Wilmington Delaware
19801

TO: _____

TO: _____

TO: _____

BY PLACING SAME IN A SEALED ENVELOPE and depositing same in the United States Mail at the Delaware Correctional Center, Smyrna, DE 19977.

On this 20Th day of June, 2007

Shane. Hopkins

I/M SHANE HOPKINS
SBI# 253916  UNIT 22
DELAWARE CORRECTIONAL CENTER
1181 PADDOCK ROAD
SMYRNA, DELAWARE 19977

Legal Mail
Mailed June 19th

[Postage: $00.58, JUN 21 2007, Mailed from ZIP code 19977]
U.S.M.S. X-RAY

Office of The Clerk
United States District Court
844 N. King Street Lockbox #18
Wilmington, Delaware
19801-3570