IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SHANE K. HOPKINS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 05-870-SLR |
| | ) |
| C/O J. PUSEY and C/O J. SMITH, | ) |
| | ) |
| Defendants. | ) |

**ORDER**

At Wilmington this 18th day of July, 2007, having considered plaintiff's motion for subpoenas requiring defendants and six non-defendants to submit to oral depositions and plaintiff's motion for a subpoena to compel production of F.B.I. files and reports, as well as the papers submitted in connection therewith;

IT IS ORDERED that:

1. The court reserves its ruling on plaintiff's motions pending a showing by plaintiff of his financial ability to pay for the costs associated with depositions and subpoenas.[1] (D.I. 80, 86)

2. Although pro se litigants may use any of the discovery methods prescribed in the Federal Rules of Civil Procedure, the court has no authority to finance or pay for a

---

[1] Within plaintiff's motion for oral depositions, he requests that his motion to take depositions by written questions (D.I. 76) be withdrawn. (D.I. 80 at ¶12)

party's discovery expenses. Badman v. Stark, 139 F.R.D. 601, 605 (M.D. Pa. 1991) (§ 1915 does not require the government to advance funds for deposition expenses); Doe v. United States, 112 F.R.D. 183, 184-85 (S.D.N.Y. 1986) (in forma pauperis statute does not require government to advance funds for deposition expenses); Toliver v. Community Action Comm'n to Help the Econ., 613 F. Supp. 1070, 1072 (S.D.N.Y. 1985) (no clear statutory authority for the repayment of discovery costs for pro se in forma pauperis plaintiff); Ronson v. Commissioner of Corr. for State of N.Y., 106 F.R.D. 17, 19 (E.D. Wis. 1975) (28 U.S.C. § 1915 "does not extend to the cost of taking and transcribing a deposition."); Ebenhart v. Power, 309 F. Supp. 660, 661 (S.D.N.Y. 1969) ("Grave doubts exist as to whether Section 1915 authorizes this court to order the appropriation of [g]overnment funds in civil suits to aid private litigants in conducting pre-trial discovery.").

3. Plaintiff also wishes to take the depositions of non-defendants. He cannot do so, however, without issuing subpoenas. An inmate proceeding in forma pauperis in a civil action may not issue subpoenas without paying the required fees. See Pedraza v. Jones, 71 F.3d 194, 196 n.4 (5th Cir. 1995); Fernandez v. Kash N'Karry Food Stores, Inc., 136 F.R.D. 495, 496 (M.D. Fla. 1991) (witness and mileage fees required to be paid by indigent plaintiff.).

4. The taking of depositions would entail stenographic or court reporter expenses which this court is not authorized to pay. It is plaintiff's responsibility to pay for the costs associated with the taking of depositions. Accordingly, plaintiff is given **thirty days** from the date of this order to make a showing that he is able to pay the expenses for the taking of the depositions and subpoenas. Failure to timely respond, or

2

to make an adequate showing, will result in the denial of the motions. (D.I. 80, 86)

                                                          _/s/_____
                                                          United States District Judge