IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

Shane k. Hopkins,

   Plaintiff,

   V.                                              C.A No. 05-870-SLR

C/O John Pusey, Etal.

   Defendant,

Comes Now The Plaintiff Shane K. Hopkins Response To The Defendants Motion For Summary Judgment.

1) The Plaintiff Would Like To Introduce three(3) Statements Given By The Plaintiff Concerning The Event Between Himself And D.C.C. Correctional Officers On November 26, 2004.

2) The First Statement Was Given By The Plaintiff On November 26, 2004. This Statement Was Given By The Plaintiff Within 90 Minutes Of The Actual Event Giving Rise To This Complaint. This Statement Along With Several Photographs Are Signed And Dated By LT. William Yoder. (See Attachments "A")

3) The Second Statement Is A D. C. C. Grievance Filed By The Plaintiff Concerning The Event Between Himself And Correctional Officers On November 26, 2004. ( See Attachment "B" )

4) The Third Statement Is A Sworn Affidavit Given By The Plaintiff Concerning The Event Between Himself And Correctional Officers On November 26, 2004. (See Attachment "C").

5) Each One Of These Statements Depicts A Series Of Actions By The Defendants That Violated The Rights Of The Plaintiff.

6) The Plaintiff Maintains Within The Above Mentioned Statements That On November 26, 2004 C/O John Pusey Pushed The Plaintiff When There Was No Need To Use Force In Violation Of The Plaintiffs Eighth Amendment Rights.(See Johnson v. Anderson, 370, F. Supp 1373, 1389 (D. Del 1974). Holding That When There Is No Threat Force May Not Be Applied. And (See Felix V. Mc Carthy 939, F.2d 699, 701-02 (9th Cir 1991). Holding That Pushing A Prisoner Across A Hallway Into A Wall Violated The Eighth Amendment.

7) The Plaintiff Maintains Within The Above Mentioned Statements That Despite The Defenses Bald Assertions That There Was A Need To Use Force C/O John Pusey And C/O Joe Smith Used Excessive Force In Violation Of The Plaintiffs Eighth Amendment Rights.(See Estate Of Davis By Ostenfeld V. Delo 115, F.3d 1388 (8th Cir 1993) And (See Hickey V. Reeder, 12 F.3d 754, 756, 759 (8th Cir 1993) Holding That There Is No Blank Check To Use Force On A Difficult Prisoner When No Threat Is Present.

8) The Plaintiff Maintains That C/O John Pusey And C/O Joe Smith Choked And Rammed His Head Into Walls Without Justification After The Plaintiff Had Been Handcuffed And Pepper Sprayed With The Intent To Maliciously And Sadistically Cause Harm In Violation Of The Plaintiffs Eighth Amendment Rights. (See Hudson V. McMillian 503 U.S. 112 S.CT 995, 998-99 (1992). Also (See Whitley V. Albers, 475 U.S. 312, 220-21, 106 S.CT 1078 (1986).

9) All Three Statements Allege That The Defendants Used Force Without Justification Prior To The Plaintiff Being Handcuffed And Pepper Sprayed.

10) All Three Statements Maintain That The Defendants Continued To Assault The Plaintiff After He Had Been Restrained And Posed No Threat For The Sole Purpose Of Inflicting Pain In A Manner That Was Wonton And Repugnant To The Conscious Of Mankind.

11) At This Time The Plaintiff Would Like To Introduce Four (4) Declarations Taken From Witnesses Of The November 26, 2004 Assault Against The Plaintiff (See Attachments Section "D"). All Of The Declarations Are Eye Witness Accounts, That When Viewed Along With The Plaintiffs Own Statements Clearly Show That The Defendants Use Of Force Prior To The Plaintiff Being Handcuffed And Pepper Sprayed Was Unjustified, And Then That The Defendants Actions After The Plaintiff Had Been Restrained Were Committed Maliciously And Sadistically For The Sole Purpose Of Causing Harm.

12) The fact That The Defense, Despite Having Possession Of All Three (3) Statements Made By The Plaintiff Since December 12, 2006 Provided Within The Plaintiffs "Production Of Documents And Things" Has Not Acknowledged Within Their Motion For Summary Judgment That The Defendants C/O John Pusey And C/O Joe Smith Continued To Hit, Choke, And Ram The Head Of The Plaintiff Into Walls After The Plaintiff Had Been Fully Restrained In The Plaintiffs Opinion Creates A Significant Genuine Issue That Would Preclude The Defendants Any Entitlement To Summary Judgment.

