IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SHANE K. HOPKINS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. No. 05-870-SLR |
| ) | |
| JOHN PUSEY, JOSEPH SMITH, ) | Jury Trial Demanded |
| DAVID PIERCE, LISE MERSON, ) | |
| JUDITH MULLEN, DREWRY FENNELL, ) | |
| M. JANE BRADY ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS' REPLY
IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT**

<u>MEMORANDUM</u>

1. Defendants' filed a motion for summary judgment and a supporting memorandum of points and authorities on September 20, 2007. (D.I. 101, 102). Per Local Rules, Plaintiff's Response was due by October 9, 2007. Plaintiff filed an Answering Brief in Opposition to Defendant's Motion on October 23, 2007. (D.I. 103).[1]

2. The Court shall grant a motion for summary judgment if "there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

3. The bulk of Plaintiff's Answering Brief contains factual allegations which are disputed by Defendants and thus not appropriate for a determination on summary judgment. Plaintiff spends little time addressing the legal arguments made by Defendants in their Motion for Summary Judgment. To the extent that he does, Defendants Reply as set forth below.

---

[1] Plaintiff did not contact counsel to request an extension for filing a response, nor did the Court order an enlargement of time for Plaintiff to file a response.

I. **Plaintiff Cannot Establish a Fourth Amendment Claim Against Officer Pusey or Officer Smith.**

As to Defendants' arguments that they are entitled to summary judgment on Plaintiff's Fourth Amendment claims, Plaintiff states that he believes because he was handcuffed, he was "Essentially Within Pretrial Detention". (D.I. 103, at par. 41). Plaintiff is a convicted felon serving a 16 year sentence. He pled guilty and was convicted for his crimes on March 7, 1995. (Exhibit A – Hopkins' Offender Status Sheet). He is not a pretrial detainee, but a sentenced inmate and has been for 12 years. Plaintiff has no legal basis for his Fourth Amendment claims against Defendant Pusey or Smith and Defendants are entitled to summary judgment.

II. **Plaintiff Cannot Establish a Fifth Amendment Claim Against Officer Pusey or Officer Smith.**

Plaintiff's Complaint does not contain any Fifth Amendment due process allegations against Defendant Pusey or Smith. Plaintiff alleges he is attempting to amend his Complaint to add a due process claim against a disciplinary hearing officer and that Defendant Pusey was present for this hearing. (D.I. 103, par. 42).

These claims are not a part of Plaintiff's Complaint. Plaintiff's Complaint has not been amended and Defendants have filed a response in opposition to Plaintiff's motion to amend. (D.I. 90). Regardless, Plaintiff seeks to amend to add a due process claim against Lt. Savage, and not Defendant Pusey or Smith.

Even if a due process claim had been sufficiently alleged against Defendant Pusey or Smith, Plaintiff has not established personal involvement by either Defendant in the deprivation of a constitutionally guaranteed liberty or property interest. There is no legal

basis or any evidence to support a Fifth Amendment claim against Defendant Pusey or Smith and summary judgment should be granted.

### III. Plaintiff's Claims are Barred by the Prison Litigation Reform Act, 42 U.S.C 1997(e).

Congress requires a prisoner to exhaust administrative remedies before filing a § 1983 action with respect to prison conditions. 42 *U.S.C*. § 1997e(a). The Third Circuit has adopted a procedural default interpretation of §1997e(a) which includes instances where an inmate's time for filing a grievance has expired. *Pusey v. Belanger*, 2004 WL 2075472, at *2 (D.Del.)(Exhibit "D" to D.I. 102). An inmate is required to follow the grievance process through every appellate step in order to properly exhaust administrative remedies. *Spruill v. Gillis*, 372 F.3d 218, 230 (3d Cir. 2004).

In response to Defendants' failure to exhaust argument and supporting evidence, Plaintiff argues that he was not allowed to write a grievance while held in isolation. Even viewing the facts in favor of Plaintiff, Hopkins' argument fails. He alleges in his Complaint that he filed his grievance "once [he] was released from isolation confinement." (Complaint, p. 2). It is undisputed that Plaintiff was released from isolation and returned to general population on December 10, 2004. (Exhibit "D" to D.I. 102 – Little Affidavit). Yet, Plaintiff did not file his grievance until, at best, December 17, 2004, or one week after his removal from isolation. Even assuming *arguendo* that Plaintiff was unable to file his grievance while in isolation, he should have filed it upon his return to the general population and not waited until December 17, 2004 to file the grievance.

Plaintiff failed to timely exhaust and failed to follow the grievance process through every appellate step as required by law. Thus, Plaintiff's claims are barred by

3

the PLRA's exhaustion requirement, and Defendants are entitled to judgment as a matter of law.

### IV. Under the Eleventh Amendment, Defendants Cannot Be Held Liable In Their Official Capacities.

Plaintiff states that he "Has Not Asked This Court To Hold The Defendants Liable In Their Official Capacities". (D.I. 103, par. 43). Thus, to the extent that any official capacity claims may exist on the record, Defendants request that the record be clarified accordingly.

### Conclusion

For the above stated reasons, Defendants respectfully request that this Honorable Court grant their motion for summary judgment and dismiss Plaintiff's claims against them with prejudice.

**DEPARTMENT OF JUSTICE**
**STATE OF DELAWARE**

*/s/ Stacey Xarhoulakos*
Stacey Xarhoulakos (#4667)
Deputy Attorney General
Department of Justice
820 N. French Street, 6th Floor
Wilmington, DE  19801
(302) 577-8400
*Attorney for Defendants*

Dated: November 05, 2007

4

**CERTIFICATE OF SERVICE**

I hereby certify that on November 05, 2007, I electronically filed *Defendants' Reply in Support of their Motion for Summary Judgment* with the Clerk of Court using CM/ECF. I hereby certify that on November 05, 2007, I have mailed by United States Postal Service, the document to the following non-registered party: Shane Hopkins

/s/ Stacey Xarhoulakos
Stacey Xarhoulakos, I.D. No. 4667
Deputy Attorney General
Department of Justice
Carvel State Office Building
820 North French Street, 6th Floor
Wilmington, DE 19801
(302) 577-8400
stacey.xarhoulakos@state.de.us
*Attorney for Defendants*