13) To Date The Defendants Have Only Provided The Court With A D.C.C. Disciplinary Report Along With Non Substantial Statements That Gives Only Generalized Reasons For Their Actions While Listing Bald Assertions Without Any Supporting Facts.

14) The Defendants allege Within The Disciplinary Report (Attachment "E")That The Plaintiff Committed Four Institutional Rule Infractions, (1) assault (2) Disorderly And Threatening Behavior (3) Failing To Obey An Order (4) Possession Of Non Dangerous Contraband.

15) The Defendants Allege Within The Incident Reports From Both Defendants (Attachments "F") Four Institutional Rule Infractions (1) Assault (2) Disorderly And Threatening Behavior (3) Failing To Obey An Order (4) Possession Of Non Dangerous Contraband

15) The Defendants Also Made A Statement Taken By Institutional Shift Commander Capt.Micheal McReanor (Attachment "F").

16) The Defendants Allege Within These Reports To Support Their Claims Of Institutional Rule Infractions That The Plaintiff Pushed C/O John Pusey's Hand And Pushed Past Him. The Plaintiff Denies This Allegation And Maintains That C/O John Pusey Initiated Contact With The Plaintiff. The Plaintiff Further Contends That The Disciplinary Reports Where Fabricated After The Fact In Order To Justify The correctional Officers Actions Once The Plaintiff Had Complained To Prison Officials About The Way These Correctional Officers Had Treated Him.

17) The Defendants Allege Within These Reports To Support Their Claims Of Institutional Rule Infractions That The Plaintiff "Became Agitated" However There Is No Evidence To Support Such An Allegation. The Defendants Have Not Made Any Allegations That The Plaintiff Raised His Voice Or Made Any Derogatory Statements Directed Toward Correctional Officers. Furthermore The Defendants Did Not Offer Any Explanation For How The Plaintiff Appeared Agitated.

18) The Defendants Allege And The Plaintiff Denies That He Resisted Attempts To Restrain Him. The Defendants Failed To Provide Any Descriptions Of Said Resistance. There Is No Accusations That The Plaintiff Hit, Kicked, Spit On, Scratched Or In Any Way Acted In A Manner That Posed A Threat And The Fact That No Correctional Officer Received Any Injuries Supports The Plaintiffs Contentions.

19) The Plaintiff Contends That He Cooperated With These Officers Throughout The Move From One Cell To Another And That He Was Never Ordered To "Lock In" Or "Cuff Up" Once The Officers Perceived That There Might Be A Problem, Thereby Mitigating The Situation. The Defendants Have Made No Allegations That The Plaintiff Disobeyed Any Order To Submit To Restraints.

20) The Plaintiff Was Found Guilty Of A D.C.C. Disciplinary Infraction At An Institutional Hearing Where He Was Denied Due Process. The Plaintiff Was Denied The Chance To Call Witnesses On His Behalf, And The Chance To Be Represented Despite A Clear Request To Do So (See Attachment "G").

21) The Resulting Finding Of Disciplinary Officer LT. Savage Simply States That He Finds That "Per Report And Confrontation Inmate Found Guilty". A Rubber Stamped Approval Of The Correctional Officers Actions Without Any Considerations For The Plaintiffs Right To Be Heard In A Fair And Meaningful Way. Furthermore The Hearing Officer Allowed The Proceedings To Degenerate Into A Forum To Humiliate And Intimidate The Plaintiff For Which The Plaintiff Filed A Grievance That Was Summarily Dismissed.

22) This Court Has Held That An Inmates Testimony May Be "Corroborated In Important Part By The Physical Condition Afterwards" Davidson V. Dixon, 386, F.Supp 482, 486 (D. Del 1974) Aff,d 529 F. 2d 511 (3Rd Cir 1975) (table).

23) At This Time The Plaintiff Would Like To Introduce The Medical Report Taken By Nurse Betty Bryant (See Attachment "H") And Referring To Attachment "A" The Pictures Taken By LT. William Yoder.

23) There Are Several Discrepancies Between The Medical Report Given By Nurse Betty Bryant And The Plaintiffs Physical Condition Within The Photographs. Nurse Betty Bryant Failed To Report That The Plaintiffs Right Eye Was Swollen And Bruised Despite The Fact That That It Was A Very Prominent Injury Visible Even Within The Grainy Photocopies That The Plaintiff Has Attached To This Motion. Also The Plaintiff Sustained Several Lumps And Abrasions Under His Hairline. Nurse Betty Bryant Chose To Omit Injuries From Her Report.

24) Therefore The Plaintiff Would Submit That An Objective View Of The Evidence Provided By The Plaintiff Shows That The Defendants Used Excessive Force Against A Non Threatening Inmate.

25) Therefore The Plaintiff Would Submit That He Has Made A Sufficient Showing Of Evidence That Would Preclude The Defendants From Receiving Summary Judgment And Enable A Jury To Find In His Favor. (See P.A. Coal Ass'n V. Babbitt, 63 F.3d 231, 236 (3Rd Cir 1995). The Court Will View The Underlying Facts And All Reasonable Inferences There from In The Light Most Favorable To The Party Opposing The Motion.

26) The Plaintiff Contends That He Has Made Every Effort To Exhaust Administrative Remedies.

27) The First Statement Taken By LT. William Yoder On November 26, 2004 (See Attachment "A") Was Done After The Plaintiff Had Made Repeated Complaints To Prison Officials About The Way C/O John Pusey And C/O Joe Smith Had Treated Him.

28) Immediately After The Plaintiff Was Seen By The Nurse The Plaintiff Made Several Requests For Grievances Before LT. William Yoder Took The Aforementioned Statement From Him. This Statement Was Taken In Lieu Of An Intuitional Grievance And Should Have Put The D.C.C. Administration On Notice That There Was A Complaint Being Lodged Against Several Correctional Officers For Their Conduct During The November 26, 2004 Incident.

28) After The Plaintiff Gave This Statement He Was Taken To D.C.C. Isolation Where No One Is Permitted Any Writing Materials And Was Incapable Of Filing A Grievance Within The Institutionally Regulated Deadline Of Seven Days.

29) The Defense Has Provided The Court With D.C.C. Rules Which Stipulate That Inmates Within Isolation Are Permitted To Have Writing Materials For The Purpose Of Allowing Inmates To File Grievances. This Rule Is Not Followed.

30) At This Time The Plaintiff Would Like To Introduce Four Declarations Taken From D.D.C. Inmates Who Have Spent Time Within Isolation (See Attachment Section "I"). These Declarations Along With A Fifth Declaration From The Plaintiff Show That It Is Common Practice And Policy To Deny Any Form Of Writing Materials To Inmates Within Isolation. In Addition The Plaintiffs Declaration Relates That Several Officers Whom Are Responsible For The Overseeing Of Isolation Within C-Building As Of September 26Th, And 27Th, 2007 Made Statements Upon Questioning That No One Is Allowed Grievances Or Writing Materials At Any Time While In Isolation.

31) The Plaintiff Filed A Grievance Once He Was Released From Isolation And Clearly Stated The Reason Why The Grievance Was Being Filed Past The Seven Day Deadline (See Attachment "B").

32) This Grievance Was Summarily Dismissed For Being Filed Past The Seven Day Deadline And In Addition The Issue Was Deemed "Non-Grievable".

33) D.C.C. Grievance Hearing Officer Lise Merson Failed To Provide The Plaintiff With Appeal Forms And Was Subsequently Named And Dismissed As A Defendant Within This Complaint.

34) After Being Labeled As Non "Grievable" And Being Denied Appeal Forms The Plaintiff Fails To See How He Could Exhaust Administrative Remedies Within The Grievance Forum.

35) However At The Very Top Of The Grievance Filed By The Plaintiff There Is A Notation From Deputy Warden David E. Pierce A Previously Named, And Now Dismissed Defendant Directing Major Holman To "Assign A Supervisor To Investigate" Into The Plaintiffs Allegations Contained Within The Grievance.

36) The Plaintiff Followed Up The Deputy Wardens Order To Investigate The Grievance With Several Letters In An Attempt To Address The Issue Administratively. The Deputy Warden Replied To These Letters Up Until June 2, 2005 Where He Determined That The Issues Were Rendered "Non-Grievable. Therefore This Matter Is Closed".(See Attachment Section "J").

37) At This Time The Plaintiff Felt That He Had Exhausted All Available Administrative Remedies And He Began To Contact Agencies Outside Of The Department Of Corrections To Address The Issue Such As Attorney M. Jane Brady, U.S. Attorney Colm F. Connolly, And The A.C.L.U. Director Drewery Nash Fennell.

38) The Defense Has Also Made An Issue Within Their Motion For Summary Judgment That The Grievance Was Dated For December 17, 2004 But That It Was Not Date Stamped As Received Until December 20, 2004.

39) Grievances Are Placed Within A Locked Box, These boxes Are Periodically Emptied. The Plaintiff Placed The Grievance In The Box On Time And Is Not Responsible For When The Boxes Are Emptied. However The Plaintiff Believes That The Discrepancies Between The Date Filed And The Date Received Caused By The Grievance Being Placed In The Box On Friday And Then Taken Out On Monday.

40) The Intent Of The P.L.R.A. Is Meant To Prevent Frivolous Litigation From Reaching The District Courts. But It Appears To The Plaintiff That The Department Of Corrections Is Instituting Measures That Are Designed To Hamper And Forestall Access To The Court Because It Is In Their Interests Not To Adhere To Procedures That Would Allow Exhaustion Of Administrative Remedies Thereby Allowing Complaints To Be Lodged Against Them.

41) The Defense Has Raised The Issue Of A Fourth Amendment Claim Against Officer John Pusey And Joe Smith Within The Plaintiffs Complaint. The Plaintiff Himself Was Not The Original Author Of The Actual Complaint Because Of His Lack Of Knowledge With Regard To Civil Law. However The Plaintiff Believes That The Intent Of This Fourth Amendment Claim Stems From The Fact That, After Being Handcuffed The Plaintiff Was Essentially Within Pretrial Detention.

42) The Defense Has Raised The Issue Of A Fifth Amendment Claim Being Lodged Against Officers John Pusey And Joe Smith. C/O John Pusey Was Present During An Institutional Disciplinary Hearing At Which The Plaintiff Was Denied Due Process. At This Hearing The Plaintiff Was Denied The Opportunity To Call Witnesses To Testify On His Behalf And The Opportunity to Be Represented By Counsel (See Attachment "G"). Currently Before This Court Is A Motion To Amend The Complaint Where The Plaintiff Would Address This Due Process Claim In A More Comprehensive Fashion. The plaintiff Has Asked This Court To Allow The Institutional Hearing Officer To Be Added As A Defendant To This Amended Complaint.

43) The Defense Has Raised The Issue That Under The Eleventh Amendment The Defendants Cannot Be Held Liable In Their "Official Capacities". The Plaintiff Has Not Asked This Court To Hold The Defendants Liable In Their Official Capacities Any Where Within His Complaint. The Plaintiff Has Lodged This Compliant Against The Defendants In Their "Individual Capacities" As Is Clearly Stated Within The Complaint On Pages (12) At Paragraph (22) – (13) At Paragraph (25) – (14) At Paragraph (27)-(15) At Paragraphs (28) And (29). Therefore The Plaintiff Believes That This Issue Is Moot.

44) In Conclusion The Plaintiff Would Like State That He Has Pursued This Litigation With Limited Knowledge Of The Law And As Always The Plaintiff Prays That This Court Will Hold Him To A Less Stringent Standard. For The Reasons Stated Within This Motion The Plaintiff Requests That This Honorable Court Deny The Defendants Motion For Summary Judgment.

Shane K. Hopkins #253918
D.C.C.
1181 Paddock Rd.
Smyrna Delaware
19977

Dated October 19, 2007

## Certificate of Service

I, Shane K. Hopkins, hereby certify that I have served a true And correct cop(ies) of the attached: Response to Defendants Motion for Summary Judgement upon the following parties/person (s):

TO: Stacey Xarhoulakos
Deputy Attorney General
820 N. French St 6th Floor
Wilmington Delaware
19801

TO: _____

TO: _____

TO: _____

BY PLACING SAME IN A SEALED ENVELOPE, and depositing same in the United States Mail at the Delaware Correctional Center, Smyrna, DE 19977.

On this 19th day of October ,200__

Shane Hopkins